UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MELISSA HIGNELL,** | CIVIL ACTION NO. |
| **WHITE SPIDER RENTAL** | |
| **CONCIERGE, LLC.,** | SEC. |
| **GARETT MAJOUE,** | |
| **RUSSELL FRANK,** | JUDGE |
| **SAMANTHA and BOB MCRANEY,** | |
| **and JIMMIE TAYLOR** | MAGISTRATE |
| Plaintiffs | |
| versus | |
| The CITY OF NEW ORLEANS | |
| Defendant | |

---

**COMPLAINT**

The Complaint of Plaintiffs, **Melissa Hignell; White Spider Rental Concierge LLC; Garett Majou; Russel Frank; Samantha and Bob McRaney; and Jimmie Taylor** respectfully represents as follows.

I.

**JURISDICTION AND VENUE**

1.

Plaintiffs bring this action asserting violations by defendant, the City of New Orleans, of the Commerce Clause (Art. 1, §8, cl. 3) as well as the First, Fourth, Fifth and Eighth Amendments incorporated by the Fourteenth Amendment to the United States Constitution, and pursuant to the provisions of 42 U.S.C. 1983 and 1988. Plaintiffs seek relief under the

provisions of the Declaratory Judgment Act, 28 U.S.C. 2201, and 28 U.S.C. 2202, as well as 42 U.S.C. 1983 and 42 U.S.C. 1988.

2.

This Honorable Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. 1331 (federal question). Venue is proper in the Eastern District of Louisiana under 28 U.S.C. 1391 because defendant, the City of New Orleans, is subject to personal jurisdiction in this district, and because a substantial part of the events giving rise to Plaintiffs' claims occurred and continue to occur in this district.

II.

**PARTIES**

3.

Plaintiff, **Melissa Hignell**, is a person of the age of majority, a citizen of Portland, Oregon, and a resident of both New Orleans, Louisiana and Portland, Oregon. **Hignell** owns a home located at 814 Alvar Street in the Bywater neighborhood of New Orleans, Louisiana.

4.

Plaintiff, **White Spider LLC**, is a limited liability company doing business in several cities nationwide, including New Orleans, Louisiana, providing services to short term rental owners in connection with short term rental of their houses and apartments.

5.

Plaintiff, **Garett Majou**, is a person of the age of majority, and a citizen of New Orleans, Louisiana. **Majou** owns a home on Soniat Street in New Orleans, Louisiana.

6.

Plaintiffs, Bob and Samantha McRaney are citizens of New Orleans, Louisiana, and own a home on Royal Street in the French Quarter of New Orleans, which they have owned for more than twenty years.

7.

Plaintiff, Jimmie Taylor, is a citizen of New Orleans, Louisiana, and a long-time member of the United States armed services, who owns homes on St. Anthony Street and on Barracks Street in New Orleans, Louisiana.

8.

Defendant, **the City of New Orleans**, is a political subdivision of the State of Louisiana and a municipal corporation organized under the laws of the State of Louisiana and the Home Rule Charter of the City of New Orleans, subject to the jurisdiction and venue of this Court. At all times relevant hereto the City acted in its official capacity as a municipality chartered under the laws of the State of Louisiana.

III.

FACTUAL ALLEGATIONS

9.

In December, 2016, the Council of the City of New Orleans (the Council or City Council) adopted a series of ordinances amending the City's Comprehensive Zoning Ordinance (CZO) and City Code to authorize, define and regulate various categories of "short term rentals." The CZO defines short term rentals ("STR"s) as rental of all or a portion of a residential dwelling unit for a period of less than thirty consecutive days. CZO Art.26.2; City Code Art. XI, Sec. 26-613, *et seq*. **The ordinances went into effect April 1, 2017**, superceding City Code Article 54:491.1, which purported to govern offers to rent property for less than thirty days in New Orleans. In **August,**

**2019**, the City enacted amendments to the Code and CZO governing short term rentals, which are scheduled to take effect **December 1, 2019.**

10.

