UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MELISSA HIGNELL, | / | |
| WHITE SPIDER RENTAL | / | CIVIL ACTION NO. 19-cv-13773 |
| CONCIERGE, LLC., | / | |
| GARETT MAJOUE, | / | SECTION B (1) |
| RUSSELL FRANK, | / | |
| SAMANTHA and BOB MCRANEY, | / | JUDGE: Ivan L. R. Lemelle |
| and JIMMIE TAYLOR | / | |
| Plaintiffs | / | MAG: Janis Van Meerveld |
| | / | |
| versus | / | |
| | / | |
| The CITY OF NEW ORLEANS | / | |
| Defendant | / | |
| | / | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### CITY OF NEW ORLEANS' MEMORANDUM ON PLAINTIFFS' FREE SPEECH CLAIMS

Defendant the City of New Orleans (the "City") respectfully submits this Memorandum on the Free Speech Clause of the First Amendment, pursuant to the August 7, 2020 Order of this Court [R. Doc. 70]. Specifically, this Court ordered the parties to "submit memoranda on the viability of plaintiffs' online speech claims brought under the Free Speech Clause of the First Amendment, relative to prior restraint and content-based restrictions. *Id*.

As the City will show, Plaintiffs' Free Speech claims are without merit. Despite Plaintiffs' allegations, the City's short term rental ordinances at issue are content-neutral and do not implicate prior restraint or content-based speech doctrines. The City will show that the First Amendment permits the City's regulation of Plaintiffs' commercial advertising because it only incidentally burdens speech; the First Amendment does not afford any protection to commercial speech that proposes an illegal transaction; and the First Amendment permits regulations that require disclosure of purely factual and uncontroversial information about the terms under which business

1

services are available. Accordingly, this Court should deny Plaintiffs' Free Speech claims, which are the only claims remaining in this litigation. Therefore, this Court should also dismiss Plaintiffs' lawsuit with prejudice.

## LEGAL CLAIMS

Plaintiffs allege that the City's 2019 short term rental ordinance (the "STR Ordinance") prohibits them from advertising their short term rentals online without a license or truthfully advertising the number of guest bedrooms and total occupancy in their homes.[1] Plaintiffs further allege that the STR Ordinance requires that they post their license numbers on online advertisements and on business permits displayed outside their homes.[2] Plaintiffs claim that these regulations amount to "prior restraint and content-based restrictions of Plaintiffs' online speech, as well as compelling Plaintiffs to post speech on the fronts of their homes that they do not wish to post," violating the Free Speech Clause of the First Amendment.[3]

## LAW AND ARGUMENT

Despite Plaintiffs claims that the STR Ordinance represents prior restraint and content-based restrictions of Plaintiffs' online speech, Plaintiffs allegations do not implicate those doctrines. As described below, the STR Ordinance is content neutral. In addition, the prior restraint of conduct that only incidentally impacts commercial speech is not prohibited, nor is the prior restraint of commercial speech that proposes an illegal transaction, which the government is permitted to ban in its entirety. It is also constitutionally permissible to require the disclosure of factual and uncontroversial information in advertising to prevent consumer confusion and deception.

---

[1]   *See* R. Doc. 1, at ¶ 11.
[2]   *See* R. Doc. 1, at ¶ 12.
[3]   *See* R. Doc. 1, at ¶ 13.

I. **The STR Ordinance Does Not Regulate Speech Based on its Content.**

The STR Ordinance is not a content-based regulation of Plaintiffs' online speech. A law is a content-based if it regulates speech based on the topic discussed or the idea expressed, or if it draws distinctions based on the message conveyed, its subject matter, function, or purpose.[4] The STR Ordinance at issue here does not differentially regulate speech based on topics, ideas, the type of message conveyed, or the expressive content of Plaintiffs' online short term rental advertisements. The STR Ordinance merely requires Plaintiffs to advertise short term rentals within the parameters of their permits, and to disclose basic truthful information regarding those permits to potential renters and the public at large. Because the STR Ordinance is content-neutral, constitutional restrictions on content-based regulations are not applicable in this case.

II. **The Regulation of Conduct that Only Has Incidental Impacts on Commercial Speech Does Not Implicate the First Amendment.**

The STR Ordinance primarily regulates commercial conduct and only incidentally affects commercial speech through minimal advertising disclosure requirements. Commercial speech that does not contain expressive content receives reduced protection under Supreme Court jurisprudence. In *Central Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of New York*, the Supreme Court noted "the commonsense distinction between speech proposing a commercial transaction, which occurs in an area traditionally subject to government regulation, and other varieties of speech."[5] Put another way, "restrictions on protected expression are distinct from restrictions on economic activity or, more generally, on nonexpressive conduct," and "the First

---

[4] *Reed v. Town of Gilbert, Ariz.*, 576 U.S. 155, 163–64, 135 S. Ct. 2218, 2227, 192 L. Ed. 2d 236 (2015).
[5] *Central Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of New York*, 447 U.S. 577, 562 (1980) (internal citations omitted).

