**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MELISSA HIGNELL, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-13773** |
| **CITY OF NEW ORLEANS** | **SECTION: "B"(1)** |

## OPINION

This court previously denied plaintiffs' motion for partial summary judgment, Rec. Doc. 35, and granted defendant's motion for summary judgment. Rec. Doc. 48; *see* Rec. Doc. 69 (Order and Reasons). Subsequent to that ruling, the court ordered parties to submit memoranda on the viability of plaintiffs' online speech claims brought under the Free Speech Clause of the First Amendment relative to prior restraint and content-based restrictions.

**I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiffs commenced this action on November 22, 2019 and asserted that the defendant City of New Orleans violated the Commerce Clause as well as the First, Fourth, Fifth, and Eighth Amendments after the city enacted and amended several city Comprehensive Zoning Ordinances ("CZOs") and the City Code regulating short term rentals ("STRs"). Rec. Doc. 1.

The most current CZOs, M.C.S. 28,156 and M.C.S. 28, 157, impose rules and regulations regarding STRs in New Orleans. Notably all STRs must have a permit to operate and the City Code provides several licensing requirements, prohibitions, procedures, and

1

restrictions. Rec. Doc. 1. License-holders who advertise on internet "hosting platforms" must 1) advertise their homes as permitted by their STR license; 2) advertise the number of persons that are allowed to occupy the bedrooms as required by the STR regulations; 3) include their licensing number on the listing and post their license on the front of the home, visible from the street (including their name, contact information, how many bedrooms are licensed in the home, and how many of the homeowner's guests may be present there). *Id.*

Plaintiffs filed a motion for temporary restraining order and/or preliminary injunction, Rec. Doc. 6, to enjoin defendant from enforcing M.C.S. 28,156 and M.C.S. 28,157, but the court denied plaintiffs' relief on December 30, 2019. Rec. Doc. 24 (Minute Order). The parties subsequently filed motions for summary judgment, Rec. Docs. 35, 38, and the court denied plaintiffs' motion for summary judgment of their claims that the ordinances violated their rights under the Fourth, Eighth, and First Amendment's freedom of association and assembly clause, and granted defendant's motion for summary judgment. Rec. Doc. 69. Subsequent to that ruling, the court ordered parties to submit memoranda on the viability of plaintiffs' online speech claims brought under the Free Speech Clause of the First Amendment relative to prior restraint and content-based restrictions. Rec. Doc. 70.

2

**II.   LAW AND ANALYSIS**

The First Amendment prohibits the government from making law prohibiting the free exercise thereof or abridging the freedom of speech. The amendment is written in absolute terms, but the Supreme Court has never accepted the view that the First Amendment prohibits all government regulation of expression.

**A. PRIOR RESTRAINT**

A prior restraint is the government's attempt to censor speech before it is ever uttered and usually used for licensing and injunctions. Prior restraints are not unconstitutional per se but bear a heavy presumption against its constitutional validity. *Se Promotions, Ltd. v. Conrad*, 420 U.S. 546, 558 (1975).

Municipalities have longstanding authority to license activities within their borders, and a licensing requirement must further impede First Amendment interests in order to raise constitutional concerns. *Am. Entertainers, LLC v. City of Rocky Mount*, 888 F.3d 707 (4th Cir. 2018). For a licensing scheme to be permissible, it must serve an important government purpose, have clear, non-discretionary licensing criteria, and there must be procedural protections. *See Watchtower Bible & Tract Soc'y of N.Y., Inc. v. Stratton*, 536 U.S. 150 (2002); *Lakewood v. Plain Dealer Publ'g Co.*, 486 U.S. 750 (1988); *Freedman v. Maryland*, 380 U.S. 51 (1965).

In *Watchtower v. Stratton*, the court looked to precedent and used a balancing test between affected speech and governmental interests to determine whether an ordinance that prevented door-to-door solicitations in the absence of a permit violated the First Amendment. *Watchtower Bible & Tract Soc'y of N.Y., Inc. v. Stratton*, 536 U.S. 150 (2002). The court found that the ordinance was "offensive … to the valued protected by the First Amendment," *id.* at 165-66, because it banned a significant amount of noncommercial speech and that it was not tailored to the stated government interests. *Id.* at 167-68.

