UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MELISSA HIGNELL, ET AL.**                       **CIVIL ACTION**

**VERSUS**                                         **NO. 19-13773**

**CITY OF NEW ORLEANS**                            **SECTION: "B"(1)**

ORDER AND REASONS

This Court previously denied plaintiffs' motion for partial summary judgment (Rec. Doc. 35) and granted defendant's motion for summary judgment (Rec. Doc. 48) on August 6, 2020. Rec. Doc. 69. Subsequently, this Court denied plaintiffs' First Amendment "compelled speech" claims and ruled in favor of plaintiffs' "prior restraint" claims on July 9, 2021. Rec. Doc. 74. Plaintiffs now seek entry of final judgment under Federal Rule of Civil Procedure 54(b) for all claims, except for their 42 U.S.C. 1988 claims regarding fees and costs. Rec. Doc. 76. For reasons assigned below,

**IT IS ORDERED** that the Motion for Entry of Final Judgment is granted on all claims except the 42 U.S.C. 1988 claims, with jurisdiction retained over §1988 claims.

I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs commenced this action on November 22, 2019, asserting that the defendant, City of New Orleans, violated the Commerce Clause and the First, Fourth, Fifth, and Eighth Amendments by enacting and amending several city Comprehensive Zoning

Ordinances ("CZOs") and by modifying the City Code regulating short term rentals ("STRs"). Rec. Doc. 1.

Plaintiffs filed a motion for temporary restraining order and/or preliminary injunction, Rec. Doc. 6, to enjoin defendant from enforcing M.C.S. 28,156 and M.C.S. 28,157, but the court denied plaintiffs' relief on December 30, 2019. Rec. Doc. 24 (Minute Order). The parties subsequently filed motions for summary judgment. Rec. Docs. 35, 38. The Court denied plaintiffs' motion for summary judgment on claims that the ordinances violated rights under the Fourth, Eighth, and First Amendment's Freedom of Association and Assembly Clause, and granted defendant's motion for summary judgment. Rec. Doc. 69. Subsequently, the Court ordered parties to submit memoranda on the viability of plaintiffs' online speech claims brought under the Free Speech Clause of the First Amendment relative to prior restraint and content-based restrictions. Rec. Doc. 70. On July 9, 2021, the Court denied plaintiffs' First Amendment "compelled speech" claims and found plaintiffs' First Amendment "prior restraint" claims to be viable. Rec. Doc. 74.

II. **LAW AND ANALYSIS**

Under Federal Rule of Civil Procedure 54(b), "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). In

making a determination under Rule 54(b), a district court must first discern whether a final judgment is before it, meaning the judgment is "a decision on a cognizable claim for relief" and is the "ultimate disposition of an individual claim." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980). "It is left to the sound judicial discretion of the district court to determine the appropriate time when each final decision in a multiple claims action is ready for appeal." *Id.* at 8.

Defendant contends that plaintiffs' motion for entry of final judgment was untimely because it was filed more than thirty days after the entry of the relevant order (Rec. Doc. 69). Rec. Doc. 78 at 2. Binding precedent, nevertheless, does not strictly require a motion for entry of final judgment to be filed within thirty days of the pertinent order. *See Williams v. Seidenbach*, 958 F.3d 341 (5th Cir. 2020) (affirming an entry of final judgment filed more than four years after summary judgment had been entered against defendants). A party may file a motion for entry of final judgment when the final decision is ready for appeal. *See Curtiss-Wright*, 446 U.S. at 8. Here, the relevant order (Rec. Doc. 69) was ready for appeal on July 9, 2021 when this Court entered its order regarding plaintiffs' First Amendment "prior restraint" and "compelled speech claims." Thus, plaintiffs' motion for entry of partial final judgment was timely and properly filed.

As this Court previously granted defendant's motion for summary judgment regarding plaintiffs' First Amendment Free Assembly clause, Fourth Amendment, Fifth Amendment, Eighth Amendment, and Commerce Clause claims, and plaintiffs' instant motion was not untimely, there is no just reason to delay them the opportunity to pursue relief at the Fifth Circuit Court of Appeals.

Additionally, defendant did not oppose plaintiffs' motion for entry of final judgment on plaintiffs' Free Speech claims. Rec. Doc. 78 at 3. As the Court decided those claims in its order entered on July 9, 2021 (Rec. Doc. 74), there is also no just reason to delay appeal on these issues. Plaintiffs' 42 U.S.C. 1988 claims regarding attorneys' fees are reserved.

New Orleans, Louisiana this 14th day of September, 2021

_____
SENIOR UNITED STATES DISTRICT JUDGE