# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MELISSA HIGNELL-STARK** <br> **WHITE SPIDER RENTAL** <br> **CONCIERGE, LLC.,** <br> **GARETT MAJOUE,** <br> **RUSSELL FRANK,** <br> **SAMANTHA and BOB MCRANEY,** <br> **and JIMMIE TAYLOR** <br> Plaintiffs | CIVIL ACTION NO. 19-cv-13773 <br><br> SEC. B (1) <br><br> JUDGE: Ivan L.R. Lemelle <br><br> MAG.: Janis Van Meerveld |

**versus**

**The CITY OF NEW ORLEANS**
        Defendant

---

### *PRO SE* MOTION FOR ENTRY OF DECLARATORY JUDGMENT
### and
### PERMANENT INJUNCTION

**NOW INTO COURT**, through undersigned counsel, come Plaintiffs, who respectfully move this Honorable Court to enter judgment as provided for by Fed. R. Civ. P. 58(a) and Fed. R. Civ.P 65(d), granting them declaratory judgment and permanent injunctive relief pursuant to this Court's findings in its Opinion of July 9, 2021 (Doc.74), and its Order of Dismissal and Judgment of September 14, 2021 (Docs. 83, 84), and the subsequent decision and judgment of the Court of Appeals for the Fifth Circuit of August 22, 2022.[1]

Considering the following:

1) This Court, following settled Supreme Court precedent, found that Ordinances M.C.S.

---

[1] *Hignell-Stark v. City of New Orleans*, No. 21-30643 (5th Cir., Aug. 22, 2022), (Rec. Docs.516442087, 516442106, attached).

28,156 and M.C.S. 28,157 comprise unconstitutional prior restraints of homeowners' First Amendment right to free speech, by their requirement that a license be obtained from the City before they may advertise their dwellings in residential districts of New Orleans for rent for less than thirty days, coupled with the Ordinances' further provisions granting the City complete discretion to deny the said license even if all standards for obtaining one are met (Doc. 74); as noted also in the Fifth Circuit's opinion referred to above (Doc.516442087, pp.2, 4, 8, referring to provisions in original versions of the ordinances which are duplicated in the current ones);[2]

(2) This court subsequently entered judgment on its summary judgment rulings (Doc.83, 84), which the City then cross-appealed; and that cross-appeal was dismissed for want of jurisdiction, after full briefing and oral argument, because the court had not yet granted Plaintiffs the relief they sought in their Complaint with respect to this claim[3];

3) Following this court's finding that the City's STR ordinances discriminate against non-resident homeowners,[4] the Fifth Circuit Court of Appeals found that the Ordinances at issue violate the dormant Commerce Clause as well, by their provisions restricting licenses to the primary principal residence of homeowners with homestead exemptions, thereby discriminating against out-of-state homeowners where there are many available alternative methods for enforcing the City's policy goals;

(4) The City has repeatedly admitted, on the record, that there are no material facts in

---

[2] See ordinance M.C.S. 28,157, Sec. 26-625.

[3] *Hignell-Stark v. City of New Orleans*, 5th Cir. No. 21-30643 (Aug. 22, 2022, Doc.516442087).

[4] Rec. Doc. 69, pp. 26-27.

dispute in this matter, which the City is now judicially estopped to deny;[5]

(5) The discriminatory and unconstitutional licensing and advertising provisions of the Ordinances are inextricable from the whole;

Wherefore, for reasons set forth herein and in the attached Memorandum in Support, Plaintiffs respectfully request that the Court

(1)  enter Declaratory Judgment finding City of New Orleans Ordinances M.C.S. 28, 156 and 28,157 unconstitutional due to their licensing and advertising provisions, and other requirements that flow from these provisions; and

2) enter judgment pursuant to Fed. R. Civ. P. 65(d) permanently enjoining Defendant, the City of New Orleans, and its officers, agents, affiliates, subsidiaries, servants, employees, successors, and all other persons in active concert, or privity, or participation with the City, from (1) enforcing the short term rental regulations enacted in M.C.S. 28, 156 and M.C.S. 28, 157; and (2) enacting and enforcing any scheme of regulating short term rentals containing provisions substantially similar to those found unconstitutional by this Court or by the Court of Appeals for the Fifth Circuit in its decision of August 22, 2022 in Appeal No. 21-30643, specifically with respect to advertising and non-resident homeowners; and
(3) enacting and enforcing any ordinance, Interim Zoning District provision, or enactment called by any other name, that prohibits any homeowner, specifically including non-resident homeowners, from renting or advertising their dwelling as current STR license holders are permitted to do, by denying licenses to all homeowners, or by any other means.

---

[5]*Williams v. Seidenbach*, 958 F.3d 341, n.17 (5th Cir. 2020), citing *Jethroe v. Omnova Sols., Inc.* , 412 F.3d 598, 600 (5th Cir.2005).

Respectfully submitted,

/s/ Dawn Adams Wheelahan
Dawn Adams Wheelahan
Trial Counsel
La. Bar No. 19263
1819 Joseph Street
New Orleans, Louisiana 70115
Telephone: 512-689-1153
Email: dwheelahan@gmail.com