UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MELISSA HIGNELL-STARK** | CIVIL ACTION NO. 19-cv-13773 |
| **WHITE SPIDER RENTAL** | |
| **CONCIERGE, LLC.,** | SEC. B (1) |
| **GARETT MAJOUE,** | |
| **RUSSELL FRANK,** | JUDGE: Ivan L.R. Lemelle |
| **SAMANTHA and BOB MCRANEY,** | |
| **and JIMMIE TAYLOR** | MAG.: Janis Van Meerveld |
| Plaintiffs | |
| versus | |
| The CITY OF NEW ORLEANS | |
| Defendant | |

**MEMORANDUM IN SUPPORT
of MOTION FOR DECLARATORY JUDGMENT
AND
PERMANENT INJUNCTION**

**1.  The City's Ordinance Comprises an Unconstitutional Prior Restraint of Homeowners' Protected First Amendment Speech**

Following well-settled Supreme Court precedent[1], this Court correctly held that the City's STR ordinances[2] comprise unconstitutional prior restraints of homeowners' protected speech, by a licensing scheme that requires homeowners to have a license to advertise their homes for rent, and also grants the City unbridled discretion to grant or deny the license, whether or not the requirements set forth in the ordinances have been met.[3]

---

[1] *Lakewood v. Plain Dealer Pub'l Co.*, 486 U.S.750 (1988); *Watchtower Bible & Tract Soc'y of N.Y. v Stratton,* 536 U.S. 150 (2002).

[2] M.C.S. 28,156; M.C.S. 28,157.

[3] Rec.Doc. 74, pp. 3-6; see, M.C.S. 28,157, Sec. 26-617(A), 26-618(B)(1), 26-625.

The Court of Appeals for the Fifth Circuit noted this same impermissible characteristic in a previous City STR ordinance, which the current ordinance duplicates.[4]

**2.   The City's STR Ordinances Discriminate Against Non-Residents in Violation of the Dormant Commerce Clause**

This Court correctly found that the City's STR ordinances discriminate against non-resident homeowners by denying an STR license to any residence that is not the homeowner's "primary principal residence" evidenced by a homestead exemption.[5] The Fifth Circuit further held that this discrimination violates the dormant Commerce Clause, because there are many alternative methods available to enforce the City's policy goals.[6]

**3.   The Fifth Circuit Dismissed the City's Cross-Appeal Because Plaintiffs Had Not Yet Been Awarded the Relief on Their First Amendment Prior Restraint Claim**

The Fifth Circuit found that, despite this Court's entry of final judgment under Rule 54(b), the Court did not have appellate jurisdiction to decide the City's appeal of this Court's ruling in plaintiff's favor on their First Amendment prior restraint claims. The Fifth Circuit held that the district court must be completely finished with the claim, including the awarding of relief, before there could be appellate jurisdiction.[7]

**Wherefore**, this court having previously found that there is no just reason for delay,[8]

---

[4] *Hignell-Stark, et al v. City of New Orleans,* No. 21-30643 (5th Cir., Aug. 8, 2022), pp. 2, 4, 8 (slip op.).

[5] Rec. Doc. 69, pp.26-27.

[6] *Hignell-Stark, et al v. City of New Orleans,* No. 21-30643 (5th Cir., Aug. 8, 2022) (slip op.).

[7] *Id.*

[8] Rec. Docs. 83, 84.

Plaintiffs respectfully suggest that this Court grant them declaratory judgment and injunctive relief pursuant to the judgments of this Court and the Fifth Circuit Court of Appeals in this matter, as suggested in the attached Proposed Order.

                                            Respectfully submitted,

                                            /s/ Dawn Adams Wheelahan
                                            Dawn Adams Wheelahan
                                            Trial Counsel
                                            La. Bar No. 19263
                                            1819 Joseph Street
                                            New Orleans, Louisiana 70115
                                            Telephone: 512-689-1153
                                            Email: dwheelahan@gmail.com