**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**MELISSA HIGNELL, ET AL.**                    **CIVIL ACTION**

**VERSUS**                                     **NO. 19-13773**

**CITY OF NEW ORLEANS**                        **SECTION: "B"(1)**

<u>ORDER AND REASONS</u>

Considering plaintiff's motion for declaratory judgment (Rec. Doc. 111), defendant the City of New Orleans' opposed motion to extend time to respond, or in the alternative, motion for expedited status conference (Rec. Doc. 116), and motion for expedited consideration (Rec. Doc. 117), **IT IS ORDERED** that plaintiff's motion for declaratory judgment (Rec. Doc. 111) is **STAYED** to promote previously directed opportunities for amicable resolution on relief issues. See Rec. Doc. 109.

**IT IS FURTHER ORDERED** that defendant's motion to extend time to respond, or in the alternative, motion for expedited status conference (Rec. Doc. 116) and motion for expedited consideration (Rec. Doc. 117) are **DISMISSED as moot, without prejudice**. Deadlines set forth in the Minute Entry at record document 109 shall remain intact.

Shortly after a recent conference with all parties' counsel, plaintiff's counsel filed the subject motion for declaratory judgment (Rec. Doc. 111). As we stated during the conference, the Fifth Circuit clearly found that the city ordinance at issue

1

treated non-residents unfairly in violation of the dormant Commerce Clause. *Hignell-Stark v. City of New Orleans*, 46 F.4th 317, 325 (5th Cir. 2022).

After input at the conference from all counsel, the undersigned directed parties to negotiate in good faith an amicable resolution on relief issues in accordance with the Circuit's opinion noted above and this court's prior opinion that was affirmed, in part, by the Circuit.

The surprise filing of a formal motion to achieve the latter directive is not an act of good faith compliance with that directive. The Fifth Circuit has clarified: "Our conclusion that the residency requirement is discriminatory puts it on death's doorstep." *Id.* at 328. As noted in this Court's previous Minute Entry (Rec. Doc. 109), the only remaining issues concern remedies for the Commerce Clause and First Amendment claims. The premature filing of superfluous pleadings has potential consequences that should be avoided to give amicable resolution any chance.

We are not impressed by strategies that unduly interfere with and delay "the just, speedy, and inexpensive determination of [this] action." Fed. R. Civ. Proc. 1.

New Orleans, Louisiana this 18th day of October 2022

_____
SENIOR UNITED STATES DISTRICT JUDGE