UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SAMANTHA HIGNELL-STARK<br>WHITE SPIDER RENTAL<br>CONCIERGE, LLC.,<br>GARETT MAJOUE,<br>RUSSELL FRANK,<br>SAMANTHA and BOB MCRANEY,<br>and JIMMIE TAYLOR<br>　　　　　Plaintiffs<br>　versus<br><br>The CITY OF NEW ORLEANS<br>　　　　　Defendant | CIVIL ACTION NO. 19-cv-13773<br>c/w<br>NO. 22-cv-2991<br>SEC. B (1)<br><br>JUDGE: Ivan L.R. Lemelle<br><br>MAG.: Janis Van Meerveld |

# MEMORANDUM IN SUPPORT
# OF
# DECLARATORY AND INJUNCTIVE RELIEF

　　　　　　　　　　　　　　　　/s/ Dawn Adams Wheelahan
　　　　　　　　　　　　　　　　Dawn Adams Wheelahan
　　　　　　　　　　　　　　　　Trial Counsel for Plaintiffs
　　　　　　　　　　　　　　　　(La. Bar No. 19263)
　　　　　　　　　　　　　　　　1819 Joseph Street
　　　　　　　　　　　　　　　　New Orleans, Louisiana 70115
　　　　　　　　　　　　　　　　Telephone: 512-689-1153
　　　　　　　　　　　　　　　　Email: dwheelahan@gmail.com

# TABLE OF CONTENTS

I. INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.     The City Failed to Comply with the Court's Order to Negotiate Relief . . . . . 2

    B.     The City Fails to Acknowledge the Law of This Case . . . . . . . . . . . . . . . . . . . . 3

    C.     Summary of the Relief Plaintiffs Request. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

II. THE COMMERCE CLAUSE RULINGS and OTHER RELEVANT PRECEDENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    A.     Declaratory Judgment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    B.     Permanent Injunction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

III. THE FIRST AMENDMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    A.     Declaratory Judgment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    B.     Injunctive Relief . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

IV. THE VIEUX CARRE AND GARDEN DISTRICT. . . . . . . . . . . . . . . . . . . . . . . . . . 13

V. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SAMANTHA HIGNELL-STARK<br>WHITE SPIDER RENTAL<br>CONCIERGE, LLC.,<br>GARETT MAJOUE,<br>RUSSELL FRANK,<br>SAMANTHA and BOB MCRANEY,<br>and JIMMIE TAYLOR<br>　　　　　Plaintiffs<br>　versus<br>The CITY OF NEW ORLEANS<br>　　　　　Defendant | CIVIL ACTION NO. 19-cv-13773<br>c/w<br>NO. 22-cv-2991<br>SEC. B (1)<br>JUDGE: Ivan L.R. Lemelle<br>MAG.: Janis Van Meerveld |

**MEMORANDUM IN SUPPORT OF
DECLARATORY and PERMANENT INJUNCTIVE RELIEF**

**NOW INTO COURT**, through undersigned counsel, come Plaintiffs, who respectfully submit this memorandum pursuant to the Court's order, Rec. Doc. 109, directing the parties to submit memoranda on the "remaining issues (i.e. remedies for the Commerce Clause and First Amendment claims)," if no amicable resolution of those issues could be reached.

**I.     INTRODUCTION**

Nearly three years ago, Plaintiffs filed suit asking the Court to enjoin the City from enforcing revised Short Term Rental (STR) ordinances set to take effect on December 1, 2019. The revisions abruptly denied STR licenses to previous license-holders (and others) in the Garden District, and to those without homestead exemptions. The City has been enforcing its unconstitutional ordinances all this time, *even after* this Court's July 9, 2021 ruling[1] and the Fifth

---

[1] Rec. Doc. 74.

1

Circuit's August 22, 2022 decision.[2] It is time for that to stop.

