UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SAMANTHA HIGNELL-STARK** **WHITE SPIDER RENTAL CONCIERGE, LLC., RUSSELL FRANK, SAMANTHA and BOB MCRANEY, and JIMMIE TAYLOR** | **CIVIL ACTION NO. 19-cv-13773** |
| Plaintiffs | JUDGE: IVAN L. R. LEMELLE |
| versus | MAG.: Janis Van Meerveld |
| **The CITY OF NEW ORLEANS** Defendant | |
| **Consolidated with/** | |
| **KURT KLEBE** and **ZACHARY BENNETT** | **CIVIL ACTION NO. 22-2991** |
| Plaintiff**s** | SEC. B |
| versus | JUDGE: IVAN L. R. LEMELLE |
| **The CITY OF NEW ORLEANS** Defendant | MAGISTRATE: Janice Van Meerveld |

**FIRST AMENDED COMPLAINT-CLASS ACTION**

The First Amended class action complaint of plaintiffs, Zachary Bennett and Kurt Klebe respectfully represents as follows:

**1.**

No Answer or other responsive pleading has been filed by defendant, the City of New Orleans, to plaintiff, Kurt Klebe's, Complaint. Plaintiff submits this First Amended Complaint under the provisions of Fed. R. Civ P. 15(a)(1)(B).

**2.**

This First Amended Complaint is filed in order to (1) assert class claims, and (2) assert

claims for damages under 42 U.S.C. 1983, in order to achieve global resolution of all claims arising from the same nucleus of operative facts asserted in the consolidated actions. This First Amended Complaint is also brought to add plaintiff, Zachary Bennett as a named plaintiff because he wishes to assert his claims in that capacity and is entitled to do so.

## JURISDICTION and VENUE

**3.**

Plaintiffs bring this action asserting violations by defendant, the City of New Orleans, of the Commerce Clause (Art. 1, §8, cl. 3) and the First Amendment, incorporated by the Fourteenth Amendment to the United States Constitution, and pursuant to the provisions of 42 U.S.C. 1983 and 42 U.S.C. 1988. Plaintiff seek relief under the provisions of the Declaratory Judgment Act, 28 U.S.C. 2201, and 28 U.S.C. 2202, as well as damages under 42 U.S.C. 1983 and 42 U.S.C. 1988.

**4.**

This Honorable Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. 1331 (federal question). Venue is proper in the Eastern District of Louisiana under 28 U.S.C. 1391 because defendant, the City of New Orleans, is subject to personal jurisdiction in this district, and because the events giving rise to Plaintiff' claims occurred and continue to occur in this district.

## PARTIES

**5.**

Plaintiff, **Kurt Klebe**, is a person of the age of majority, and a resident and citizen of Denver, Colorado. **Klebe,** formerly a New Orleans resident**,** owns a home located on Magazine Street in New Orleans, Louisiana.

**6.**

Plaintiff, **Zachary Bennett**, is a person of the age of majority, who owns a home in New Orleans, and was denied a short term rental license by the City of New Orleans in 2020 because he worked in California and was therefore ruled ineligible for a homestead exemption by the City of New Orleans.

**7.**

Defendant, **the City of New Orleans**, is a political subdivision of the State of Louisiana and a municipal corporation organized under the laws of the State of Louisiana and the Home Rule Charter of the City of New Orleans, subject to the jurisdiction and venue of this Court. At all times relevant hereto the City acts in its official capacity as a municipality chartered under the laws of the State of Louisiana.

## FACTUAL ALLEGATIONS

**8.**

In December, 2016, the Council of the City of New Orleans (the Council or City Council) adopted a series of ordinances amending the City's Comprehensive Zoning Ordinance (CZO) and City Code to authorize, define and regulate various categories of "short term rentals." The CZO defines short term rentals ("STR"s) as rental of all or a portion of a residential dwelling unit for a

period of less than thirty consecutive days. CZO Art.26.2; City Code Art. XI, Sec. 26-613, *et seq*. **The ordinances went into effect April 1, 2017**, **superceding** City Code Article 54:491.1, which purported to govern offers to rent property for less than thirty days in New Orleans. In August, 2019, the City enacted amendments to the Code and CZO governing short term rentals, which took effect **December 1, 2019.** Ordinances M.C.S. 28,156 and M.C.S. 28, 157.

