UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SAMANTHA HIGNELL-STARK, | / | |
| WHITE SPIDER RENTAL | / | CIVIL ACTION NO. 19-cv-13773 |
| CONCIERGE, LLC., | / | c/w 22-cv-02991 |
| GARETT MAJOUE, | / | |
| RUSSELL FRANK, | / | SECTION B (1) |
| SAMANTHA and BOB MCRANEY, | / | |
| and JIMMIE TAYLOR | / | JUDGE:  Ivan L. R. Lemelle |
| Plaintiffs | / | |
| | / | MAG:  Janis Van Meerveld |
| versus | / | |
| | / | |
| The CITY OF NEW ORLEANS | / | |
| Defendant | / | |
| | / | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

The City of New Orleans (the "City") respectfully files this Opposition to Plaintiffs' Motion for Leave to File Amended Complaint (R. Doc. 137). Plaintiffs' Motion for Leave to File Amended Complaint ("Motion for Leave") should be denied because justice does not require amending the complaint, and amending the complaint would be futile.

## RELEVANT BACKGROUND

This matter was originally filed on November 22, 2019, over three years ago. R. Doc. 1. The City filed an answer on January 16, 2020. R. Doc. 27. After two years of cross motions for summary judgment and an appeal, the Fifth Circuit Court of Appeals vacated this Court's grant of summary judgment to the City on Plaintiffs' Dormant Commerce Clause Claim on August 22, 2022.[1] On August 25, 2022, while the City sought rehearing with the appellate court and prior to the return of the mandate to this Court, Plaintiffs filed an Ex Parte Motion for Entry of Declaratory Judgment and

---

[1] *See Hignell-Stark v. City of New Orleans*, 46 F.4th 317 (5th Cir. 2022).

Permanent Injunction with this Court.  R. Doc. 103.  The City filed an opposition that same day.  R. Doc. 102.  This Court found Plaintiffs' motions to be moot.  R. Doc. 105.

On August 29, 2022, the New Orleans City Council adopted a moratorium on new residential short term rental permits effective upon passage in response to the Fifth Circuit's decision.[2]  That same day, Plaintiff Kurt Klebe filed a Complaint and Motion for Temporary Restraining Order and Preliminary Injunction to restrain and enjoin the New Orleans City Council from adopting the moratorium.  R. Docs. 1 and 4 (Case No. 22-cv-02991).  On September 6, 2022, this Court denied the Temporary Restraining Order and Preliminary Injunction as moot because the City Council had already met and adopted the moratorium, and this Court directed the parties to confer to amicably resolve the issues in the case.  R. Doc. 8 (Case No. 22-cv-02991).  <u>This Court also consolidated Plaintiff Kurt Klebe's case with the *Hignell-Stark* case here, designating *Hignell-Stark* as the lead case and repository for all pleadings</u>.  R. Doc. 105.

The Fifth Circuit returned the mandate to this Court on September 29, 2022.  R. Doc. 107-2.  The Court held a status conference with the parties on October 5, 2022 to discuss the cases.  R. Doc. 108.  At the status conference, this Court again instructed the parties to attempt to resolve the matter by November 4, 2022, and it set a briefing deadline of November 7, 2022 for the parties to submit briefs related to Plaintiffs' First Amendment and Commerce Clause claims, with any reply briefs due on November 14, 2022, if necessary.  R. Doc. 109.  Nevertheless, Plaintiffs filed a Motion for Entry of Declaratory Judgment two days later and requested a submission date of October 26, 2022, prior to this Court's briefing deadline.  R. Doc. 111.  This Court stayed Plaintiffs' Motion for Entry of Declaratory Judgment on October 18, 2022, admonishing Plaintiffs for "surprise" and "premature" filing of pleadings that interfered with the opportunity for amicable resolution.  R.

---

[2]   *See* R. Doc. 111-7.

Doc. 120.

On December 5, 2022, this Court held a hearing on remedies for Plaintiffs' First Amendment and Commerce Clause claims. R. Doc. 135. This Court declined to grant the injunctive and declaratory relief that Plaintiffs requested, and it ordered the parties—for the third time—to make "a good faith effort to achieve final resolution." *Id*. Nevertheless, four days later, on December 9, 2022, Plaintiffs unexpectedly filed an amended complaint to assert class claims "arising from the same nucleus of operative facts asserted in the consolidated actions." R. Doc. 136. Plaintiffs were directed to seek leave of court to amend their complaint, which the City opposes.

## ARGUMENT

Plaintiffs assert that leave is not required to amend their complaint under Fed. R. Civ. Proc. 15(a) because the City did not file an answer to the lawsuit filed by Kurt Klebe on August 29, 2022, which was assigned Case No. 22-cv-02991. R. Doc. 137. However, Plaintiffs allege that the claims they seek to amend "aris[e] from the same nucleus of operative facts asserted in the consolidated actions." R. Doc. 136. The allegations that form the basis of Plaintiffs' purported class trace to their original complaint filed on November 22, 2019, which is the lead case in this consolidated case. R. Doc. 1. The City answered those allegations on January 16, 2020. R. Doc. 27. When this Court consolidated the newly filed action with this case, it ordered the parties to confer to amicably resolve the case and did not contemplate an answer from the City. R. Doc. 105, R. Doc. 8 (Case No. 22-cv-02991). Despite Plaintiffs' designation of only some of the Plaintiffs in the consolidated case, they are seeking to amend based on claims brought in the original lawsuit, which has been answered, requiring leave of court to amend here.

