UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SAMANTHA HIGNELL-STARK** | **CIVIL ACTION NO. 19-cv-13773** |
| **WHITE SPIDER RENTAL** | |
| **CONCIERGE, LLC.,** | |
| **RUSSELL FRANK,** | |
| **SAMANTHA and BOB MCRANEY,** | **JUDGE: IVAN L. R. LEMELLE** |
| **and JIMMIE TAYLOR** | |
| Plaintiffs | **MAG.: Janis Van Meerveld** |
| versus | |
| **The CITY OF NEW ORLEANS** | |
| Defendant | |
| **Consolidated with/** | |
| **KURT KLEBE** | **CIVIL ACTION NO. 22-2991** |
| and | |
| **ZACHARY BENNETT** | |
| Plaintiff**s** | **SEC. B** |
| versus | |
| | **JUDGE: IVAN L. R. LEMELLE** |
| **The CITY OF NEW ORLEANS** | |
| Defendant | **MAGISTRATE: Janice Van Meerveld** |

---

**REPLY IN SUPPORT OF MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT**

**1.      Introduction**

Plaintiff, Kurt Klebe filed his original Complaint in this Court on August 29, 2022 (No. 22-2991, Rec. Doc. 1). Klebe did so because:

(1) on August 22, 2022, the Fifth Circuit issued its opinion finding that provisions of the City's short term rental (STR) ordinance violate the Commerce Clause of the United States Constitution (No. 22-30643, 5th Cir., 8/22/22);

(2) shortly before oral argument, plaintiffs' counsel learned that the *only* plaintiff in the action with a Commerce Clause claim, Melissa Hignell, had passed away suddenly and

unexpectedly in her mid-forties;

(3) after plaintiffs moved to substitute Melissa's daughter and only heir to her New Orleans property, Samantha Hignell-Stark, as plaintiff, and that motion was granted by the Fifth Circuit without opposition (No. 22-30643, 6/24/22; EDLA No. 19-13773, Rec. Doc. 100), the City filed a Petition for Rehearing in the Fifth Circuit, arguing that Samantha didn't have standing to continue the case in Melissa's place.

(4) The Fifth Circuit subsequently found the City's argument that Samantha lacked standing to be meritless, and denied its Petition for Rehearing, on September 21, 2022, almost a month after Klebe filed his original complaint asserting his Commerce Clause claim. (No. 22030643, 5th Cir. 9/21/22).  To this day, *despite the Fifth Circuit's ruling on Samantha Hignell-Stark's standing*, the City continues to argue that Samantha lacks standing in this action. (Rec. Doc. 122, p. 11-12).

That is why Kurt Klebe, a non-resident New Orleans homeowner, filed his original complaint:  to assert and be sure his Commerce Clause claims were protected in this action.

Klebe filed his Amended Class Action complaint in order to achieve a global resolution of his claims with respect to the City's STR ordinance, which is applicable to all New Orleans homeowners. Klebe did so because despite the facial constitutional challenges brought in Klebe's and Hignell's complaints, plaintiffs' counsel, when ordered to negotiate possible settlement of the actions, kept hearing proposals limited to the plaintiffs in the instant consolidated actions only.

Although the City has not filed any Answer or motion under Fed. R. Civ. P. 12 in response to Klebe's original complaint, the Case Manager and the law clerk to the presiding

2

district judge instructed plaintiffs' counsel to move for leave to file Klebe's Amended Complaint, after marking Klebe's original filing a deficient document for not having moved for leave to file it. Therefore, plaintiff, Kurt Klebe, respectfully moves for leave to file his Amended Complaint, even though Fed. R. Civ. P. 15(a)(1)(B) clearly provides that Klebe has an automatic right under the rule to amend his complaint once before the defendant files an Answer or Rule 12 motion to dismiss.

**2.     Argument**

The City argues that leave should be denied to amend, apparently referring to different provisions of Fed. R. Civ. P. 15 than the one which Klebe the right to amend, which is Fed. R. Civ. P. 15(a)(1)(B). The City does not argue that it has filed an Answer to Klebe's original complaint, because it has not. And the City does not argue that it has filed a Rule 12 motion, because it has not.

The City argues that it answered the Hignell complaint, but cites no law or jurisprudence holding that answering a related complaint counts as answer to another, different complaint, by a different plaintiff–because there is none.

For these reasons, under the straightforward language of Fed. R. Civ. P. 15(a)(1)(B), plaintiff, Kurt Klebe is entitled to amend his complaint, once, and so respectfully moves for leave to do so.

>                           Respectfully submitted,
>                           /s/ Dawn Adams Wheelahan
>                           **Dawn Adams Wheelahan**
>                           Trial Counsel
>                           La. Bar No. 19263
>                           1819 Joseph Street
>                           New Orleans, Louisiana 70115

Telephone: 512-689-1153
Email: dwheelahan@gmail.com

4