UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SAMANTHA HIGNELL-STARK, / | |
| WHITE SPIDER RENTAL / | CIVIL ACTION NO. 19-cv-13773 |
| CONCIERGE, LLC., / | c/w 22-cv-02991 |
| GARETT MAJOUE, / | |
| RUSSELL FRANK, / | SECTION B (1) |
| SAMANTHA and BOB MCRANEY, / | |
| and JIMMIE TAYLOR / | JUDGE:  Ivan L. R. Lemelle |
| Plaintiffs / | |
| / | MAG:  Janis Van Meerveld |
| versus / | |
| / | |
| The CITY OF NEW ORLEANS / | |
| Defendant / | |
| / | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### JOINT MONTHLY STATUS REPORT

**NOW INTO COURT**, come Plaintiffs Samantha Hignell-Stark, White Spider Rental Concierge, LLC, Garett Majoue, Russell Frank, Samantha and Bob McCraney, Jimmie Taylor, and Kurt Klebe, and Defendant the City of New Orleans (the "City"), who respectfully submit this Joint Monthly Status Report, pursuant to this Court's December 5, 2022 Order (R. Doc. 135), as further described in the accompanying Memorandum in Support of Joint Motion.

This Court ordered the City to identify the identities of representative parties with the authority to make recommendations on behalf of the City:

· Jean Paul "J.P." Morrell, Councilmember-at-Large of the New Orleans City Council (President-Elect and current Vice President)

· Robert D. Rivers, Executive Director of the City Planning Commission

· Tammie T. Jackson, Director of the City Department of Safety and Permits

**I.   Status of Implementation of a New Permanent Short Term Rental (STR) Ordinance.**

This Honorable Court ordered the City to implement a STR ordinance by March 31, 2023

that complies with the Fifth Circuit's decision in *Hignell-Stark v. City of New Orleans*. In addition, this Court instructed the parties to report on the "Parties' efforts and progress in implementing a final STR ordinance or policy that comports both with this Court and the Fifth Circuit's directive for consideration of viable alternatives to the residency requirement." Accordingly, the City has developed an accelerated timeline under which it believes that the New Orleans City Council can adopt a new permanent STR ordinance by this Court's March 13, 2023 deadline.

As background, the City's Home Rule Charter requires a public hearing and recommendation from the City Planning Commission ("CPC") before the City Council may adopt permanent revisions to the City's Comprehensive Zoning Ordinance ("CZO"),[1] other than temporary moratoria of certain uses such as the Short Term Rental Interim Zoning District.[2] The process is initiated when the City Council passes a motion directing the CPC to make recommendations on amendments to the CZO on a particular subject area.

On November 3, 2022, the City Council passed Motion M-22-485 directing the CPC to hold a public hearing and make recommendations to amend the CZO to update the City's residential STR regulations. The City Council directed the CPC to make its recommendations based on the judicial directives to remove the homestead exemption requirement from residential STR permits and to evaluate other potential alternate regulations, such as block-face or neighborhood caps and requiring on-site operators.[3]

To meet the procedural requirements of the Home Rule Charter and the March 31, 2023 deadline imposed by this Court (R. Doc. 135), the City Planning Commission is proceeding

---

[1] See Home Rule Charter Sec. 5-406, CZO art. 4.2.C.

[2] See CZO art. 19. The CPC is also required to hold a hearing on all Interim Zoning Districts, although they take effect upon City Council passage. The CPC held a public hearing on the STR IZD on December 13, 2022 (Docket ZD095-22), action on which was deferred until January 24, 2023.

