# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SAMANTHA HIGNELL-STARK<br>WHITE SPIDER RENTAL<br>CONCIERGE, LLC.,<br>RUSSELL FRANK,<br>SAMANTHA and BOB MCRANEY,<br>and JIMMIE TAYLOR<br>        Plaintiffs<br>    versus<br>The CITY OF NEW ORLEANS<br>        Defendant | CIVIL ACTION NO. 19-cv-13773<br><br>JUDGE: IVAN L. R. LEMELLE<br><br>MAG.: Janis Van Meerveld |

**Consolidated with/**

| | |
|---|---|
| KURT KLEBE<br>        Plaintiff**s**<br>versus<br><br>The CITY OF NEW ORLEANS<br>        Defendant | CIVIL ACTION NO. 22-2991<br>SEC. B<br><br>JUDGE: IVAN L. R. LEMELLE<br><br>MAGISTRATE: Janice Van Meerveld |

## CONSENT ORDER

**WHEREAS,** Plaintiffs in the *Hignell* action, No. 19-cv-13773, filed the instant action in November, 2019 alleging, *inter alia*, that the City's short term rental (STR) ordinances comprise violations of the First Amendment to the United States Constitution, and the Dormant Commerce Clause;

**WHEREAS,** in its ruling in *Hignell-Stark v. City of New Orleans*, Case No. 21- 30643, the United States Court of Appeals for the Fifth Circuit determined that the City's STR ordinances violate the Dormant Commerce Clause of the United States Constitution by differentially treating properties based on homestead exemption status;

**WHEREAS,** this Honorable Court found, in this action, that the City's STR ordinances

allow the City unbridled discretion to deny an STR permit to an applicant;

**WHEREAS,** the parties have agreed to eliminate permanently from the City's STR ordinances the City's discretion to deny an STR permit to an applicant who meets all of the ordinances' standards for obtaining the permit;

**WHEREAS,** the parties are continuing to negotiate a resolution to the Commerce Clause violation found by the Fifth Circuit Court of Appeals in the City's ordinances, and the City has enacted Motion M-22-485 to facilitate amending its STR ordinances to eliminate the requirement of a homestead exemption to obtain an STR permit;

**WHEREAS,** the parties wish to mitigate the accumulation of damages that might be incurred in the interim period during which the City and its Planning Commission study options prior to enactment of changes to the City's STR ordinances;

**THEREFORE**, the parties jointly request that the Court enter this Consent Order as the Order of the Court, providing as follows:

**I.     CORRECTION TO DISCRETIONARY PERMITTING LANGUAGE**

   **A.**     The City shall amend City Code Sec. 26-625(a) to eliminate the discretion provided to City officials when evaluating an STR permit, replacing it with the language below:

"The department shall issue a permit to any applicant who meets all of the requirements set forth in Sec. 26-617, 26-619, or 26-621, as applicable; however, notwithstanding the foregoing, the department shall not issue or renew a permit for any applicant if any of the following conditions exist:

1.     There is a judgment from the City related to the subject property or against the applicant which has not been fully satisfied;

2. There are any unpaid taxes, fees, fines or penalties levied by the City against the property or the applicant;

3. The applicant is a corporate entity that is not in good standing with the State of Louisiana;

4. There are open permits for new construction, structural or non-structural renovation, and/or electrical or mechanical work on the subject property; and/or

5. There are open violations on the subject property related to any of the following:

   a. Electrical or mechanical code violations; and/or

   b. Work without permits."

**B.** The City further agrees that no subsequently enacted short term rental ordinance shall allow the City discretion to deny an STR permit to any applicant who meets all of the requirements of the ordinance.

## II. INTERIM STR PERMITS

**A.** The City shall issue **Interim STR permits** to the named plaintiffs in this action and to homeowners who applied for STR permits between December 1, 2019 and August 29, 2022 but were denied permits because the residence for which they sought the permit lacked a homestead exemption.

1. The Interim STR permits shall be issued subject to the provisions of the attached Exhibit A.

2. Applicants shall pay no more than $125 to apply for an Interim Permit.

3. The City shall notify homeowners eligible for Interim STR Permits at their last known email address.

4. The City shall issue Interim STR Permits to applicants with all due haste, but in no case later than 14 days after an application is filed and the required fee paid.

5.  Interim STR Permits shall expire on the effective date of the ordinance contemplated by City Council Motion M-22-485, dated November 3, 2022.

6.  Interim STR Permits shall not be deemed to create a "nonconforming use" as defined in the Comprehensive Zoning Ordinance.

7.  This Order does not effect any change to the City's ordinances other than those set forth herein and in the attached Exhibit A.

