UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SAMANTHA HIGNELL-STARK**<br>**WHITE SPIDER RENTAL**<br>**CONCIERGE, LLC.,**<br>**RUSSELL FRANK,**<br>**SAMANTHA and BOB MCRANEY,**<br>**and JIMMIE TAYLOR**<br>      Plaintiffs | **CIVIL ACTION NO. 19-cv-13773**<br><br>**JUDGE: IVAN L. R. LEMELLE**<br><br>**MAGISTRATE: Janice Van Meerveld** |
| **VERSUS** | |
| **THE CITY OF NEW ORLEANS**<br>      Defendant | |

**Consolidated with/**

| | |
|---|---|
| **KURT KLEBE**<br>      Plaintiffs | **CIVIL ACTION NO. 22-2991 SEC. B** |
| **VERSUS** | |
| **The CITY OF NEW ORLEANS**<br>      Defendant | **JUDGE: IVAN L. R. LEMELLE**<br><br>**MAGISTRATE: Janice Van Meerveld** |

---

**JOINT STATUS MEMORANDUM**

NOW INTO COURT, through undersigned counsel, come Plaintiffs, Samantha Hignell-Stark, White Spider Rental Concierge, LLC, Garett Majoue, Russell Frank, Samantha and Bob McCraney, Jimmie Taylor, and Kurt Klebe, and Defendant the City of New Orleans (the "City"), who respectfully submit this Joint Status Report, pursuant to this Court's December 5, 2022 Order (R. Doc. 135).

Although the City assed a new STR ordinance on March 23, 2023, the Plaintiffs maintain

1

that issues still remain in this litigation.  The parties' respective positions are as follows:

### Plaintiffs

Defendant, the City, cooperated in negotiating a Consent Order, entered January 9, 2023, providing for issuance of interim Short-Term Rental (STR) permits to former permit holders who are, or were, non-residents, and agreeing that no future ordinance would allow the City discretion to refuse an STR permit to an applicant who met all the ordinance's requirements for obtaining one. (Rec. Doc. 146). But that is where the City's cooperation ended.

The City has refused to negotiate with Plaintiffs' counsel as ordered by the Court at the December 5, 2022 status hearing. The City has failed to respond at all to two reasonable settlement offers from Plaintiffs. And the City has enacted an ordinance that (1) contains a residency requirement virtually identical to the one already ruled unconstitutional by the Fifth Circuit; (2) contains multiple *additional* unconstitutional provisions, briefly listed below; and (3) does not take effect until July, 2023, leaving in place an Interim Zoning District enactment that continues the Commerce Clause violation found by the Fifth Circuit in August, 2022, for nearly a year, contrary to this Court's order at the December 5, 2022 status hearing.  The attached exhibit 1 shows that the City continues, in defiance of the Fifth Circuit's decision, to declare to homeowners that they must have a homestead exemption in order to obtain an STR license.

It is not the purpose of this Status Report to serve as a full memorandum on the issues raised by the City's STR ordinances passed March 23, 2023. Plaintiffs briefly note that:

(1) The City Planning Commission (CPC) report issued January, 2023, refers to three earlier studies, but contains no new data nor any reference to any new or newly-gathered information, nor any indication that any study had been done.

2

(2) The permanent residency requirement for operators in the March, 2023 STR ordinance—not only while an STR guest is in residence—violates the Commerce Clause in exactly the same way as found by the Fifth Circuit with respect to owners, in the previous ordinance.

(3) The income tax and record disclosures required by the March, 2023 ordinance violate the Fourth Amendment.

(4) The provisions in the March, 2023 ordinance prohibiting any corporate or juridical entity other than a natural person from obtaining an STR license violate the First Amendment under the Supreme Court's *Citizens' United* decision, 558 U.S. 310 (2010), and Louisiana law and jurisprudence.

(5) The provisions in the March, 2023 ordinance treating homeowners in different residential neighborhoods differently, with respect to the same residential use of their homes, contrary to the recommendations of the CPC in its extensive 2018 study, violate the Due Process and Equal Protection Clauses.

(6) The provisions in the March, 2023 ordinance providing for random and standardless enforcement of the ordinance, both by the City and by private individuals violate the Due Process Clause.

### City of New Orleans

While the City recognizes and understands that the issues outlined above do not serve as a full memorandum on the issues, the lack of specificity likewise makes it difficult to respond to them in depth. Nonetheless, the City endeavors to respond as follows:

(1) As ordered by the Court, the City enacted a new short-term rental ordinance prior to March 31, 2023. The ordinance as amended is attached hereto.

(2) The City disagrees with Plaintiffs' position that the City discontinued cooperating. Undersigned counsel has brought all issues raised by Plaintiffs' counsel to the attention of the appropriate City officials.  Moreover, as Plaintiffs' counsel is aware, the City Council is the legislative body of the City and passed an ordinance that they believe serves the interests of the public at large and complies with the law.  This ordinance was passed at a public meeting and any interested citizen had the ability to submit their concerns or suggestions to the City Council.

