UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SAMANTHA HIGNELL-STARK<br>WHITE SPIDER RENTAL<br>CONCIERGE, LLC.,<br>RUSSELL FRANK,<br>SAMANTHA and BOB MCRANEY,<br>JIMMIE TAYLOR,<br>KURT KLEBE,<br>ZACHARY BENNETT and<br>SUMMIT NOLA III, LLC | CIVIL ACTION NO. 19-cv-13773<br><br>JUDGE: IVAN L. R. LEMELLE |
|                 Plaintiffs | MAG.: Janis Van Meerveld |
|       versus | |
| The CITY OF NEW ORLEANS<br>                Defendant | |

*************************************************************************

**CONSOLIDATED AMENDED COMPLAINT - CLASS ACTION**

Plaintiffs' Consolidated Amended Class Action Complaint respectfully represents as follows:

1.

Plaintiffs file this Amended Complaint pursuant to the Court's Scheduling Order (Rec. Doc. 157) and the provisions of Fed. R. Civ. P. 15(a)(2).

2.

This Amended Complaint is filed to bring additional claims in response to the City's newly enacted amendments to the City Code's Short Term Rental (STR) ordinance (see 29,381 M.C.S.) and amendments to the City's Comprehensive Zoning Ordinance (see 29, 382 M.C.S.) pertaining to STRs; and to add claims brought by Plaintiff, Summit NOLA III, LLC arising from provisions in the newly enacted ordinances.

## JURISDICTION AND VENUE

3.

Plaintiffs bring this action asserting violations by defendant, the City of New Orleans, of the Commerce Clause (Art. 1, §8, cl. 3), and the First and Fourth Amendments to the United States Constitution, incorporated by the Fourteenth Amendment to the United States Constitution, pursuant to the provisions of 42 U.S.C. 1983 and 42 U.S.C. 1988. Plaintiffs also allege violations of the Due Process and Equal Protection clauses of the Fourteenth Amendment against the City.

Plaintiff seek relief under the provisions of the Declaratory Judgment Act, 28 U.S.C. 2201, and 28 U.S.C. 2202, as well as damages under 42 U.S.C. 1983 and 42 U.S.C. 1988, and restitution of fines unlawfully collected and still held by defendant, the City of New Orleans.

4.

This Honorable Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. 1331 (federal question). Venue is proper in the Eastern District of Louisiana under 28 U.S.C. 1391 because defendant, the City of New Orleans, is subject to personal jurisdiction in this district, and because the events giving rise to Plaintiff' claims occurred and continue to occur in this district.

## PARTIES

5.

Plaintiff, **Samantha Hignell-Stark**, is a person of the age of majority, and a citizen of Portland, Oregon, who owns a 50% interest in a residence located at 814 Alvar Street in the Bywater neighborhood of New Orleans, Louisiana.

6.

Plaintiff, **White Spider LLC**, is a limited liability company doing business in several cities nationwide, including New Orleans, Louisiana, providing operating services to short term rental owners in connection with short term rental of their homes and apartments.

7.

Plaintiff, **Garett Majou**, is a person of the age of majority, and a citizen of New Orleans, Louisiana. **Majou** owns a home on Soniat Street in New Orleans, Louisiana.

8.

Plaintiffs, Bob and Samantha McRaney are citizens of New Orleans, Louisiana, who have owned a home on Royal Street in the French Quarter of New Orleans for more than twenty years.

9.

Plaintiff, Russell Frank, is a person of the age of majority and a citizen of New Orleans, Louisiana, who owns a home in New Orleans, and has owned several homes where he has been arbitrarily denied a short term rental permit by the City of New Orleans, although he met all requirements in the City's ordinance for obtaining the license..

10.

Plaintiff, Jimmie Taylor, is a person of the age of majority, a citizen of New Orleans, Louisiana, and a long-time member of the United States armed services, who owns homes on St. Anthony Street and on Barracks Street in New Orleans, Louisiana.

11.

Plaintiff, **Kurt Klebe**, is a person of the age of majority, and a resident and citizen of Denver, Colorado. **Klebe,** formerly a New Orleans resident**,** owns a home located on Magazine

Street in New Orleans, Louisiana.

12.

Plaintiff, **Zachary Bennett**, is a person of the age of majority, who owns a home in New Orleans, and was denied a short term rental license by the City of New Orleans in 2020 because he worked in California and was therefore ruled ineligible for a homestead exemption by the City of New Orleans.

13.

Plaintiff, **Summit NOLA III, LLC** is a limited liability company chartered by the State of Louisiana. Plaintiff, **Kurt Klebe**, owns a 60% interest in **Summit NOLA III, LLC**.

14.

Defendant, **the City of New Orleans**, is a political subdivision of the State of Louisiana and a municipal corporation organized under the laws of the State of Louisiana and the Home Rule Charter of the City of New Orleans, subject to the jurisdiction and venue of this Court. At all times relevant hereto the City acts in its official capacity as a municipality chartered under the laws of the State of Louisiana.

## FACTUAL ALLEGATIONS

15.

