UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SAMANTHA HIGNELL-STARK, | / | |
| WHITE SPIDER RENTAL | / | CIVIL ACTION NO. 19-cv-13773 |
| CONCIERGE, LLC., | / | c/w 22-cv-02991 |
| GARETT MAJOUE, | / | |
| RUSSELL FRANK, | / | SECTION B (1) |
| SAMANTHA and BOB MCRANEY, | / | |
| and JIMMIE TAYLOR | / | JUDGE:  Ivan L. R. Lemelle |
| Plaintiffs | / | |
| | / | MAG:  Janis Van Meerveld |
| versus | / | |
| | / | |
| The CITY OF NEW ORLEANS | / | |
| Defendant | / | |
| | / | |

**************************************

## CITY'S ANSWER TO AMENDED COMPLAINT – CLASS ACTION

NOW INTO COURT, comes the City of New Orleans, who in answer to plaintiffs' amended complaint answers as follows:

**1.**

Paragraph 1 is a statement regarding the Court's Scheduling Order and does not contain assertions to which a response is required.

**2.**

Paragraph 2 does not appear to contain allegations requiring a response from the City. To the extent that any allegations are set forth in the paragraph, they are denied out of an abundance of caution.

**3.**

Paragraph 3 contains assertions of jurisdiction and venue, which are conclusions of law to which no response is required.  Any other allegation contained therein is denied.

**4.**

Paragraph 4 contains assertions of jurisdiction and venue, which are conclusions of law to which no response is required.  Any other allegation contained therein is denied.

**5.**

Paragraph 5 is admitted only as to the party's status as a plaintiff in this matter. Any other allegation contained therein is denied.

**6.**

Paragraph 6 is admitted only as to the party's status as a plaintiff in this matter. Any other allegation contained therein is denied.

**7.**

Paragraph 7 is admitted only as to the party's status as a plaintiff in this matter. Any other allegation contained therein is denied.

**8.**

Paragraph 8 is admitted only as to the party's status as a plaintiff in this matter. Any other allegation contained therein is denied.

**9.**

Paragraph 9 is admitted only as to the party's status as a plaintiff in this matter. Any other allegation contained therein is denied.

**10.**

Paragraph 10 is admitted only as to the party's status as a plaintiff in this matter. Any other allegation contained therein is denied.

**11.**

Paragraph 11 is admitted only as to the party's status as a plaintiff in this matter. Any other allegation contained therein is denied.

**12.**

Paragraph 12 is admitted only as to the party's status as a plaintiff in this matter. Any other allegation contained therein is denied.

**13.**

Paragraph 13 is admitted only as to the party's status as a plaintiff in this matter. Any other allegation contained therein is denied.

**14.**

The City admits that it is a political subdivision of the State of Louisiana organized under State law and its Home Rule Charter. The remaining allegations contain conclusions of law to which no response is required.

**15.**

The allegations contained in Paragraph 15 contain conclusions of law to which no response is required. To the extent the allegations contained in Paragraph 15 contain factual allegations, they are denied for lack of sufficient knowledge or information to justify a belief therein.

**16.**

The allegations contained in Paragraph 16 contain conclusions of law to which no response is required. To the extent the allegations contained in Paragraph 16 contain factual allegations, they are denied for lack of sufficient knowledge or information to justify a belief therein.

**17.**

The allegations contained in Paragraph 17 contain conclusions of law to which no response is required. To the extent the allegations contained in Paragraph 17 contain factual allegations, they are denied for lack of sufficient knowledge or information to justify a belief therein.

**18.**

The allegations contained in Paragraph 18 contain conclusions of law to which no response is required. To the extent the allegations contained in Paragraph 18 contain factual allegations, they are denied for lack of sufficient knowledge or information to justify a belief therein.

**19.**

The allegations contained in Paragraph 19 contain conclusions of law to which no response is required. To the extent the allegations contained in Paragraph 19 contain factual allegations, they are denied for lack of sufficient knowledge or information to justify a belief therein.