The April, 2017 amendments to the CZO defined sub-categories of short term rentals. An "Accessory" short term rental is defined as one that is owner-occupied–either a single house or double–hosting no more than six guests in no more than three bedrooms. A "Temporary" short term rental is a residential dwelling unit, that need not be owner occupied, in which the entire unit, but no more than 5 bedrooms, may be rented, for no more than 90 days per year. Among other arbitrary provisions, the CZO provides that no more than two guests may occupy a bedroom in any short term rental, regardless of the size of the bedroom and its furnishings–thereby criminalizing, for example, a couple who allow their infant or child to sleep in the room with them, as happens routinely in hotels. CZO Art.21.8.C.14.b (revised by subsequent enactments as alleged below).

11.

The CZO requires short term rentals to be licensed. CZO Art.21.8.C.14.a (revised by subsequent enactments as alleged below). The City Code provides a laundry list of licensing requirements, procedures, prohibitions, and restrictions. Art.XI, Sec.26-613 *et seq*. Among them, the Code requires that license-holders who advertise on internet "hosting platforms" such as Airbnb and HomeAway, shall *only* advertise their homes as permitted by their STR license. These internet platforms, and others, host rental listings for more than thirty days, that are not defined as STRs, but the Code prohibits Plaintiffs and others from advertising on them without a license from the City and compliance with its other STR regulations. The Code prohibits Plaintiffs from truthfully advertising the number of bedrooms in their homes if there are more

than are allowed in the City's arbitrary licensing scheme, and Plaintiffs may not advertise the number of persons that are allowed to occupy the bedrooms under the building code adopted by the City, according to their size, furnishings, and the ingress and egress they provide, but must advertise as required by the City's STR regulations.

12.

The Code further provides that anyone advertising their home for rent on an internet platform must include their current license number in the listing; and must post their license *on the front of their home*, clearly visible from the street, including their name, contact information, how many bedrooms are licensed in the home, and how many of the homeowner's guests may be present there. Ch.XI, Sec. 26-615. Paradoxically, the CZO also provides that short term rentals "shall appear outwardly to be a residential dwelling" and "shall not adversely affect the residential quality of the neighborhood" despite the requirement that STR licenses be posted, clearly visible, on the fronts of homes in residential neighborhoods. The City has charged and fined Plaintiffs thousands of dollars, including Ms. Hignell, for alleged violations of this provision.

13.

The facts described in Paragraphs 11 and 12, above, comprise both prior restraint and content-based restrictions of Plaintiffs' online speech, as well as compelling Plaintiffs to post speech on the fronts of their homes that they do not wish to post, in violation of the **First Amendment of the United States Constitution**, incorporated by the **Fourteenth Amendment**. The provisions deny Plaintiffs equal protection of the laws, in that persons renting their homes for 29 days must comply with the City's STR regulations, while those renting for 31 days need not comply.

**14.**

The City Code requires internet platforms such as Airbnb and HomeAway to disclose non-public information about their users and listings, from their private business records, on a regular, monthly, recurring basis, without subpoena or the opportunity for neutral pre-compliance review**,** Ch. 26, Art XI, §26-620, in violation of Plaintiffs' rights under the **Fourth Amendment of the United States Constitution,** incorporated by the **Fourteenth Amendment**, to be secure in their houses, papers, and effects from unreasonable searches and seizures**.** This information includes Plaintiffs' permit type for each listing, the total number of nights Plaintiffs' listings were rented during the month, the number of nights they are booked for rental during the remainder of the calendar year, and the amount of tax collected and remitted to the City. Even though the regulations say that disclosure of personally identifiable information is not required, that information can be deduced from the data that *is* required; and can be obtained by the City, or others, by other means, without Plaintiffs' consent.

**15.**

The City Code prohibits use of short term rentals for "social events" without defining that term, thereby prohibiting homeowners and their guests from having family gatherings or private dinner gatherings or parties of any kind in their homes. This violates Plaintiffs' and others' rights to free association under the **First Amendment to the United States Constitution, incorporated by the Fourteenth Amendment.** The ordinance prohibiting social events in STRs is **unconstitutionally vague.** Employees of the City have, without notice, accosted and questioned guests of Plaintiffs in this action, including Ms. Hignell's, in their homes, without Plaintiffs' consent, and without subpoena, in violation of the **Fourth Amendment,** incorporated by the **Fourteenth Amendment to the United States Constitution.**