Amendment does not prevent restrictions directed at commerce or conduct from imposing incidental burdens on speech."[6] Accordingly, the Constitution "accords a lesser protection to commercial speech than to other constitutionally guaranteed expression. The protection available for particular commercial expression turns on the nature both of the expression and of the governmental interests served by its regulation."[7]

In this case, Plaintiffs' online short term rental listings propose business transactions and do not contain any *expressive* elements.[8] Plaintiffs have not shown how the STR Ordinance regulates the expressive content of their advertisements. On the other hand, the City has a significant interest in requiring Plaintiffs to truthfully advertise their short term rentals. Any impact on Plaintiffs' commercial speech is merely incidental and is not impermissible under the First Amendment under Supreme Court precedent.[9]

### III. The First Amendment Offers No Protection for Commercial Speech that Proposes an Illegal Transaction.

Plaintiffs claim that the STR Ordinance's requirement that online listings include the number of guest rooms and maximum total occupancy as indicated on their short term rental permit constitute prior restraint is misplaced.[10] For commercial speech to be protected by the First

---

[6] *Sorrell v. IMS Health Inc.*, 564 U.S. 552, 567, 131 S.Ct. 2653, 180 L.Ed.2d 544 (2011).

[7] *Id*. at 562–63.

[8] *See Airbnb, Inc. v. City & Cty. of San Francisco*, 217 F. Supp. 3d 1066, 1076 (N.D. Cal. 2016) ("A Booking Service as defined and targeted by the Ordinance is a business transaction to secure a rental, not conduct with a significant expressive element." (quoting *Int'l Franchise Ass'n, Inc. v. City of Seattle*, 803 F. 3d 389, 408 (9th Cir. 2015))).

[9] *Id*. ("[T]he Ordinance here enacts 'restrictions directed at commerce or conduct,' namely the booking of rentals for unregistered units. To the limited extent the Ordinance might be said to affect speech, the impact or burden is purely incidental. . . . [T]he First Amendment is 'not implicated' at all. (quoting *Sorrell*, 564 U.S. at 567 and *Arcara v. Cloud Books, Inc*., 478 U.S. 697, 707 (1986))).

[10] *See* R. Doc. 1, at ¶ 11. The regulations at issue are codified at New Orleans City Code Sec. 26-618(a)(3)(d)–(e); *available at* https://library.municode.com/la/new_orleans/codes/code_of_ordinances.

4

Amendment, it must concern *legal* activity and not be misleading.[11] In this case, the STR Ordinance's "prior restraint" of Plaintiffs' commercial speech is permissible, because commercial speech that proposes an illegal transaction may be banned by the government entirely.[12]

Plaintiffs seek to advertise their short term rentals with room and guest capacities that exceed what is allowed by their permits, or with no permit at all.[13] However, this Court has already upheld the legality of the guest room and total maximum occupancy provisions in the STR Ordinance.[14] Therefore, advertising a short term rental that exceeds the number of guest rooms or total occupancy allowed by a permit would constitute proposing an illegal transaction. Disallowing such advertisements that propose illegal transactions is not unconstitutional under the First Amendment.[15]

## IV. The STR Ordinance Does Not Impermissibly Compel Speech.

Finally, Plaintiffs claim that the STR Ordinance's requirements to include short term rental permit numbers in online advertisements and to display a copy of the permit in a location visible

---

[11] *Lamar Outdoor Advert., Inc. v. Mississippi State Tax Comm'n*, 701 F. 2d 314, 320 (5th Cir.), on reh'g sub nom. *Dunagin v. City of Oxford, Miss.*, 718 F. 2d 738 (5th Cir. 1983) (citing *Central Hudson Gas & Electric Corp. v. Public Service Comm'n*, 447 U.S. 557, 566, 100 S.Ct. 2343, 2351, 65 L.Ed.2d 341, 351 (1980)).

[12] *Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc*., 455 U.S. 489, 496, 102 S. Ct. 1186, 1192, 71 L. Ed. 2d 362 (1982) (citing *Central Hudson*, 447 U.S. at 563–564); *see also Lamar Outdoor Advert.*, 718 F. 2d 738. In addition, "[t]he Supreme Court also has suggested that the prohibition against prior restraints may be inapplicable to attempts to regulate misleading commercial speech." (citing *Virginia Pharmacy Board v. Virginia Citizens Consumer Council, Inc.*, 425 U.S. 748, 771–72 n. 24, 96 S.Ct. 1817, 1830–31 n. 24, 48 L.Ed.2d 346, 364 n. 24 (1976))).

[13] *See* R. Doc. 1, at ¶ 11 ("[T]he Code prohibits Plaintiffs from truthfully advertising the number of bedrooms in their homes *if there are more than are allowed in the City's arbitrary licensing scheme*. . . ." (emphasis added)).

[14] *See* R. Doc. 69, at pp. 23–25.