The balancing test is unnecessary here because the City of New Orleans Ordinance M.C.S. 28,157, §26-625 lacks clear, non-discretionary licensing criteria and "the mere existence of the licensor's unfettered discretion, coupled with the power of prior restraint, intimidates parties into censoring their own speech, even if the discretion and power are never actually abused." *Lakewood*, 486 U.S. at 756. The Supreme Court explained in *Lakewood* that without express standards for a licensing scheme, courts may have difficulty determining whether the licensor is discriminating against disfavored speech. *See id.* at 758. "Without these guideposts, *post hoc* rationalizations by the licensing official and the use of shifting or illegitimate criteria are far too easy, making it difficult for courts to determine in any particular case

whether the licensor is permitting favorable, and suppressing unfavorable, expression." *Id.* Section 26-625(a) provides:

> The department shall have *discretion* to determine whether an applicant for a permit is eligible, and if the dwelling unit identified in the application *meets the criteria established by law*, and whether a permit should be issued. The department *may decline to issue or renew a permit when it has good cause to do so*. In determining whether "good cause" exists, the department may consider prior violations of this chapter, as well as prior suspensions and revocations. If a permit is not ultimately issued or renewed by the department, an applicant may appeal as provided in section 26-625(b).

(emphasis added). Nothing within Section 26-625(a) provides that such compliance with requirements actually require the City to issue the STR permit.

The department has unfettered discretion to grant or deny a permit based on an applicant's eligibility but provides no guidance as to what makes an applicant eligible or whether the dwelling unit meets the criteria "established by law." Under § 26-617 "Permit and application—Eligibility," the criteria merely include the application process and form material requirements. Rec. Doc. 35-5 at 3. Applicants are required to submit additional documents to the department including a floor plan and evacuation plan, but it is unclear whether the sufficiency of such plans can prevent an applicant from receiving a permit. It is unclear from the STR Ordinance that if an applicant follows the guidelines exactly as written, that the city would grant the applicant's permit. According to plaintiff Russell Frank's affidavit, he applied for

5

a short-term rental permit several times for different homes he owned at the time each had been approved for homestead exemptions. Rec. Doc. 35-6. The City denied his application each time. *Id.* Reasons may exist for denying the permit applications, but as written, the ordinance does not enable this court to determine whether the plaintiff was denied for failing to follow procedures, or for some other impermissible reason.

**Because the City has impermissible discretion in granting and denying STR permits, the plaintiffs' First Amendment claim regarding prior restraints is viable.**

### B. DISCLOSURE REQUIREMENTS

Disclosure requirements must meet exacting scrutiny: the government must show a "substantial relation between the disclosure requirement and a sufficiently important government interest." *John Doe No. 1 v. Reed*, 561 U.S. 186, 196 (2010) (quoting *Citizens United v. Federal Election Com'n*, 558 U.S. 310, 366-67 (2010)) (internal quotations removed). "The strength of the governmental interest must reflect the seriousness of the actual burden on First Amendment Rights." *Id.* (quoting *Davis v. Federal Election Com'n*, 554 U.S. 724, 744 (2008)) (internal quotations removed). However, commercial regulations that do not prescribe "politics, nationalism, religion, or other matters of opinion" and instead only require the disclosure of "purely factual and uncontroversial information" do not receive such heightened

6

scrutiny. *See Zauderer v. Office of Disciplinary Counsel of Supreme Court of Ohio*, 471 U.S. 626, 650-51 (1985).

In *Zauderer*, the Supreme Court held that disclosure requirements such as these "trench much more narrowly on an advertiser's interests" to "dissipate the possibility of consumer confusion or deception." *Zauderer*, 471 U.S. at 651 (quoting *In re R.M.J.*, 455 U.S. 191, 201 (1982)). As long as disclosure requirements are reasonably related to the State's interest in preventing deception of consumers, an advertiser's rights are adequately protected. *Id.* at 652. Moreover, the burden on the businessowner in providing factual information regarding permits is minimal and commonplace because it only requires them to provide "somewhat more information than they might otherwise be inclined to present." *Id*. at 650.

Here, the City has an interest in protecting guests and ensuring properties listed are properly licensed and operating within their permits. Rec. Docs. 73 at 3; 71 at 6-7. By requiring the display of permits outside the short-term rental, guests may easily identify the correct property and the public is informed of whom to contact in case of property-related issues. Rec. Doc. 73 at 3. Further, the required disclosures are already a matter of public record. *Id.* at 4.

**For these reasons, the required disclosures are not unduly burdensome and are reasonably related to the City's interest in**

**preventing deception of consumers. Therefore, the STR Ordinance's requirement for such disclosures is constitutionally permissible.**

New Orleans, Louisiana this 9th day of July, 2021

_____
SENIOR UNITED STATES DISTRICT JUDGE