A. The City Failed to Comply with the Court's Order to Negotiate Relief

At a status conference on October 5, 2022, the Court ordered Plaintiffs and the City to attempt to negotiate an amicable resolution of the remaining issues in the case–specifically, relief–in view of the rulings that are the law of this case. Instead of doing so, the City's attorney emailed Plaintiffs' counsel saying "this is what the City intends to do," and attaching an Interim Zoning District (IZD) enactment that (1) prohibits short term rental of *all* residences in residential districts, while continuing to permit exactly the same use of the same commodity (residences) in other districts; and (2) allows the City unbridled discretion to grant or deny exceptions to the IZD, called "Type A-Special Appeal Permits" under the provisions of the same STR ordinance already found unconstitutional (City Code Article 26-613, *et seq.*).[3] On November 3, 2022, the City moved to amend its STR ordinance to codify the IZD.[4]

The IZD states that it is in force for a period of a year, and may be extended for another six months. The IZD itself is unconstitutional, in violation of settled Supreme Court and Fifth Circuit precedent, as we discuss below. The Code amendments enacting the IZD do not remedy the deficiencies in the STR ordinance that this Court and the Fifth Circuit conclusively found. Instead, the hastily drawn, ill-considered IZD and Code amendments *expand* the ordinance's unconstitutionality. That calls for an expansive remedy.

It is well-settled that voluntary cessation of unlawful conduct–including change to

---

[2]*Hignell-Stark, et al v. City of New Orleans*, No. 21-30643 (5th Cir. 8/22/22).

[3]Exhibit 1.

[4]Exhibit 2.

2

municipal ordinances, temporary or not–does not moot a case or undercut the relief that plaintiffs are entitled to. That is because, as the Supreme Court and Fifth Circuit recognize, the laws could be changed again at any time, to something equally unconstitutional.[5] The City's IZD and ad hoc Code amendments are ample proof of this.

B.  **The City Fails to Acknowledge the Law of This Case**

Although the City has repeatedly admitted that there are no material facts in dispute in this case,[6] and the City is now judicially estopped to deny that,[7] the City emailed undersigned counsel demanding an affidavit from plaintiff, Samantha Hignell-Stark, describing her ownership of her New Orleans property and "her intention to operate a short term rental business." But the Fifth Circuit has already rejected the City's challenge to Ms. Hignell-Stark's standing, finding it meritless[8] after taking judicial notice of Oregon probate proceedings showing that Ms. Hignell-Stark is the only heir to her mother, Melissa Hignell's, 50% interest in her New Orleans property. Plaintiffs also advised the Fifth Circuit, in their brief, that the Oregon court retained jurisdiction to enforce the terms of the marital settlement agreement and judgment granting Ms. Hignell her

---

[5]*Chafin v. Chafin*, 568 U.S. 165, 172, 133 S.Ct. 1017, 185 L.Ed.2d 1, 568 U.S. 165 (2013), citing *Knox v. Serv, Emps. Int'l Union* , 567 U.S. 298, 307, 132 S.Ct. 2277, 2287, 183 L.Ed.2d 281 (2012). See also, *Church of Scientology of Cal. v. United States,* 506 U.S. 9, 12, 113 S.Ct. 447, 121 L.Ed.2d 313. See also, *Opulent Life Church v. City of Holly Springs*, 697 F.3d 279, 286 (5th Cir. 2012), citing *Knox, supra.*

[6]*Hignell-Stark v. City of New Orleans,* EDLA No. 19-cv-13773, Record on Appeal, pp.890, 2039, 2083 (Rec. Docs. 41-1, Rec. Doc. 97 at 14, Rec. Doc. 95 at 2.

[7]*Williams v. Seidenbach*, 958 F.3d 341, n.17 (5th Cir. 2020), citing *Jethroe v. Omnova Sols., Inc.* , 412 F.3d 598, 600 (5th Cir. 2005).

[8]*Hignell-Stark v. City of New Orleans*, No. 21-30643 (5th Cir. 9/21/22), attached as Exhibit 3.

3

interest in the property, which appears in the Oregon proceeding that the Fifth Circuit took notice of. That is the law of this case.