9.

The City's STR regulations require short term rentals to be licensed. CZO Art.21.8.C.14.a (as revised by subsequent enactments); City Code Article XI, Sec. 26-615, 26-617. The Code provides a laundry list of licensing requirements, procedures, prohibitions, and restrictions. Art.XI, Sec.26-613 *et seq*.  Among them, the Code requires that license-holders who advertise on internet platforms such as Airbnb and VRBO, shall only advertise their homes as permitted by their STR license, and **may not advertise without the license**. **The City Code allows the City unbridled discretion to determine which residences shall be eligible for a license, and therefore granted a license, according to no standards, whether or not the requirements for obtaining a license listed in the Code have been met.**  City Code Article XI**,** Sec. 26-624, 26-625.  The City's STR regulations therefore comprise an unconstitutional prior restraint of Plaintiff's protected speech **in violation of the First Amendment of the United States Constitution incorporated by the Fourteenth Amendment.**

10.

The City's STR regulations prohibits Plaintiff from truthfully advertising the number of bedrooms in their homes if there are more than are allowed in the City's arbitrary licensing scheme; and prohibit Plaintiff from advertising the number of persons that are allowed to occupy

the bedrooms under the building code adopted by the City, according to their size, furnishings, and the ingress and egress they provide, but instead require that Plaintiff advertise as prescribed by the City's arbitrary STR regulations. **The City's STR regulations therefore comprise an unconstitutional prior restraint of Plaintiff's protected speech in violation of the First Amendment of the United States Constitution incorporated by the Fourteenth Amendment.**

11.

The City's STR regulations also deny Plaintiff Equal Protection of the law by its provisions allowing the City to determine in its sole unbridled discretion **whether to grant or deny an exception to its STR regulations if an application for an STR license is denied or disallowed**. This too results in an unconstitutional prior restraint of Plaintiff's protected speech in violation of the First Amendment to the United States Constitution.

12.

The City STR regulations prohibit owners of homes located in the French Quarter and Garden District of New Orleans from obtaining an STR license, and therefore, from hosting short term rental guests in their homes, and from **advertising their homes** for rent on internet platforms such as Airbnb and VRBO. This violates Plaintiff's right to Equal Protection and comprises a prior restraint of Plaintiff's protected speech in violation of the First Amendment to the United States Constitution.

13.

The City's STR regulations prohibit STR licenses for all homes that are not the owners' primary principal residence, evidenced by a homestead exemption. The City's STR regulations authorize an STR license *only* for a residence with a homestead exemption. A homeowner may

obtain only one homestead exemption for a residence that is the homeowner's primary principal residence. This provision violates the dormant **Commerce Clause, Art. 1, Sec. 8, Clause 3, of the United States Constitution,** by discriminating against non-resident homeowners.  It also **denies Equal Protection** of the law to homeowners with residences that do not have a homestead exemption.

14.

The City's STR regulations comprise an unconstitutional prior restraint of the protected speech of all homeowners without homestead exemptions, in violation of the First Amendment of the United States Constitution, incorporated by the Fourteenth Amendment.

**FED. R. CIV. P. 23 ALLEGATIONS**

15.

Plaintiffs bring this action individually and on behalf of all other similarly situated persons who, since December 1, 2019, have been denied (1) the opportunity to advertise their homes for short term rental; and (2) the opportunity to obtain short term rental licenses because despite having homes in New Orleans, they are or were non-residents of New Orleans and therefore are or were not eligible to obtain homestead exemptions.

16.

Specifically excluded from the class are the judges to whom this case is assigned and their immediate families; and all employees, representatives, and attorneys for the City of New Orleans. Also excluded are counsel for the Plaintiffs in this action and their immediate families.

17.

All proposed class members of this class, which is geographically limited to current

residents of the United States, seek relief under the same legal and remedial theories, as set forth hereinabove, and therefore the claims of the representative plaintiffs are typical of the claims of all proposed class members.