This Court should deny leave. Although leave may be given freely "*when justice so*

3

*requires*," granting leave is within the discretion of the trial court.[3] Leave may be denied if there is a justification for refusal such as undue delay, bad faith, or dilatory motive.[4] For over three years, Plaintiffs have primarily sought declaratory and injunctive relief in this litigation, including maintaining before this Court at oral argument on December 5, 2022 that this is not an action for damages. Now, Plaintiffs seek to completely alter the nature of this litigation, despite this Court's repeated direction to the parties to resolve this matter amicably and in good faith. *See* R. Doc. 120 ("We are not impressed by strategies that unduly interfere and delay 'the just, speedy, and inexpensive determination of [this] action.'"); *see also* R. Doc. 105, 109, 135. Nothing prevented Plaintiffs from asserting a class action in November 2019. Plaintiffs' surprise pleadings do not assert any new facts, much less any that justify transforming this case into a class action lawsuit. Justice does not require that Plaintiffs be allowed to amend their complaint at this late hour.

In addition, a court should deny leave if amending a complaint would be futile.[5] Fed. R. Civ. Proc. 23(a) imposes numerosity and commonality requirements to certify a class. Even if Plaintiffs are allowed to amend, their class is unlikely to be certified. First, Plaintiffs are likely to fail the numerosity requirement. Having a claim that can be resolved through a common issue is required to be a member in a class action lawsuit.[6] In this case, the Fifth Circuit reversed the district court's grant of summary judgment to the City on Plaintiffs' Dormant Commerce Clause claim because requiring a homestead exemption to operate a residentially zoned short term rental

---

[3] *U.S. ex rel. Willard v. Humana Health Plan of Texas Inc*., 336 F. 3d 375, 387 (5th Cir. 2003) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc*., 401 U.S. 321 and *Dunn v. Koehring Co*., 546 F. 2d 1193, 1198 (5th Cir. 1977)).

[4] *See id*. (citing *Foman v. Davis*, 371 U.S. 178 (1962)).

[5] *Rosenzweig v. Azurix Corp*., 332 F. 3d 854, 864 (5th Cir. 2003) (quoting Foman, 371 U.S. at 182); *see also Jones v. Robinson Prop. Grp., LP*, 427 F. 3d 987, 994 (5th Cir. 2005) (citing *Dussouy v. Gulf Coast Inv. Corp*., 660 F. 2d 594, 598 (5th Cir. 1981)).

[6] *M.D. ex rel. Stukenberg v. Perry*, 675 F.3d 832, 840 (5th Cir. 2012) ("Rule 23(a)(2) requires that all of the class member's claims depend on a common issue of law or fact whose resolution 'will resolve an issue that is central to the validity of each one of the [class member's] claims in one stroke.'" (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 S. Ct. 2541, 2551 (2011))).

discriminated against <u>out-of-state property owners</u>.[7] Although there are a number of individuals whose residential short term rental permit applications were denied due to a lack of a homestead exemption, very few of those individuals <u>have a claim under the Dormant Commerce Clause</u> because the vast majority live in New Orleans or other parishes <u>in Louisiana</u>. Although injunctive relief to the lead plaintiff—who lives in Oregon—could effect a change to the City's law in a manner beneficial to local property owners who lack homestead exemptions, those <u>local</u> property owners do not have an independent claim under the Dormant Commerce Clause. Plaintiffs are unlikely to find sufficient individuals who live out of state and applied for a residential short term rental permit to achieve numerosity.

Next, Plaintiffs are likely to fail the commonality requirement because each purported class member would have particularized damages calculations. When the court must hold "separate mini-trials of an overwhelmingly large number of individual claims, the need to calculate individual damages will defeat predominance."[8] Here, Plaintiffs allege that the class would seek compensatory damages for their economic losses due to the denial of short term rental permits and the recovery of any fines levied due to operating without a permit. R. Doc. 137-4. Every purported class member would have to produce individual proof sufficient to establish a number of unique facts, including their business losses (based on numerous factors including rental rates, projected occupancy, etc.), the level to which they mitigated their damages through long-term leases, and the extent to which any fines were actually the result of operating without a permit (as opposed to nuisance and quality of life fines, for example). Such individualized damages calculations would require a multitude of mini-trials, which precludes class-certification.[9]

---

[7] *See Hignell-Stark v. City of New Orleans*, 46 F.4th 317, 326 (5th Cir. 2022)

[8] *See Bell Atl. Corp. v. AT&T Corp.*, 339 F.3d 294, 306–07 (5th Cir. 2003) (quoting *Windham v. Am. Brands, Inc.*, 565 F.2d 59, 68 (4th Cir. 1977)) (internal quotations omitted).

[9] *See id*.

## **CONCLUSION**

The City respectfully requests this Honorable Court to deny Plaintiffs' Motion for Leave to File Amended Complaint because it would be futile and is not required by justice.

Respectfully submitted,

*/s/ Daniel T. Smith*
**DANIEL T. SMITH, LSB #36678**
ASSISTANT CITY ATTORNEY
**MARK DANIEL MACNAMARA, LSB #24532**
ASSISTANT CITY ATTORNEY
**SHAWN LINDSAY, LSB #28466**
DEPUTY CITY ATTORNEY
**DONESIA D. TURNER, LSB #23338**
CITY ATTORNEY
1300 PERDIDO STREET, ROOM 5E-03
NEW ORLEANS, LOUISIANA 70112
TELEPHONE: (504) 658-9800
FACSIMILE: (504) 658-9868
EMAIL:  dtsmith@nola.gov
*Counsel for City of New Orleans*