[3] Motion M-220485 (Nov. 3, 2022) is available in the record at R. Doc. 122-2.

along the following proposed schedule:

| Date | Milestone |
|------|-----------|
| 1/17/23 | CPC staff to transmit report to CPC Commissioners. |
| 1/24/23 | CPC Commissioners to hold public hearing on a new permanent STR ordinance under Docket ZD-002-23. |
| 2/2/23 | CPC to transmit its recommendations to the City Council. |
| 2/16/23 | City Council to introduce a CZO text amendment motion, which is required to lie over for twenty (20) calendar days under Home Rule Charter Sec. 3-112(5). [In interim, legislative staff to draft ordinance with language to amend CZO based on text amendment motion.] |
| 3/9/23 | City Council to introduce ordinances amending the CZO and City Code, which are required to lie over for six (6) calendar days under Home Rule Charter Sec. 3-112(4). |
| 3/23/23 | City Council to hold public hearing and consider final adoption of ordinances amending CZO and City Code. |

In addition, CPC staff plan to conduct a virtual public meeting on January 5, 2023 to take public input to include in the CPC staff report that will be transmitted to CPC Commissioners on January 17, 2023. The City Planning Commission has created a website to provide additional guidance to the public on when their meetings will occur and how to submit public input.[4]

## II. Legal and Factual Authority Regarding Temporary Permits for Applicants Who Were Denied a STR Permit.

This Honorable Court instructed the parties to report on the "Legal and factual authority regarding the possibility of a temporary permit for the party plaintiffs who were denied a STR permit prior to the Fifth Circuit's decision." R. Doc. 135. The City's position is that the Home Rule Charter and CZO do not allow for the unilateral creation of temporary zoning uses that would allow temporary STR permits in the interim period before the new permanent STR regulations are adopted. However, the City maintains that this Honorable Court has the jurisdiction and authority to order the City to do so to cure any legal infirmities within the City's ordinances.

3

Because the City's Home Rule Charter requires permanent changes to the City's CZO to first be subject to a public hearing and recommendations by the CPC, as described above, the City's position is that it lacks the legal authority to unilaterally create a temporary (or "interim") STR zoning designation that does not go through that process.

In addition, the City's position is that the temporary prohibition provisions that allowed for the City Council to impose a moratorium on new and renewed STR permits in August 2022 also do not allow for the creation of a temporary STR zoning designation, because <u>they only allow the City Council to *limit* zoning entitlements, not to *expand* them</u>.  Specifically, Home Rule Charter Sec. 3-126 states:

> **Temporary Prohibitions**. The Council may by the affirmative vote of a majority of its membership impose a moratorium ordinance, interim zoning district, **or other temporary prohibition** on zoning, permitting, and other similar functions where necessary to protect the public health, safety, or welfare for a temporary period."

Moreover, CZO art. 19.1 states:

> The City Council is authorized by Section 3-126 of the City's Home Rule Charter to impose temporary prohibitions on zoning "where necessary to protect the public health, safety, or welfare for a temporary period."  The two types of **prohibitions** generally used in the zoning context are interim zoning districts and moratoria.  These **temporary prohibitions** are intended to provide temporary zoning regulations within the boundaries of designated areas, notwithstanding existing zoning applicable to the area, pending a review of the appropriateness of applicable provisions of the zoning ordinance or development of new regulations by the City Planning Commission, and **are intended to prevent the establishment of uses** that are incompatible with the temporary prohibition for the legal duration of the prohibition.

Accordingly, the City's position is that the only manner in which a temporary zoning designation that would expand a zoning entitlement to allow a temporary STR permit without first going through the CPC process is <u>an order from this Court to do so</u>.

---

[4] See https://nola.gov/next/city-planning/news/short-term-rental-information/.

As a practical matter, upon an order of this Court to overcome the above legal obstacles, the City Council create an interim STR zoning designation and permit type through relatively minor amendments to the CZO and City Code. Articles 20.3.LLL.3 and 26.6 of the CZO would need to be amended to create an Interim Short-Term Rental zoning type and to remove the homestead exemption requirement from residential STR permits. City Code Sec. 26-629.1 would need to be amended to create an Interim STR Permit type, which would have the same requirements as Residential STR Permit, except that a homestead exemption would not be required and the Interim STR Permits would be eligible only to the named plaintiffs in this action and to homeowners who applied for STR permits but were subsequently denied permits between December 1, 2019 (the date the homestead exemption requirement went into effect) and August 29, 2022 (the date of the adoption of the current STR IZD) because the residence for which they sought the permit lacked a homestead exemption.