Respectfully submitted,

/s/ *Dawn Adams Wheelahan*
**Dawn Adams Wheelahan**
Trial Counsel
La. Bar No. 19263
1819 Joseph Street
New Orleans, Louisiana 70115
Telephone: 512-689-1153
Email: dwheelahan@gmail.com

/s/ Daniel T. Smith
DANIEL T. SMITH, LSB #36678
ASSISTANT CITY ATTORNEY
MARK DANIEL MACNAMARA, LSB #24532
ASSISTANT CITY ATTORNEY
SHAWN LINDSAY, LSB #28466
DEPUTY CITY ATTORNEY
DONESIA D. TURNER, LSB #23338
CITY ATTORNEY
1300 PERDIDO STREET, ROOM 5E-03
NEW ORLEANS, LOUISIANA 70112
TELEPHONE: (504) 658-9800
FACSIMILE: (504) 658-9868
EMAIL: dtsmith@nola.gov
Counsel for City of New Orleans

**EXHIBIT A**

**26-629.1. – Interim STR Permits**
(a) No dwelling unit may be used as a short-term rental unit unless the owner possesses a short term rental owner permit or an interim short-term rental owner permit in accordance with this article.
(1) An interim short-term rental owner permit shall be valid from the date of issuance until the effective date of a newly-enacted permanent short term rental ordinance.
(2) A separate interim short-term rental owner permit shall be required for each dwelling unit used as a short-term rental.
(3) A short-term rental interim owner permit shall be consistent with the dwelling unit-per-lot-of-record, guest bedroom, guest occupancy, and any other applicable density limitations set forth in the Comprehensive Zoning Ordinance.
(b) The application for a short-term rental interim owner permit shall be on forms created by the department, which shall, at a minimum, require the following information from applicants:
(1) The name, address, phone number, and email contact information of the owner.
(2) The municipal address of the dwelling unit associated with the short-term rental interim owner permit.
(3) The total number of dwelling units located on the lot-of-record containing the dwelling unit associated with the short-term rental interim owner permit application.
(4) The name, address, phone number, email contact information, and permit number of the operator designated by the owner to satisfy the requirements of this article with respect to the dwelling unit associated with the short-term rental owner permit. If the designated operator has not yet received a permit number, the applicant shall provide evidence of a contemporaneous application for a short term rental operator's permit by the designated operator.
(c) The following additional documentation shall be submitted to the department, along with the application, prior to processing:
(1) A list of platforms that will be used to solicit booking transactions for the dwelling unit associated with the short-term rental owner permit, and correlating printouts or URL links soliciting the short-term rental, if any.
(2) A floor plan depicting all:
i. entrance and exit doors,
ii. windows,
iii. Guest bedrooms and bedrooms,
iv. bathrooms,
v. kitchens, and
vi. interior doors.
(3) An evacuation plan indicating:
i. the fire exits and escape routes;

ii. the location of smoke detectors;
iii. the location of fire extinguishers; and
iv. the location of carbon monoxide detectors.
4) A site plan indicating the location of any required parking.

[Paragraph pertaiming to commercial permits deleted.]

(6) An attestation signed by the owner providing that:
i. The dwelling unit has no outstanding property taxes or city liens associated with the lot-of-record, nor does the owner owe any other outstanding taxes to the city, including taxes and fees owed in connection with short-term rentals;
ii. The dwelling unit complies, and will comply during any short-term rental of the dwelling unit, with all standards contained in the city's Minimum Property Maintenance Code and all health safety requirements contained in the Building Code;
iii. The dwelling unit has working smoke detectors inside and outside every bedroom, carbon monoxide alarms outside every bedroom, and a properly maintained and charged fire extinguisher on all habitable floors;
iv. The dwelling unit is not subject to any contractual restrictions precluding the dwelling unit from being used for short-term rentals, including but not limited to: homeowner association agreements, condominium bylaws, restrictive covenants, or building restrictions; and
v. The owner has read, understands, and agrees to comply with all legal duties imposed by this article and the Comprehensive Zoning Ordinance.
• The owner possesses insurance that meets the requirements of section 26-618(a)(1)
vi. The owner will not discriminate in guest use or rental of a short-term rental, and will comply with all applicable anti-discrimination laws, including but not limited to: Title VII of the Civil Rights Act of 1968, the Fair Housing Act (FHA), and the Americans with Disabilities Act (ADA).
(d) Every short-term rental interim owner permit issued by the department shall contain the following information:
(1) Short-term rental interim owner permit number,
(2) Municipal address of the dwelling unit associated with the permit;
(3) Owner's name and contact information;
(4) Operator's name and contact information;
(5) Permit type,;
(6) The permit's effective and expiration dates; and
(7) The guest bedroom and occupancy limit of the dwelling unit associated with the permit.
(e) *Legal duties.* An owner possessing a short-term rental interim owner permit shall comply at all times with the following requirements:
(1) Insurance. The owner shall maintain in full force and effect at all times, a minimum of $1,000,000.00 in "commercial general liability" insurance per

occurrence, combined single limit, for bodily injury, personal injury, and property damage arising in any way from the issuance of the permit or activities conducted pursuant to the permit, for each dwelling unit used as a short-term rental.