(3) The City disagrees that it has refused to negotiate with opposing counsel.  As stated in earlier status reports, the Plaintiffs have sought to expand this litigation, a position that the City does not believe is warranted nor supported under the law.  Further, Plaintiffs' offers of settlement contained was predicated on amendments to the ordinance to which the City could not agree.  As stated above, the City Council is an elected body that was tasked with considering any issues brought forward by the public and/or Plaintiffs before making a final decision on the language of the newly enacted short-term renal ordinance.

(4) As to the issues raised in paragraph (1) above, the City is unclear as to what issues are raised in the paragraph nor what relevance they have concerning the City Planning Commission's Report.

(5) As to paragraph (2) above, the City asserts that residency requirement for operators does not violate the Commerce Clause.  Further, it was drafted in light of, and is entirely consistent with, the Fifth Circuit's ruling herein as well as similar legislation that has been upheld by the Ninth Circuit in *Rosenblatt v. City of Santa Monica*, 940 F.3d 439 (9th Cir. 2019).

(6)  As to paragraph (3) above, the City does not fully understand the argument of counsel regarding "income tax and record disclosures" as being violative of the Fourth Amendment.

4

Nonetheless, tax disclosures and record keeping are routinely required for individuals and entities engaging in business enterprises in municipalities.

(7) As to paragraph (4) above, the requirement that only natural persons may obtain a short-term rental permit is entirely consistent with the United States Constitution, the Louisiana Constitution of 1974, and applicable jurisprudence.  Further, the City disagrees with the applicability of *Citizen's United* to the facts of this case.

(8) As to the issues raised in paragraph (5) above, the City is unclear as to what issues are raised in the paragraph nor what relevance they have concerning the City Planning Commission's Report.

(9) As to paragraph (6) above, the City does not fully understand the issue raised in the paragraph, Nonetheless, the City disagrees that the ordinance provides for "random and standardless enforcement."

Pursuant to the Court's order of March 22, 2023 (Rec. Doc. 154), the parties submit herewith their proposed scheduling order pursuant to Fed. R. Civ. P. 16.

Respectfully submitted,

| | |
|---|---|
| s/ *Mark D. Macnamara* | /s/ *Dawn Adams Wheelahan* |
| **MARK DANIEL MACNAMARA #24532** | **DAWN ADAMS WHEELAHAN** |
| Email: dmacnamara@nola.gov | Trial Counsel |
| **CORWIN ST. RAYMOND, LSBA #31330** | La. Bar #19263 |
| CHIEF DEPUTY CITY ATTORNEY | 1819 Joseph Street |
| **DONESIA D. TURNER, LSBA #23338** | New Orleans, Louisiana 70115 |
| CITY ATTORNEY | Telephone:  512-689-1153 |
| 1300 PERDIDO STREET - ROOM 5E-03 | Email:  dwheelahan@gmail.com |
| NEW ORLEANS, LOUISIANA 70112 | *Plaintiffs' Counsel* |
| TELEPHONE: (504) 658-9800 | |
| FACSIMILE: (504) 658-9868 | |

*Counsel for City of New Orleans*

6

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**SAMANTHA HIGNELL-STARK**
**WHITE SPIDER RENTAL**
**CONCIERGE, LLC.,**
**RUSSELL FRANK,**
**SAMANTHA and BOB MCRANEY,**
**and JIMMIE TAYLOR**
Plaintiffs

**VERSUS**

**THE CITY OF NEW ORLEANS**
Defendant

**CIVIL ACTION NO. 19-cv-13773**

**JUDGE: IVAN L. R. LEMELLE**

**MAGISTRATE: Janice Van Meerveld**

**Consolidated with/**

**KURT KLEBE**
Plaintiffs

**VERSUS**

**The CITY OF NEW ORLEANS**
Defendant

**CIVIL ACTION NO. 22-2991 SEC. B**

**JUDGE: IVAN L. R. LEMELLE**

**MAGISTRATE: Janice Van Meerveld**

**PROPOSED SCHEDULING ORDER**

Plaintiffs and Defendants respectfully submit the following proposed scheduling order pursuant to Fed. R. Civ. P. 16.

**Motions to amend the pleadings or join additional parties shall be filed no later than 14 days after entry of this order.**

**Dispositive motions shall be filed no later than 60 days after entry of this order.**

**Responses to dispositive motions, shall be due in accordance with the Court's usual procedures, and Replies to Responses shall be due no later than seven days after filing of**

the Response.

The parties agree that further discovery shall be postponed until the Court's decision of dispositive motions.

<div style="text-align:center">Respectfully submitted,</div>

s/ *Mark D. Macnamara*
**MARK DANIEL MACNAMARA #24532**
Email: dmacnamara@nola.gov
**CORWIN ST. RAYMOND, LSBA #31330**
CHIEF DEPUTY CITY ATTORNEY
**DONESIA D. TURNER, LSBA #23338**
CITY ATTORNEY
1300 PERDIDO STREET - ROOM 5E-03
NEW ORLEANS, LOUISIANA 70112
TELEPHONE: (504) 658-9800
FACSIMILE: (504) 658-9868

*Counsel for City of New Orleans*

/s/ *Dawn Adams Wheelahan*
**DAWN ADAMS WHEELAHAN**
Trial Counsel
La. Bar #19263
1819 Joseph Street
New Orleans, Louisiana 70115
Telephone: 512-689-1153
Email: dwheelahan@gmail.com
*Plaintiffs' Counsel*