In December, 2016, the Council of the City of New Orleans (the Council or City Council) adopted a series of ordinances amending the City's Comprehensive Zoning Ordinance (CZO) and City Code to authorize, define and regulate various categories of short term rentals (STRs). STRs are defined as rental of all or a portion of a residential dwelling unit for a period of less than thirty consecutive days. CZO Art.26.2; City Code Art. XI, Sec. 26-613, *et seq*. **The ordinances went into effect April 1, 2017**, superceding City Code Article 54:491.1, which

purported to govern offers to rent property for less than thirty days in New Orleans.

16.

In August, 2019, the City enacted amendments to the Code and CZO governing STRs, which took effect **December 1, 2019.** (Ordinances M.C.S. 28,156 and M.C.S. 28, 157). These amendments, among other unconstitutional provisions, prohibited issuance of an STR permit to any home except the owner's principal residence, evidenced by a homestead exemption. These amendments denied all non-residents, as well as residents without homestead exemptions, access to STR permits for their homes, and therefore, access to internet platforms to advertise their homes.

17.

In July, 2021, this Honorable Court found, in this proceeding, that the above-referenced STR ordinances were unconstitutional, in violation the First Amendment, by requiring a permit from the City to advertise a home and allowing the City unbridled discretion to deny the permit, even where all requirements for obtaining a permit were met. (Rec. Doc. 74).

18.

In August, 2022, the Fifth Circuit Court of Appeals found on appeal, in this case, that the City's residency requirement to obtain a STR permit was unconstitutional, in violation of the dormant Commerce Clause.

19.

In response to the Fifth Circuit's ruling, and in defiance of it, the City passed an Interim Zoning District enactment on August 29, 2022, which prohibited issuing any new STR permit so that no non-resident homeowner could obtain a permit, while leaving those permits already issued in effect for at least another six months.

20.

In April, 2023, the City Council enacted amendments to the Code and CZO pertaining to STRs, which, among other unconstitutional provisions, provide that homeowners may not advertise their homes on internet platforms without a STR permit from the City. **The ordinances are numbered 29, 381 M.C.S. (City Code) and 29, 382 M.C.S. (CZO).** The ordinances, among other unconstitutional provisions:

(1)  swap an unconstitutional permanent residency requirement for STR operators in place of the nearly identical one found unconstitutional for homeowners;

(2)  prohibit issuance of STR owner and operator permits to any corporate or other juridical person (such as LLCs and trusts) except a natural person, as well as to widows or others residing by way of a usufruct, and to citizens who lease their homes, thereby denying First Amendment, Equal Protection and Due Process rights to those persons;

(3)  deny issuance of STR permits to any residence owned by any corporate or juridical entity except a natural person, regardless of who lives there;

(4)  require owners and operators to disclose personal and confidential tax and rental information including 1099 forms;

(5)  arbitrarily prohibits issuing STR permits for residences in large swaths of City neighborhoods that do not differ in any material respect from others where the permits are allowed;

(6)  assigns permits by an arbitrary lottery system that includes an undisclosed "weighted" formula that the Council may employ to award permits;

(7)  allows the Council unbridled discretion to grant "special" permits outside of the lottery system;

(8)    arbitrarily limits use of the permitted residence, whatever its size, to three bedrooms and six guests, and prohibits advertising that the home contains more bedrooms;

(9)    prohibits social gatherings in STRs, thereby violating the First Amendment right to free association among guests.

21.

The City's requirement of a STR permit to advertise a residence, together with its prohibition against issuance of the required permits to any corporate or juridical entity except a natural person, as well as its prohibition against issuing permits to those who reside in their homes pursuant to a usufruct, and those who lease their residences, violates the First Amendment and Equal Protection rights of those persons.

22.

The City's requirement that a STR operator permit be obtained to advertise a residence, and its prohibition against issuance of the required permit to any person who does not permanently live in the residence, as well as to any corporate or juridical entity not a natural person, violates the dormant Commerce Clause.

23.

The City's STR regulations prohibiting Plaintiffs from truthfully advertising the number of bedrooms in their homes if there are more than are allowed in the City's arbitrary licensing scheme; and prohibiting Plaintiffs from advertising the number of persons that are allowed to occupy the bedrooms under the building code adopted by the City, according to their size, furnishings, and the ingress and egress they provide, but instead requiring that Plaintiffs advertise as prescribed by the City's arbitrary STR regulations, comprise an unconstitutional prior restraint of Plaintiff's protected speech in violation of the First Amendment of the United

States Constitution incorporated by the Fourteenth Amendment.

24.

The City's STR regulations assigning STR permits by lottery, and allowing the Council to grant exceptions to the lottery, whether by "weighted" or other means, are arbitrary and capricious and therefore unconstitutional in violation of the Due Process and Equal Protection clauses of the Fourteenth Amendment..

24.

The City's prohibition against issuing STR permits in entire neighborhoods, such as the Garden District, the French Quarter, the Marigny, and others, that do not differ in any material reqpect from neighborhoods where STR permits are allowed, denies residents in the prohibited areas Equal Protection of the laws particularly considering that the City Planning Commission has recommended that all neighborhoods be treated equally.