**20.**

The allegations contained in Paragraph 20 contain conclusions of law to which no response is required. To the extent the allegations contained in Paragraph 20 contain factual allegations, they are denied for lack of sufficient knowledge or information to justify a belief therein.

**21.**

The allegations contained in Paragraph 21 contain conclusions of law to which no response is required. To the extent the allegations contained in Paragraph 21 contain factual allegations, they are denied for lack of sufficient knowledge or information to justify a belief therein.

**22.**

The allegations contained in Paragraph 22 contain conclusions of law to which no response is required. To the extent the allegations contained in Paragraph 22 contain factual allegations, they are denied for lack of sufficient knowledge or information to justify a belief therein.

**23.**

The allegations contained in Paragraph 23 contain conclusions of law to which no response is required. To the extent the allegations contained in Paragraph 23 contain factual allegations, they are denied for lack of sufficient knowledge or information to justify a belief therein.

**24.**

The allegations contained in Paragraph 24 contain conclusions of law to which no response is required. To the extent the allegations contained in Paragraph 24 contain factual allegations, they are denied for lack of sufficient knowledge or information to justify a belief therein.

**25.**

The allegations contained in Paragraph 25 contain conclusions of law to which no response is required. To the extent the allegations contained in Paragraph 25 contain factual allegations, they are denied for lack of sufficient knowledge or information to justify a belief therein.

**26.**

The allegations contained in Paragraph 26 contain conclusions of law to which no response is required. To the extent the allegations contained in Paragraph 26 contain factual allegations, they are denied for lack of sufficient knowledge or information to justify a belief therein.

**27.**

The allegations contained in Paragraph 27 are denied for lack of sufficient knowledge or information to justify a belief therein.

**28.**

The allegations contained in Paragraph 28 are denied for lack of sufficient knowledge or information to justify a belief therein.

**29.**

The allegations contained in Paragraph 29 are denied for lack of sufficient knowledge or information to justify a belief therein.

**30.**

The allegations contained in Paragraph 30 are denied for lack of sufficient knowledge or information to justify a belief therein.

**31.**

The allegations contained in Paragraph 31 are denied for lack of sufficient knowledge or information to justify a belief therein.

**32.**

The allegations contained in Paragraph 32 are denied for lack of sufficient knowledge or information to justify a belief therein.

**33.**

The allegations contained in Paragraph 33 are denied for lack of sufficient knowledge or information to justify a belief therein.

**34.**

The allegations contained in Paragraph 34 are denied for lack of sufficient knowledge or information to justify a belief therein.

**35.**

The paragraph beginning with "WHEREFORE" constitutes a prayer for relief and, as such, no response is required.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a right of action, cause of action, or claim upon which relief can be granted against the Defendant.

## SECOND DEFENSE

Plaintiffs lacks standing to bring a claim in this case because he does not own rentable property in New Orleans, Louisiana.

## THIRD DEFENSE

The allegations made by Plaintiff's, even if proven, do not show the deprivation of a federally protected constitutional right.

## FOURTH DEFENSE

The City avers that, at all times pertinent hereto, it was acting in good faith in enforcing the laws and ordinances of the State of Louisiana, and the Constitution and Statutes of the United States of America.

## FIFTH DEFENSE

All actions taken by the City were taken in good faith, under the law, and without malice.

 s/ Mark D. Macnamara
**MARK DANIEL MACNAMARA #24532**
Email: dmacnamara@nola.gov
**CORWIN ST. RAYMOND, LSBA #31330**
CHIEF DEPUTY CITY ATTORNEY
**DONESIA D. TURNER, LSBA #23338**
CITY ATTORNEY
1300 PERDIDO STREET - ROOM 5E-03
NEW ORLEANS, LOUISIANA 70112
TELEPHONE: (504) 658-9800
FACSIMILE: (504) 658-9868
*Counsel for City of New Orleans*