**16.**

The City Code and CZO entirely prohibit residents of the French Quarter in New Orleans from hosting short term rental guests in their homes, and from advertising their homes for rent on internet platforms such as Airbnb and HomeAway, for any length of time. Plaintiffs, Samantha and Bob McCraney, have owned a home in the French Quarter for more than twenty years, and have a homestead exemption for the home. The McCraneys occasionally offer short stays in their French Quarter home to charitable organizations, to auction at their fundraisers, at no cost to the charities and for no remuneration to the McCraneys. The City has charged the McCraneys with violations of its STR regulations and has fined them thousands of dollars, in violation of their rights to due process and equal protection, and in violation of the **First** and **Fourth Amendments,** incorporated by the **Fourteenth Amendment, to the United States Constitution.**

**17.**

In response to the City's much-publicized offer, and requirement, that short term rentals be licensed, many homeowners and individual investors, small businesses, and retirees, including Plaintiffs in this action, invested significant sums of money and time in the purchase and improvement of homes–including formerly blighted properties–for which they obtained STR licenses from the City after the April, 2017 amendments to the Code and CZO. Plaintiffs, and many others, then listed their homes for rent on internet platforms such as Airbnb and HomeAway, depending on the income from the rentals to pay for their investments, and in some cases, as a significant portion of their livelihoods. Plaintiffs also relied on renewal of their licenses under the same terms as they were issued, as the City's STR regulations provided.

**18.**

On May 24, 2018, approximately a year after the City authorized short term rentals, and after many individuals and small businesses had invested significantly in buying, renovating, refurbishing, and furnishing homes relying on those enactments, the City Council effected a legislative smash-and-grab: by **Motion M-18-195**, the Council enacted an amendment to CZO Article 19, thereby establishing an Interim Zoning District (IZD) that covers most of New Orleans. Under the the IZD enactment, all Temporary category licenses are prohibited (comprising 51% of the total granted, according to the City's data). Accessory licenses are allowed only for primary residences whose residents have a homestead exemption. The IZD is in effect for nine months, with two 180 day extensions allowed under CZO Article 19.3.B.3.

**19.**

The provisions of the IZD enactment prohibiting STR licenses for homes that are not the owners' primary residence, evidenced by a homestead exemption, and the same provisions in revisions to the City Code effective December 1, 2019, comprise violations of the dormant **Commerce Clause, Art. 1, Sec. 8, Clause 3, of the United States Constitution.**

**20.**

The April, 2017 amendments to the Code provide that STR licenses shall be valid for one year and that renewal permits *shall* be issued in the same manner as initial permits. Plaintiffs reasonably relied on renewal of their STR permits in making their investments in their STR homes. However, since the IZD enactment in May, 2018, **the City has revoked more than 3000 short term rental licenses previously granted to homeowners**, including licenses granted to Plaintiffs in this action, without cause and without due process, in an arbitrary and capricious

manner, threatening the livelihoods of many, including Plaintiffs. The City's taking of Plaintiffs' licenses violates Plaintiffs' rights to due process and equal protection, **and violates the takings clause of the Fifth Amendment,** incorporated by the **Fourteenth Amendment to the United States Constitution.**

**21**.

The Code specifies penalties and a non-exclusive list of violations in Chapter 26, Art. XI § 26-618, stating that any violation of that Article, or correlating provisions of the CZO, may subject a violator to "any remedy, legal or equitable, available to the city." Violations include advertising or renting one's home for less than thirty days on an online platform without a license, or outside the scope of what the STR regulations say is permitted by its various provisions, regardless of the length of time of the advertised rental. Penalties include daily fines, property liens, **discontinuance of electric service to the home**, and other penalties provided by the CZO.

**22.**

The "correlating provisions" of the CZO provide, at Art.1.6.B, that persons found guilty of violating its provisions "may be found guilty of a misdemeanor punishable either by a fine, the minimum and maximum amounts as established in the Louisiana Revised Statutes, or not more than one-hundred fifty (150) days imprisonment, or both, or be held liable for a code violation as provided by Article II, Chapter 6 of the Code of the City of New Orleans, punishable by a fine or any other lawful measure(s) ordered by a hearing officer, **for each and every day that such violation continues**, and the correction of a violation does not restrain imposition of these penalties."

23.