[15] When commercial speech is neither illegal nor misleading, the Supreme Court has held that "a regulation of protected commercial speech is valid only if it directly advances a substantial governmental interest and is not more extensive than necessary to serve that interest." *Lamar Outdoor*, 701 F. 2d at 325 (citing *Central Hudson*, 447 U.S. at 566–67, 100 S.Ct. at 2351–52, 65 L.Ed.2d at 351). In this case, the City has amply demonstrated the substantial governmental interest in accurate short term rental advertisements. *See* R. Doc. 49-1 (2018 Short Term Rental Study), at 46–47 (discussing the large number of citations for short term rentals advertising over their occupancy limits and advertising non-bedrooms as bedrooms to increase occupancy). Requiring such information for potential short term rentals is not more extensive than necessary to serve that interest

to guests and neighbors violate the First Amendment.[16]  However, commercial regulations that do not prescribe "politics, nationalism, religion, or other matters of opinion" and instead only require the disclosure of "purely factual and uncontroversial information" as part of an offer to do business do not violate the First Amendment.[17]

The Supreme Court has held that such disclosure requirements are justified by the value to consumers to "dissipate the possibility of consumer confusion or deception,"[18] as compared to the interest a businessperson has in not providing particular factual information in commercial advertising, which is "minimal."[19]  Because Plaintiffs' interest in marketing their short term rentals in the exact manner they desire is "attenuated,"[20] it does not violate the First Amendment to require Plaintiffs to provide "somewhat more information than they might otherwise be inclined to present."[21]  In addition, because "[t]he right of a commercial speaker not to divulge accurate information regarding his services is not . . . a fundamental right," disclosure requirements do not receive heightened constitutional scrutiny by a reviewing federal court.[22]

In this case, Plaintiffs' interest in omitting their permits numbers from advertisements and refusing to display their short term rental permits is minimal.  Requiring the disclosure of "factual and uncontroversial" information like permit numbers and permit information on advertisements

---

[16]  *See* R. Doc. 1, at ¶¶ 12–13.  The regulations at issue are codified at New Orleans City Code Sec. 26-618(a)(3)(a), 618(a)(5)(a); *available at* https://library.municode.com/la/new_orleans/codes/code_of_ordinances.

[17]  *Zauderer v. Office of Disciplinary Counsel of Supreme Court of Ohio*, 471 U.S. 626, 650–51, 105 S. Ct. 2265, 2281–82, 85 L. Ed. 2d 652 (1985).

[18]  *Id*. at 651 (quoting *In re R.M.J.*, 455 U.S. 191, 201 (1982).

[19]  *Id*. (citing *Virginia Pharmacy Board v. Virginia Citizens Consumer Council, Inc*., 425 U.S. 748, 96 S.Ct. 1817, 48 L.Ed.2d 346 (1976)).

[20]  *Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 496, 102 S. Ct. 1186, 1192, 71 L. Ed. 2d 362 (1982) (citing *Central Hudson*, 447 U.S. at 563–564).

[21]  *Zauderer*, 471 U.S. at 650.

[22]  *Id*. at 651 n.14; *see also Expressions Hair Design v. Schneiderman*, 137 S. Ct. 1144, 1152, 197 L. Ed. 2d 442 (2017) (If, however, a challenged regulation simply requires a commercial speaker to disclose "purely factual and uncontroversial information, courts will apply a more permissive standard of review." (internal quotations and citation omitted)).

and outside the short term rental allows potential guests (and the public at large) to know that the short term rental is properly licensed and operating within its permit, preventing confusion and deception.[23] Therefore, the STR Ordinance's requirement to disclose limited factual information on their advertisements and at the short term rental is constitutionally permissible.

## CONCLUSION

The STR Ordinance is content-neutral and does not represent impermissible prior restraint of expressive speech. Plaintiffs' Free Speech claims are without merit because the First Amendment does not protect commercial conduct that only incidentally burdens commercial speech, does not protect speech that proposes an illegal transaction, and allows requiring the disclosure of factual and uncontroversial business information. Accordingly, this Court should deny Plaintiffs' Free Speech claims. In addition, these claims are the only remaining claims in this litigation. Therefore, this Court should dismiss Plaintiffs' lawsuit with prejudice.

Respectfully submitted,

/s/ *Daniel T. Smith*
**DANIEL T. SMITH, LSB# 36678**
ASSISTANT CITY ATTORNEY
dtsmith@nola.gov
**SHAWN LINDSAY, LSB #28466**
DEPUTY CITY ATTORNEY
**CHURITA J. HANSELL, LSB #25694**
CHIEF DEPUTY CITY ATTORNEY
**DONESIA D. TURNER, LSB #23338**
SR. CHIEF DEPUTY CITY ATTORNEY
**SUNNI J. LEBEOUF, LSB #28633**
CITY ATTORNEY
1300 PERDIDO ST., STE. 5E-03
NEW ORLEANS, LA 70112
TELEPHONE: (504) 658-9800
FACSIMILE: (504) 658-9868

---

[23] Regulations requiring businesses to display commercial licenses at places of business are commonplace and uncontroversial.