Whether Ms. Hignell-Stark intends to operate an STR is also irrelevant, because, as we successfully argued against the City in the Fifth Circuit,[9] the Fifth Circuit and the Supreme Court have ruled that when a City erects barriers that make it more difficult for a group to compete on equal footing, the group denied the benefit or permit need not show that they would have actually obtained the benefit to challenge the ordinance. The "injury in fact" that confers standing is the inability to compete on equal footing, not the denial of the benefit.[10]

    **C.**    **Summary of the Relief Plaintiffs Request**

Now that due proceedings have been had, Plaintiffs respectfully request the following relief, pursuant to this Court's and the Fifth Circuit's rulings, and the settled precedents we discuss below:

1) A declaratory judgment that the City's ordinance requiring a homestead exemption to obtain a Short Term Rental license violates the Commerce Clause, pursuant to the Fifth Circuit's August 22, 2022 ruling;

2) A permanent injunction barring the City of New Orleans from enforcing any ordinance, Interim Zoning District enactment, or any law called by any other name that prohibits out-of-state residents from advertising and renting their New Orleans residence for less than thirty days while allowing any other person or entity to do so in the City of New Orleans;

---

[9]*Hignell-Stark v. City of New Orleans*, No. 21-30643, p.8 (5th Cir. 9/16/22)

[10]*Northeastern Florida Chapter of Associated General Contractors of America v. City of Jacksonville, Florida*, 508 U.S. 656, 113 S.Ct. 2297, 124 L.Ed.2d 586 (1993). See also, *Cooper v. McBeath, supra*, 11 F.3d 547, 550.

3) A declaratory judgment holding the City's STR licensing scheme unconstitutional in violation of the First Amendment pursuant to (1) this Court's ruling of July 9, 2021, finding that the City's STR ordinance requires a license, renewed annually, to advertise a residence for rent for less than thirty days, and allows the City unbridled discretion to grant or deny the license; and (2) the Fifth Circuit's finding that the City's ordinance allows the City discretion to grant or deny STR licenses regardless of whether the ordinances's standards for obtaining a license have been met;[11]

4) A permanent injunction barring the City of New Orleans from enforcing any ordinance, Interim Zoning District enactment, or any law called by any other name that prohibits residents from advertising and renting their residence for less than thirty days without a license from the City to do so, including but not limited to any enactment that grants the City discretion to grant or deny exceptions to any STR licensing requirement with respect to short term rental of residences;

5) A permanent injunction prohibiting the City from enforcing any ordinance, Interim Zoning District enactment, or any law called by any other name that denies residents of the Vieux Carre and Garden District the right to advertise and rent their residences for less than thirty days on the same terms as residents of other districts.

---

[11] *Hignell-Stark, et al v. City of New Orleans*, No. 21-30643, p.8 (5th Cir. 8/22/22).

## II.  THE COMMERCE CLAUSE RULINGS and OTHER RELEVANT PRECEDENT

### A.  Declaratory Judgment

In their initial Complaint, Plaintiffs allege that the City's ordinance requiring an STR license to advertise and rent a residence for less than thirty days, and requiring a homestead exemption to obtain the license, violates the Commerce Clause. Plaintiffs sought a declaratory judgment and injunctive relief. Expanding upon this Court's finding that the homestead exemption requirement discriminates against nonresidents, the Fifth Circuit agreed with Plaintiffs: the City's STR residency requirement violates the Commerce Clause. Having litigated their allegation to successful conclusion, Plaintiffs respectfully request that this Court enter the declaratory judgment that the Fifth Circuit's final judgment entitles them to.

### B.  Permanent Injunction

Plaintiffs request an injunction barring the City from denying non-residents access to the residential STR market in New Orleans. That is the commodity at issue, as we discuss below.