**18.**

The questions of law and fact set forth above are common to all class members. Common issues include, but are not limited to:

Whether the City's short term rental ordinance violates the Dormant Commerce Clause of the United States Constitution;

Whether the City's short term rental ordinance violates the First Amendment of the United States Constitution;

Whether the City's short term rental ordinance violates the Equal Protection Clause of the United States Constitution;

Whether Plaintiffs are entitled to damages under 42 U.S.C. 1983 for losses sustained due to the City's short term rental ordinance and policies pertinent thereto;

Whether Plaintiffs are entitled to recover fines assessed by the City related to the City's enforcement of unconstitutional provisions of its short term rental ordinance;

Whether Plaintiffs are entitled to equitable disgorgement of fines collected by the City in connection with the City's enforcement of unconstitutional provisions of its short term rental ordinance;

Whether Plaintiffs are entitled to declaratory relief with respect to unconstitutional provisions of the City's short term rental ordinance;

Whether Plaintiffs are entitled to injunctive relief with respect to unconstitutional

provisions of the City's short term rental ordinance.

19.

The proposed class numbers more than one hundred persons, widely dispersed, so that joinder is impractical.

20.

The representative plaintiffs bring the same claims as the proposed class members, and so will fairly and adequately represent the class. Proposed class counsel has more than twenty-five years' experience in class action matters, and has served as lead class counsel in certified class actions in the Eastern District of Louisiana, the Northern District of Illinois, and in Civil District Court for the Parish of Orleans.

21.

The claims against defendants in this action should be maintained as a class action pursuant to **Fed. R. Civ. Proc. 23,** because common issues, as set forth hereinabove, predominate over any individual issues, and because class action is superior to other methods available for resolution of this controversy, and because all of the provisions of Fed. R. Civ. P. 23(a) and one or more of the provisions of Fed. R. Civ P. 23(b) are met, as will be more fully shown during the course of this litigation.

22.

Class action is superior to other methods available for resolving this controversy, because repetitive litigation of identical issues as presented here would waste the resources of the courts and the parties; the class members are widely dispersed, and individual actions to protect their interests would be costly; and this class action is superior to the repeated production and

evaluation of evidence that would attend litigation of individual claims, including waste of expert and attorney labor, and the waste of the resources of the courts

**WHEREFORE,** on behalf of themselves and others similarly situated, representative plaintiffs respectfully request:

(1) Monetary damages for their losses sustained because of the City's unconstitutional short term rental ordinance; together with interest thereon;

(2) Recovery of fines related to the City's enforcement of provisions of its short term rental ordinance found to be unconstitutional, together with interest thereon;

(3) Equitable disgorgement of fines collected by the City related to the City's enforcement of provisions of its short term rental ordinance found to be unconstitutional, together with interest thereon;

(4) A Preliminary and, after due proceedings, a Permanent Injunction barring Defendant, the City, and its officers, agents, agents, affiliates, subsidiaries, servants, employees, successors, and all other persons or entities in active concert or privity or participation with it, from enforcing the short term rental ordinances referred to herein or any others containing similar provisions, specifically including but not limited to any that disallow STR licenses entirely except to those already having them or having applied for them;, or that grant the City unbridled discretion to grant or deny exceptions to any such STR regulation

(5) A declaratory judgment that the City's and the Council's actions, policies, and procedures, embodied in the ordinances referred to herein, comprise an unconstitutional violation of the dormant Commerce Clause, Art.1, Sec.8, Cl. 3;

   and violate the First Amendment to the United States Constitution, incorporated by the Fourteenth Amendment; and violate the provisions of 42 U.S.C. 1983.

(6) Reasonable attorney' fees, expenses and costs under 42 U.S.C. 1988 and any other applicable law;

(7) Any further relief that the Court deems necessary and proper, and all general and equitable relief to which Plaintiff may be entitled.

       Respectfully submitted,

       /s/ Dawn Adams Wheelahan
       **Dawn Adams Wheelahan**
       Trial Counsel
       La. Bar No. 19263
       1819 Joseph Street
       New Orleans, Louisiana 70115
       Telephone: 512-689-1153
       Email: dwheelahan@gmail.com