Finally, the order from this Court establishing Interim STR permits should explicitly state that all existing residential STR permits and interim STR permits would expire upon adoption of the new STR regulations. It should also state that residential STR permits and interim STR permits do not confer legal nonconforming use status under CZO article 19. These provisions would ensure that no distinctions based on a property's homestead exemption status persist, and that there would be a level playing field when the new permanent STR ordinance is adopted.

## III.     First Amendment Issues Concerning Discretion.

This Honorable Court instructed the parties to report on the "Parties' position(s), efforts, and progress regarding provisions to address the First Amendment issues concerning discretion." The City has agreed to amend City Code Sec. 26-625(a),[5] which is the section this Honorable

---

[5] City Code Sec. 26-625(a) states, "The department shall have discretion to determine whether an applicant for a

Court found to confer too much discretion on City officials when evaluating whether to grant or renew an STR permit. R. Doc. 74. Plaintiffs have consented to the City's proposed replacement language, which is as follows:

> "The department shall issue a permit to any applicant who meets all of the requirements set forth in Sec. 26-617, 26-619, or 26-621, as applicable; however, notwithstanding the foregoing, the department shall not issue or renew a permit for any applicant if any of the following conditions exist:
>
> 1. There is a judgment from the City related to the subject property or against the applicant which has not been fully satisfied;
>
> 2. There are any unpaid taxes, fees, fines or penalties levied by the City against the property or the applicant;
>
> 3. The applicant is a corporate entity that is not in good standing with the State of Louisiana;
>
> 4. There are open permits for new construction, structural or non-structural renovation, and/or electrical or mechanical work on the subject property; and/or
>
> 5. There are open violations on the subject property related to any of the following:
>
>    a. Electrical or mechanical code violations; and/or;
>
>    b. Work without permits."

The City further agrees that no subsequently enacted short term rental ordinance shall allow the City discretion to deny an STR permit to any applicant who meets all of the requirements of the ordinance.

The parties intend to submit a proposed Consent Order to this Court to direct the City Council to affect the aforementioned amendment.

---

permit is eligible, and if the dwelling unit identified in the application meets the criteria established by law, and whether a permit should be issued. The department may decline to issue or renew a permit when it has good cause to do so. In determining whether "good cause" exists, the department may consider prior violations of this chapter, as well as prior suspensions and revocations. If a permit is not ultimately issued or renewed by the department, an applicant may appeal as provided in section 26-625(b)."

IV.     **Status of Settlement Negotiations.**

Since this Court's December 5, 2022 Order, the parties have primarily been negotiating the details of temporary STR permits and an amendment to the discretionary language in City Code Sec. 26-625(a).  As for attorneys fees and damages, the City requested an accounting of the relevant attorneys fees, but Plaintiffs' attorney declined to provide that information, because Plaintiffs' counsel believes it is inappropriate to negotiate attorney's fees before relief to the plaintiffs, or plaintiff class members, has been agreed upon. In addition, no damages demand has been made on behalf of any Plaintiff for the City to evaluate.   Instead, Plaintiffs are seeking leave of this Court to amend their lawsuit to plead a class-action complaint.  Whether this Court grants leave or certifies this lawsuit as a class-action would likely need to be resolved before damages negotiations can take place.

Respectfully submitted,

*/s/* Dawn Adams Wheelahan
Dawn Adams Wheelahan, Trial Counsel
La. Bar No. 19263
1616 Valmont Street
New Orleans, Louisiana 70115
Telephone: 512-689-1153
Email: dwheelahan@gmail.com
*Counsel for Plaintiffs*

/s/ Daniel T. Smith
DANIEL T. SMITH, LSB #36678
ASSISTANT CITY ATTORNEY
MARK DANIEL MACNAMARA, LSB #24532
ASSISTANT CITY ATTORNEY
SHAWN LINDSAY, LSB #28466
DEPUTY CITY ATTORNEY
DONESIA D. TURNER, LSB #23338
CITY ATTORNEY
1300 PERDIDO STREET, ROOM 5E-03
NEW ORLEANS, LOUISIANA 70112
TELEPHONE: (504) 658-9800
EMAIL: dtsmith@nola.gov
Counsel for City of New Orleans