(2) Guest records. The owner shall maintain guest registration records, which shall contain the actual dates of occupancy, total number of guests per party, per stay, and the rate(s) charged. Such records shall be maintained for three years and shall be provided to the city upon request, in accordance with applicable law. Personally identifiable guest information may be redacted.

(3) Short-term rental advertisements. The owner shall ensure that the following information be provided in connection with any short-term rental advertisement:
a. The short-term rental interim owner permit number;
b. The short-term rental operator permit number of the designated operator.
c. Whether the dwelling unit is wheelchair accessible or otherwise compliant with the Americans with Disabilities Act;
d. The number of available guest bedrooms as indicated on the owner permit; and
e. The maximum available occupancy of the dwelling unit as indicated on the owner permit.

(4) Adherence to dwelling and occupancy limits. Short-term rentals shall be subject to, and may not exceed, the dwelling-unit-per-lot-of-record, guest bedroom, guest occupancy, and density limitations set forth in the Comprehensive Zoning Ordinance.

(5) Required postings at the short-term rental.
a. The owner shall ensure that a copy of the owner permit is displayed in a location clearly visible and legible to both guests and neighbors.
b. The owner shall ensure that the following are displayed in a location clearly visible and legible to guests:
i. An evacuation diagram identifying fire escapes and all means of egress from the dwelling unit and the building in which the dwelling unit is located; and
ii. Trash disposal and recycling collection days.

(6) Health and safety. The owner shall ensure that each dwelling unit governed by this article complies with the following standards:
a. Walls, ceilings, floors, windows, fixtures and furnishings throughout the dwelling unit shall be maintained in a clean condition at all times and shall be in good repair.
b. All rooms shall be adequately lighted and properly ventilated by natural or artificial means or both, and shall be provided with adequate heating and air-conditioning facilities. All natural gas fired heaters shall be vented to the outside atmosphere.
c. Each guest shall be furnished with clean towels, washcloths, and bed linens. Sheets must be of sufficient width and length to completely cover the

mattress and be turned under the mattress so as to properly secure the sheet. All towels, washcloths and bed linens shall be kept in good repair and changed between rentals.

d. All dishes, utensils, pots, pans and other cooking utensils shall be provided to guests in a safe and sanitary condition. The permittee shall ensure that all perishables left by the guests are disposed of at the conclusion of a short-term rental.

e. Each dwelling unit shall have a working fire extinguisher, smoke alarms, and carbon monoxide detectors and shall comply with all applicable fire codes;

f. The dwelling unit shall have working locks, operable by guests, at all points of ingress and egress;

g. Every dwelling unit shall comply with applicable provisions of the Comprehensive Zoning Ordinance, the Minimum Property Maintenance Code as provided in Chapter 26, Article IV, and the New Orleans Building Code, as provided in section 26-14 et seq.

(7) *Short-term rental guest use limitations.* The owner shall ensure that no dwelling unit used as a short-term rental, is used as a reception facility, or any other commercial use defined by the Comprehensive Zoning Ordinance, during guest use of the short-term rental.

(8) *Criminal activity.* The owner shall timely report any known or suspected criminal activity by a guest to the New Orleans Police Department.

(9) *Reasonable inspections.* The owner shall submit to inspections authorized by section 26-624.

(10) *Owner/operator availability.* The owner shall:

a. Ensure the permitted operator is available during all periods of guest occupancy, including nights and weekends, to facilitate compliance with this article. Availability requires, at a minimum, that the operator be:

1. Accessible by telephone; and
2. Able to be physically present at the short-term rental within one hour of being contacted.

b. Serve as the point of contact for guests.

c. Receive and timely resolve complaints from neighbors regarding disruptive short-term rentals.

(11) *Taxes and fees.* Except for those instances in which a platform bears the responsibility for collecting and remitting taxes and fees applicable to short-term rentals, as provided in section 26-622.1, the owner shall timely remit all applicable local, state, and federal taxes and city fees owed in connection with any short-term rental. The failure of a platform to collect and remit taxes and fees pursuant to section 26-622.1 shall not relieve an owner of the obligation to pay taxes and fees owed pursuant to this article.