25.

The City's requirement that personal rental and tax information and documents be disclosed without any showing of probable cause violates the Fourth Amendment and Plaintiffs' Due Process rights.

26.

The requirement that Plaintiffs allow the City unfettered discretion to search their homes without a showing of probable cause or neutral review violates the Fourth Amendment.

**FED. R. CIV. P. 23 ALLEGATIONS FOR RESTITUTION OF FINES**

27.

Plaintiffs bring this action individually and on behalf of all other similarly situated persons who, since May, 2018, were denied STR licenses for lack of a homestead exemption and

fined by the City as a result of their STR rental.

28.

Specifically excluded from the class are the judges to whom this case is assigned and their immediate families; and all employees, representatives, and attorneys for the City of New Orleans. Also excluded are counsel for the Plaintiffs in this action and their immediate families.

29.

All proposed class members of this class, which is geographically limited to current residents of the United States, seek relief under the same legal and remedial theories, therefore the claims of the representative plaintiffs are typical of the claims of all proposed class members

30.

The questions of law and fact relative to Plaintiffs' claims for restitution are common to all proposed class members.

Common issues include, but are not limited to:

Whether the City's short term rental ordinances violated the Dormant Commerce Clause of the United States Constitution;

Whether the City's short term rental ordinance violated the First Amendment of the United States Constitution;

Whether Plaintiffs are entitled to recover fines assessed by the City related to the City's enforcement of unconstitutional provisions of its short term rental ordinances;

Whether Plaintiffs are entitled to equitable disgorgement of fines collected by the City in connection with the City's enforcement of unconstitutional provisions of its short term rental ordinances;

Whether Plaintiffs are entitled to declaratory relief with respect to unconstitutional

provisions of the City's short term rental ordinances;

Whether Plaintiffs are entitled to injunctive relief with respect to unconstitutional provisions of the City's short term rental ordinance.

31.

The proposed class numbers more than one hundred persons, widely dispersed, so that joinder is impractical.

32.

The representative plaintiffs bring the same claims as the proposed class members, and so will fairly and adequately represent the class. Proposed class counsel has more than twenty-five years' experience in class action matters, and has served as lead class counsel in certified class actions in the Eastern District of Louisiana, the Northern District of Illinois, and in Civil District Court for the Parish of Orleans.

33.

The claims against the City in this action should be maintained as a class action pursuant to **Fed. R. Civ. Proc. 23(b)(2),** because common issues, as set forth hereinabove, predominate over any individual issues, and because class action is superior to other methods available for resolution of this controversy, and because all of the provisions of Fed. R. Civ. P. 23(a) and one or more of the provisions of Fed. R. Civ P. 23(b) are met, as will be more fully shown during the course of this litigation.

34.

Class action is superior to other methods available for resolving class members' claims for restitution of fines unlawfully collected by the City, because repetitive litigation of identical issues as presented here would waste the resources of the courts and the parties; the class

members are widely dispersed, and individual actions to protect their interests would be costly; and this class action is superior to the repeated production and evaluation of evidence that would attend litigation of individual claims, including waste of expert and attorney labor, and the waste of the resources of the courts.and attorney labor, and the waste of the resources of the courts

**WHEREFORE,** on behalf of themselves and others similarly situated, representative plaintiffs respectfully request:

(1) Monetary damages for their own losses sustained because of the City's unconstitutional short term rental ordinance; together with interest thereon;

(2) Restitution of fines for themselves and for class members, related to the City's enforcement of provisions of its short term rental ordinance found to be unconstitutional, together with interest thereon;

(3) Equitable disgorgement of fines collected by the City related to the City's enforcement of provisions of its short term rental ordinance found to be unconstitutional, together with interest thereon;

(4) A Preliminary and, after due proceedings, a Permanent Injunction barring Defendant, the City, and its officers, agents, agents, affiliates, subsidiaries, servants, employees, successors, and all other persons or entities in active concert or privity or participation with it, from enforcing the short term rental ordinances referred to herein or any others containing similar provisions;

(5) A declaratory judgment that the City's and the Council's actions, policies, and procedures, embodied in the ordinances referred to herein, comprise an unconstitutional violation of the dormant Commerce Clause, Art.1, Sec.8, Cl. 3; and violate the First, Fourth and Fourteenth Amendments to the United States

Constitution; and violate the provisions of 42 U.S.C. 1983.

(6)   Reasonable attorney' fees, expenses and costs under 42 U.S.C. 1988 and any other applicable law;

(7)   Any further relief that the Court deems necessary and proper, and all general and equitable relief to which Plaintiff may be entitled.

        Respectfully submitted,

        /s/ Dawn Adams Wheelahan
        **Dawn Adams Wheelahan**
        Trial Counsel
        La. Bar No. 19263
        1819 Joseph Street
        New Orleans, Louisiana 70115
        Telephone: 512-689-1153
        Email: dwheelahan@gmail.com