The City has discontinued electric service to homeowners with STR licenses, and has threatened Plaintiffs and others with imminent discontinuance of electric service to their homes. Discontinuance of electric service leaves no remaining use to residential homes and rental homes; and threatens destruction of the home due to the growth of mold without ventilation, and disabling of hard-wired smoke and fire detectors, which also comprises a threat to public health. The City's actual discontinuance of electric service to homeowners and imminent threats to do so comprise violations of the takings clause of the Fifth Amendment, incorporated by the Fourteenth Amendment to the United States Constitution, because there is no remaining use left to a residential property without electric service.

24

The discontinuance of electric service provided for by the City's Code and CZO, which the City has enforced and threatens imminently to enforce against Plaintiffs and their homes, and the destruction threatened, is vastly disproportionate to the conduct penalized thereby, in violation of the Eighth Amendment, incorporated by the Fourteenth Amendment to the United States Constitution. This penalty has also been enforced by the City selectively, and without hearing before a neutral decision-maker, thereby denying Plaintiffs due process and equal protection, in violation of 42 U.S.C. 1983.

25.

The Statutes referred to in Paragraph 22, above, limit penalties for municipal violations to $500 per violation or six months in jail or both. However, in an

arbitrary and capricious manner, and without due process, the City "stacks" multiple violations upon a single one–such as alleging that a license is expired or revoking the license, then charging Plaintiffs, and others, with multiple violations of other Code provisions requiring a valid STR license, then fining Plaintiffs and others thousands of dollars for the alleged violations. The City does so without a hearing before a neutral decision-maker, using the fines assessed to support its operations.

26.

The City's STR enforcement division within its Department of Safety and Permits finances its operations with fines assessed against homeowners for alleged STR violations. The same City enforcement division alleges violations, investigates them, charges homeowners, conducts hearings adverse to homeowners, renders judgments against the homeowners, assess fines against them, and then uses the fines to support their operations and pay their employees. The City thus has an incentive to assess and increase fines against homeowners; and has an obvious conflict of interest in using the fines it has assessed to support its operations and pay its employees and contractors. This procedure has denied, and continues to deny, Plaintiffs and others due process and equal protection in violation of 42 U.S.C. 1983. The City has alleged violations against Plaintiffs, and assessed thousands of dollars in fines against them without due process in this manner, and has selectively enforced its regulations against Plaintiffs in violation of 42 U.S.C. 1983.

27.

The fines and penalties described in the preceding Paragraphs, and the revocation of Plaintiffs' STR licenses in an arbitrary and capricious manner, are disproportionate to the inconsequential (or non-existent) STR violations they purport to punish, in violation of Plaintiffs' rights to due process, equal protection, and in violation of the Eighth Amendment, incorporated by the Fourteenth Amendment to the United States Constitution.

IV.

<u>REVISIONS TO THE CITY CODE and CZO EFFECTIVE DECEMBER 1, 2019</u>

28.

On August 8, 2019, the City Council passed, and the Mayor of New Orleans later signed, ordinances re-enacting and revising the City's Code and CZO regulations pertaining to STRs. These ordinances are numbered 28,156 M.C.S. and 28, 157 M.C.S. (referred to herein as the "Revised STR Ordinances"). The Revised STR Ordinances take effect December 1, 2019.

29.

The Revised STR Ordinances re-define categories of STR licenses, and prohibit any homeowner who is not a permanent resident of New Orleans from renting any home or part thereof for less than thirty days; and prohibit homeowners from advertising any home for rent on an online platform such as Airbnb or HomeAway, unless they have a homestead exemption for the home. Homeowners may only obtain one homestead exemption for a home they own that is their permanent residence. This provision of the Revised STR Ordinances violates the

dormant Commerce Clause, Art. 1, Sec. 8, Clause 3, of the United States Constitution, and the First Amendment incorporated by the Fourteenth Amendment to the United States Constitution by restricting out-of-state homeowners, including Plaintiffs, from conducting short-term rental business allowed to in-state residents for their primary residence; and by prohibiting out-of-state residents from advertising their New Orleans homes for rent online.

30.