It is instructive to note the distinction made in the Supreme Court's *Carbone* case, which the Fifth Circuit relied on in this case.[12] In *Carbone*, which involved a municipal ordinance governing waste hauling, the Supreme Court explained that the article of commerce there was not so much the waste as the service of processing and disposing of it.[13] Similarly, in this case, the article of commerce is not the residence in question, wherever it might be located, but the service of interstate advertising and booking of it for rental. The residence is not in commerce, but time

---

[12]*Hignell-Stark, et al v. City of New Orleans*, No. 21-30643, pp. 13-14.

[13]*C.A. Carbone v. Town of Clarkstown, New York*, 511 U.S. 383, 114 S.Ct. 1677, 128 L.Ed.2d 399 (1994).

6

occupying it is.

The Fifth Circuit, relying on settled Supreme Court precedents, noted that the fact that an ordinance burdens in-state as well out-of-state residents does not cure its unconstitutionality.[14] The Fifth Circuit held, in this case, that "[T]wo primary principles . . . mark the boundaries of a [s]tate's authority to regulate interstate commerce": A state (1) "may not discriminate against interstate commerce" and (2) may not "impose undue burdens on interstate commerce."[15] The City's IZD and Code amendments do both.

As noted above, the City's IZD bars all STRs in residential districts, stating that it is enacted in response to the Fifth Circuit's decision in this case. However, the IZD provides that "Type A-Special Appeal Permits" may be granted at the City's discretion, under the provisions of City Code Sec. 26-613, *et seq.*–which refers to the very ordinance found unconstitutional by the Fifth Circuit and by this Court. The City's November 3, 2022 ordinance, M.C.S. 33,949, amends City Code Sections 26-616 and 26-617 to codify the provisions of the IZD.

The City's IZD discriminates against interstate commerce by prohibiting nonresidents from operating STRs in residential districts while allowing similarly situated homeowners in other districts exactly the same use of exactly the same commodity–their *residences*–which are not, by definition in the STR ordinance, commercial establishments.[16] This favors certain private STR operators over others, with respect to *exactly the same commodity*.

The City cannot justify barring nonresidents from short term renting their residences in

---

[14]*Hignell-Stark, et al v. City of New Orleans*, No. 21-30643, pp. 13-14 (5th Cir. 8/22/22).

[15]*Id.*, p. 10, *citing South Dakota v. Wayfair, Inc.*, 138 S. Ct. 2080, 2090 (2018).

[16]See City Code ordinance Sec. 26-618(A)(7).

residential districts, when (1) until the IZD and November 3, 2022 amendments codifying it, the City freely allowed STR licenses to at least 1300 residents in residential districts;[17] (2) the City allows at least 900 STR licenses to similarly situated private *residences* in commercial districts, though any commercial use of an STR is specifically prohibited by the STR ordinance;[18] and (3) the IZD and amendments allow the City unbridled discretion to grant exceptions to their prohibitions–the "Type A-Special Appeal Permit"–under the terms of the very ordinance that the Fifth Circuit and this Court found unconstitutional.

Residences–apartments, condos, townhouses, houses–located in commercial districts do not differ in any material respect from residences located in residential districts; they are a similarly situated commodity. And they do not differ under the City's STR ordinance, which specifically prohibits any commercial use of an STR, as noted above.

The Fifth Circuit noted–in a decision that is the law of this case–that the City has numerous other means by which it could accomplish its putative goals. The Fifth Circuit said (as Plaintiffs have argued all along) that the City could step up enforcement; it could fine violators; it could cap the number of licenses in given neighborhoods; and with respect to affordable housing, the City could provide additional incentives for homebuilders to construct more housing.[19] The Fifth Circuit also noted–as Plaintiffs have argued–that the City itself found that there are a number of broad factors which have affected the housing market over the past decade that have

---

[17]As reported by the office of Mayor Cantrell. https://www.nola.com/news/politics/article_92a7adde-5185-11ed-981a-bfa4da908b38.html, last visited Nov. 4, 2022.

[18]City Code Sec. 26-618(b)(8)

[19].*Hignell-Stark, et al v. City of New Orleans*, No. 21-30643, pp. 15-16.