(12) *Compliance with other laws.* The owner shall ensure that any short-term rental fully complies with this article, the Comprehensive Zoning Ordinance, and all other applicable laws.

(f) *Prohibited acts.* The following acts shall be prohibited and may be grounds for suspension or revocation of a short-term rental interim owner permit, or any other remedy authorized by the article.
(1) Advertising an illegal short-term rental.
(2) Exceeding in any advertisement, the legally available dwelling-unit-per-lot-ofrecord limitation set forth in the Comprehensive Zoning Ordinance.
(3) Exceeding in any advertisement, the legally available guest bedroom limitation set forth in the Comprehensive Zoning Ordinance.
(4) Exceeding in any advertisement, the legally available guest occupancy limitations set forth in the Comprehensive Zoning Ordinance.
(5) Exceeding the dwelling-unit-per-lot-of-record limitation set forth in the Comprehensive Zoning Ordinance.
(6) Exceeding the guest bedroom limitation set forth in the Comprehensive Zoning Ordinance.
(7) Exceeding the guest occupancy limitations set forth in the Comprehensive Zoning Ordinance.
(8) Using a dwelling unit as a reception facility, or for any other commercial use defined by the Comprehensive Zoning Ordinance, during a short-term rental. No special event permit shall be obtained for an event occurring at a dwelling unit during any period of guest occupancy.
(9) Rental of the dwelling unit by the hour or for any period less than one night.
(10) Rental of a single dwelling unit to more than one party of guests at one time.
(11) Short-term rental use that generates excessive loud sound, offensive odors, public drunkenness, unlawful loitering, lewd conduct by guests or any effect that otherwise unreasonably interferes with neighbors' quiet enjoyment of their properties. For purposes of this paragraph, excessive loud sound means any noise, generated from within the dwelling unit or having a nexus to the dwelling unit that is louder than a conversational level, or any music that is plainly audible from the property line of the lot containing the dwelling unit, between the hours of 10:00 p.m. and 8:00 a.m.
(12) Short-term rental use that places loads on structural elements or components of buildings, including, but not limited to, porches, balconies, and roof decks, in excess of the minimum design loads required by the Building Code.
(13) Violations of the submitted noise abatement plan, security and operation plan, or the sanitation plan.
(14) Discriminating against any guest, or potential guest, because of race, color, sex, gender identity, age, religion, disability, national origin, ancestry, sexual orientation, marital status, parental status, military discharge status or source of income.
(15) Failure to comply with any other legal duty imposed by this article or correlating provisions in the Comprehensive Zoning Ordinance, and all other applicable laws.
(g) *Ongoing duty.* An owner possessing a short-term rental owner permit may delegate the

performance of any duties set forth in this section to the permitted short-term rental operator identified in the owner's application to the department. Notwithstanding that delegation, the owner remains principally responsible for the performance of all duties created hereunder, and may not assert the non-performance of a short-term rental operator as a defense to any action arising from a breach of the owner's duties under this article.

**************

*Comprehensive Zoning Ordinance Changes:*
Article 26.6 Definitions
Short Term Rental. Short Term Rental. The use and enjoyment by guests of a Dwelling Unit, or any portion thereof, for a period of less than thirty (30) consecutive days, in exchange for money, commodities, fruits, services, or other performances. Hotels, motels, bed and breakfasts, and other land uses explicitly defined and regulated in the CZO separately from Short-Term Rentals are not considered to be Short-Term Rentals. A short term rental is further defined as follows:
Short-Term Rental, Interim. A short term rental where the owner has previously applied for or obtained a Residential Short Term Rental license but was subsequently denied a license on the basis of not having a Homestead Exemption.
**Article 20.3.LLL.1 Short Term Rental General Standards**
e. Commercial, **Interim** and Residential short term rentals shall be considered dwelling units for density purposes and subject to the minimum lot area per dwelling unit requirement of the applicable zoning district.
Article 20.3.LLL.7 Short Term Rental, Interim Standards
No Interim Short-Term Rentals shall be permitted in the area bounded by the Mississippi River, Iberville Street, N. Rampart Street, and Esplanade Avenue, unless specifically authorized herein. This provision shall not be waived.
a. If more than one (1) principal building exists on a lot, or two (2) or more contiguous lots have been historically acquired together and the second building was originally constructed and has been used for habitable space, as defined by the Building Code, at least five (5) years prior to the establishment of the short term rental, it may be included in the operation of the short term rental.
b. Up to five (5) guest bedrooms may be rented to guests, and occupancy shall be limited to two (2) guests per guest bedroom with a maximum ten (10) guests.

*************************