The Revised STR Ordinances effect a taking of the residential rental homes of both New Orleans residents and out-of-state residents, including Plaintiffs in this action, by prohibiting them from renting any home that is not their permanent residence, for which they have a homestead exemption, for less than thirty days, in violation of the takings clause of the Fifth Amendment, incorporated by the Fourteenth Amendment to the United States Constitution. Homeowners, including Plaintiffs, who wish to use their homes for themselves or their families for part of the year, and rent it at other times, are prohibited from doing so, in violation of their property rights under the Fifth Amendment.

31.

The penalty provisions of the Revised STR Ordinances provide for discontinuance of electric service to Plaintiffs' homes, as described in Paragraphs 23 and 24, above; and for revocation of STR licenses after only one of various inconsequential offenses; and for steep fines; all of which are disproportionate to the conduct they penalize, in violation of the Eighth Amendment, incorporated by the Fourteenth Amendment to the United States Constitution. The penalty providing

for revocation of STR licenses after a single offense, which is not adjudicated by a neutral decision-maker, also comprises a taking of Plaintiffs' STR license without due process and in violation of the takings clause of the Fifth Amendment to the United States Constitution, incorporated by the Fourteenth Amendment.

32.

The Revised STR Ordinances provide for investigation, adjudication, assessment, and collection, of steep fines by the same City STR agency that will use the fines to support its operations and pay its employees, as described in Paragraph 26, above. This procedure denies homeowners due process and equal protection, in violation of 42 U.S.C 1983.

33.

The Revised STR Ordinances provide for, and require, the disclosures, prior restraints, content-based restrictions, and compelled speech, described in Paragraphs 12 and 14, above, in violation of the First and Fourth Amendments, incorporated by the Fourteenth Amendment to the United States Constitution.

34.

The Revised STR Ordinances prohibit the use of short term rentals for "social events" without defining that term, thereby prohibiting homeowners and their guests from having family gatherings or private dinner gatherings or parties of any kind in their homes. This violates Plaintiffs' and others' rights to free association under the First Amendment to the United States Constitution, incorporated by the Fourteenth Amendment. The ordinance prohibiting social events in STRs is unconstitutionally vague.

35.

The Revised STR Ordinances provide for City employees to enter Plaintiffs' and other homeowners' homes without their consent, in their absence, and without sufficient cause as determined by a neutral fact-finder, in violation of Plaintiffs' rights to be secure in their homes against unreasonable searches and seizures, in violation of the Fourth Amendment, incorporated by the Fourteenth Amendment to the United States Constitution.

36

The Revised STR Ordinances effect a taking of the STR licenses of more than 3000 STR license-holders whose licenses have not been renewed and are not eligible for renewal under the Revised Ordinances, contrary to Plaintiffs' and others' reasonable, investment-backed expectations, in violation of the takings clause of the Fifth Amendment, incorporated by the Fourteenth Amendment to the United States Constitution

WHEREFORE, on the basis of the foregoing, Plaintiff respectfully requests the following:

(1) A preliminary injunction barring Defendant, the City, and its officers, agents, agents, affiliates, subsidiaries, servants, employees, successors, and all other persons or entities in active concert or privity or participation with it, from enforcing the ordinances referred to herein, including those scheduled to take effect December 1, 2019;

(2) After due proceedings, a permanent injunction barring Defendant, the City, and the persons and entities listed in the preceding paragraph from enforcing

the ordinances challenged herein;

(3) A declaratory judgment that the City's and the Council's actions, policies, and procedures, embodied in the ordinances referred to herein, are an unconstitutional violation of the dormant Commerce Clause, Art.1, Sec.8, Cl. 3; as and violate the First, Fourth, Fifth and Eighth Amendments to the United States Constitution, incorporated by the Fourteenth Amendment; and violate the provisions of 42 U.S.C. 1983.

(4) Reasonable attorney' fees, expenses and costs under 42 U.S.C. 1988 and any other applicable law; .

(5) Any further relief that the Court deems necssary and proper, and all general and equitable relief to which Plaintiffs may be entitled.

Respectfully submitted,

/s/ Dawn Adams Wheelahan
Dawn Adams Wheelahan
Trial Counsel
La. Bar No. 19263
1616 Valmont Street
New Orleans, Louisiana 70115
Telephone: 512-689-1153
Email: dwheelahan@gmail.com