8

increased housing costs.[20]

Apart from discriminating against nonresidents, the City's IZD and amendments codifying it impose an undue burden on interstate commerce. While this calls for a less stringent test, under *Pike v. Bruce Church, Inc.*,[21] nevertheless the City's IZD and Code amendments cannot pass that test, where, until now, (1) the City licensed at least 1300 STRs in residential districts, and the ordinance left that number completely uncapped; and (2) the Fifth Circuit has recognized the many ways by which the City could promote its interests without burdening interstate commerce at all.

As in *Pike*, the burden imposed on interstate commerce by the City's latest STR enactments–which eliminate interstate commerce in the relevant commodity altogether–is clearly excessive in relation to any putative local benefits. The Fifth Circuit specifically noted, in its decision in this case, that the City has a number of other ways to promote its putative goals. Therefore, the City's IZD and the amendments codifying it cannot pass the *Pike* test: the City's goals "could be promoted as well with a lesser impact on interstate activities."[22]

For these reasons, among others, Plaintiffs respectfully suggest that their request for a permanent injunction be granted, barring the City from enforcing any ordinance, IZD, or law called by any other name that excludes nonresidents from the STR market in residential districts.

---

[20]*Id*. at 16.

[21]*Hignell-Stark, et al v. City of New Orleans*, No. 21-30643, p.10, citing *Pike v. Bruce Church*, 550 U.S. at 346.

[22]*Pike v. Bruce Church, Inc.*, 397 U.S. 137, 142, 90 S.Ct. 844, 25 L.Ed.2d 174 (1970)

Because, as the Fifth Circuit correctly noted, it is "location, location, location" that matters.[23]

### III. THE FIRST AMENDMENT

#### A. Declaratory Judgment

After due proceedings, several hearings, and the City's admission that there are no material facts in dispute in this case[24], this Court correctly found that the City's STR ordinances comprise an unconstitutional prior restraint of Plaintiffs protected speech under the First Amendment.[25] That is because the ordinances (1) require Plaintiffs to obtain a license from the City, annually, to advertise their homes for rent for less than thirty days; and (2) allow the City unbridled discretion to grant or deny Plaintiffs the required license. The Fifth Circuit confirmed this finding, holding that "Even an applicant who met the statutory requirements for a license was not entitled to one" under the ordinances.[26] As noted above, voluntary cessation of unlawful conduct–including changes to municipal ordinances, temporary or not–does not moot a case or undercut the relief that plaintiffs are entitled to.

Plaintiffs respectfully request that the Court enter declaratory judgment in their favor, finding that the City's STR ordinances comprise an unconstitutional prior restraint of Plaintiffs' speech in violation of the First Amendment.

---

[23] *Id.*, at 13.

[24] *Hignell-Stark v. City of New Orleans,* EDLA No. 19-cv-13773, Record on Appeal, pp.890, 2039, 2083.

[25] Rec. Doc. 74.

[26] *Hignell-Stark, et al v. City of New Orleans*, No. 21-30643, p.8.

B. **Injunctive Relief**

Plaintiffs' affidavits in this action confirm that STR licenses were denied to them for unconstitutional reasons, or for no discernable reason at all.[27] Now–for no reason that passes muster under the Fifth Circuit's and Supreme Court's jurisprudence–the City's IZD and amendments deny *all* homeowners in residential districts of the City of New Orleans the right to advertise and rent their homes for less than thirty days. The IZD and amendments do so while (1) allowing similarly situated residences in nearby commercial districts to advertise and engage in exactly the same use–residential, not commercial–with respect to exactly the same commodity; and (2) allowing the City unbridled discretion to grant exceptions to the restrictions. That is plainly unconstitutional under the First Amendment.

In *Cincinnati v. Discovery Networks,*[28] a case dealing with commercial speech, the Supreme Court found that the City had not met its burden of showing a reasonable fit between its legitimate interests and the means it chose. While accepting the validity of Cincinnati's proposition, the Court found it an insufficient justification for the discrimination against some newsracks that were no more harmful than other newsracks. That is the case here too, with respect to residences that are no different from residences in other locations–particularly with respect to residences that, until now, were freely granted STR licenses under the STR ordinace that had no cap on the number of these.

Nor is the City's STR ordinance content-neutral. The ordinance prescribes in detail what

---

[27]*Hignell-Stark, et al v. City of New Orleans*, No. 21-30643, Record on Appeal, pp. 624-638.

[28]*City of Cincinnati v. Discovery Networks, Inc.*, 507 U.S. 410, 113 S.Ct. 1505, 123 L.Ed.2d 99 (1993).

11

Plaintiffs may and may not say in their advertisements. The ordinance clearly restricts protected speech, just as the one stricken down by the Supreme Court in *Sorrell v. IMS Health*.[29] Under *Reed v. Town of Gilbert*,[30] there is no doubt that the City's content-based restriction violates Plaintiffs' First Amendment rights.

The Fifth Circuit recently noted that "the Supreme Court reject[s] any theory of the First Amendment that gives States unfettered power to reduce a group's First Amendment rights by simply imposing a licensing requirement." [internal quotation marks omitted][31]

The City has argued that 1) the First Amendment does not protect speech proposing an unlawful transaction, and 2) advertising one's home in violation of its STR ordinance is unlawful, therefore 3) Plaintiffs' speech proposes an unlawful transaction, so 4) it is not entitled to constitutional protection. As Plaintiffs noted in the Fifth Circuit, we hope this Court knows a tautology when it sees one. In plain English, the City's argument is completely circular. By the City's flawed reasoning, governments could suppress speech on virtually any topic, simply by requiring a license to speak and restricting speech to licensees–in addition to restricting what they may say, as the City does in its ordinance. That is what the First Amendment protects against.

For these reasons, Plaintiffs respectfully request that this Court enter a permanent injunction, barring the City from enforcing any ordinance, IZD, or law called by any other name that restricts Plaintiffs' rights to advertise their residences for rent for less than thirty days.

---

[29] *Sorrell v. IMS Health, Inc.*, 564 U.S. 552, 570, 131 S.Ct. 2653, 180 L.Ed.2d 544 (2011).

[30] 135 S. Ct. 2218, 192 L.Ed.2d 236 (2015).

[31] *Vizaline, L. L.C. v. Tracy,* 949 F.3d 927 (5th Cir. 2020*)*, citing *Nat'l Inst. of Family & Life Advocates v. Becerra* [*NIFLA* ], ⎯⎯ U.S. ⎯⎯, 138 S. Ct. 2361, 2375, 201 L.Ed.2d 835 (2018).

**IV.     THE VIEUX CARRE AND GARDEN DISTRICT**

The City cannot show, and has not shown, that residences in the Garden District and Vieux Carre differ in any material respect from residences in other districts. These residences are similarly situated with respect to the commodity at issue here: advertising and rental of a home. There is no rational justification for prohibiting STR advertising and rental of Garden District and French Quarter homes.[32] This is particularly so considering that the City's STR ordinance specifically prohibits any commercial activity in an STR. And considering, too, that all manner of activity thrives in the French Quarter; and that roving bands of tourists lawfully hover all about the Garden District daily, picking the flowers and peering over the fences, after de-boarding full-size tour buses.

It is unlikely that the City's irrational, protectionist, special-interest-motivated exclusion could survive even the most undemanding Equal Protection review. But this Court need not decide that issue, because the City's First Amendment and Commerce Clause violations suffice to invalidate its exclusion of these districts from STR eligibility, as well as the others.

**V.     CONCLUSION**

For the reasons set forth herein, Plaintiffs respectfully suggest that this Court grant the declaratory and injunctive relief requested herein.

/s/ Dawn Adams Wheelahan
Dawn Adams Wheelahan
Trial Counsel (La. Bar No. 19263)
1819 Joseph Street
New Orleans, Louisiana 70115
Telephone: 512-689-1153
Email: dwheelahan@gmail.com

---

[32] See Exhibit 4, attached.