UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MELISSA HIGNELL, ET AL. | * | CIVIL ACTION NO. 19-13773 |
| | * | C/W 22-2991 |
| VERSUS | * | |
| | * | SECTION: "B"(1) |
| CITY OF NEW ORLEANS | * | |
| | * | JUDGE IVAN L. R. LEMELLE |
| *Ref. 19-13773* | * | |
| | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************* | * | |

## ORDER AND REASONS

Before the Court is the Motion to Intervene by Vieux Carré Property Owners, Residents, and Associates, Inc. ("VCPORA") and French Quarter Citizens, LLC ("French Quarter Citizens, and with VCPORA, the "Intervenors"). (Rec. Doc. 186). Because the motion is untimely and because the Intervenors' interests are adequately represented by the existing defendant, the Motion is DENIED.

### Background

This lawsuit was initiated in November 2019 by a group of property owners who sought to challenge certain ordinances enacted by the City of New Orleans to govern short term rentals. Following an appeal of the District Court's ruling, the Fifth Circuit Court of Appeals held in August 2022 that that the City's residency requirement to obtain a short term rental permit was unconstitutional. Thereafter, the City passed an interim zoning district enactment that prohibited issuing any new short term rental permits. In April 2023, the City enacted further amendments to the short term rental ordinances. In their Amended Complaint entered into the record on May 19, 2023, plaintiffs allege these April 2023 ordinances are unconstitutional. In July 2023, the plaintiffs and the City filed cross motions for summary judgment. Shortly before briefing on those motions closed on August 4, 2023, plaintiffs filed a motion for temporary restraining order. On September

1, 2023, the District Court ordered that the City be temporarily restrained from enforcing the short term rental regulations at issue until the Court could determine the constitutionality of said ordinances. The Court set deadlines for supplemental briefing on the motions for summary judgment, which must be completed by September 11, 2023. And a hearing on the motions will be held on September 14, 2023.

Meanwhile, on August 9, 2023, the Intervenors filed the present Motion to Intervene. They seek to represent the interests of the Vieux Carré neighborhood. They allege the neighborhood will suffer direct consequences should plaintiffs succeed in rolling back the City's short term rental ordinances. They insist that as membership organizations representing French Quarter property owners, they are uniquely situated to provide key factual insight and evidence regarding the negative impact that short term rentals will have on their historic neighborhood.

The plaintiffs oppose. They argue that the intervention should not be allowed because any interest the Intervenors have is adequately represented by the City. Further, they argue that the motion is untimely, given that Intervenors have long been aware of this action—even filing an amicus curiae brief in March 2020 when earlier ordinances were being challenged. Finally, they point out that the District Judge has already denied leave to the Garden District Association, which sought leave to file an Amicus Curiae brief related to the present motions for summary judgment.

Intervenors have not filed a reply memorandum.

Law and Analysis

1. *Intervention of Right*

A right to intervene exists where the intervenor has an unconditional right to intervene by statute or where the intervenor "claims an interest relating to the property or transaction that is the subject matter of the action, and is so situated that disposing of the action may as a practical matter

impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). Courts also require that the motion to intervene is timely. See Texas v. United States, 805 F.3d 653, 657 (5th Cir. 2015).

To satisfy the requirement that the potential intervenor has an interest related to the property or transaction that forms the basis of the controversy, the potential intervenor must demonstrate an interest that is "direct, substantial, [and] legally protectable." Saldano v. Roach, 363 F.3d 545, 551 (5th Cir. 2004) (quoting John Doe No. 1 v. Glickman, 256 F.3d 371, 379 (5th Cir. 2001)) (alteration in original). "[T]he inquiry turns on whether the intervenor has a stake in the matter that goes beyond a generalized preference that the case come out a certain way." Texas, 805 F.3d at 657. A purely ideological, economic, or precedential reason for seeking to intervene is not enough. Id. But the intervenor's interest need not be a property interest. In Texas v. United States, the United States Fifth Circuit Court of Appeals held that the potential intervenors, who alleged that they satisfied the requirements of the Deferred Action for Parents of Americans and Lawful Permanent Residents ("DAPA"), had a sufficient interest to support intervention in an action by 26 states against the United States and certain U.S. Officials seeking to prevent them from implementing DAPA. Id. at 655-56, 660. The court of appeals explained that the potential intervenors had an interest in receiving deferred action under DAPA so that they could legally remain in the United States, had an interest in the employment opportunities that would be available to them if they were granted deferred action and employment authorization under DAPA, and had an interest in directing the upbringings of their U.S.-citizen children. Id. at 660. The court rejected the argument that the potential intervenors lacked a legally protectable interest because such deferred action could be terminated at any time at the government's discretion. Id. at 661. Indeed, the court observed that a legally protectable interest to permit intervention "is sufficient if

3

it is of the type that the law deems worthy of protection, even if the intervenor does not have an enforceable legal entitlement or would not have standing to pursue her own claim." Id. at 659.

To establish that the potential intervenor's interest is inadequately represented, the potential intervenor must show only that the representation "may be" inadequate.[1] Trbovich v. United Miner Workers of Am., 404 U.S. 528, 538 n.10 (1972). The Fifth Circuit acknowledges the burden is "minimal," but has imposed two presumptions to give it "some teeth." Brumfield v. Dodd, 749 F.3d 339, 345 (5th Cir. 2014). The first presumption of adequate representation arises when "the putative representative is a governmental body or officer charged by law with representing the interests of the absentee." Edwards v. City of Houston, 78 F.3d 983, 1005 (5th Cir. 1996). This presumption is overcome by a showing that the potential intervenor's interest is in fact different from the governmental entity and will not be represented by it. Id. "The second presumption of adequate representation arises when the would-be intervenor has the same ultimate objective as a party to the lawsuit." Id. To overcome this presumption, the potential intervenor "must show adversity of interest, collusion, or nonfeasance on the part of the existing party to overcome the presumption." Id.[2]

---

[1] In Trbovich v. United Miner Workers of America, the United States Supreme Court held that a member of the United Mine Workers of America could intervene in a lawsuit instituted by the United States Secretary of Labor to set aside an election of officers of the UMWA. 404 U.S. 528, 538-39 (1972). In so holding, the Court rejected the argument that the member's only cognizable interest was the interest of all union members in democratic elections— the same interest being represented by the Secretary in the litigation. Id. at 538. Instead, the Court held the Secretary represented not only the members' interest but also a public interest that transcends a union members' interest. Id. at 539. The Court found that "[e]ven if the Secretary is performing his duties, broadly conceived, as well as can be expected, the union member may have a valid complaint about the performance of 'his lawyer.'" Id. The Court held that this concern was sufficient to warrant intervention under Rule 24(a)(2). Id.

[2] In Edwards, for example, the Fifth Circuit held that groups representing white, female, and Asian-American police officers were entitled to intervene as of right in a lawsuit by African-American and Hispanic-American members of the Houston Police Department against the City of Houston for employment discrimination. 78 F.3d at 1006. In addressing the inadequate representation prong, the court of appeals found that the first presumption was inapplicable because the city was acting as an employer and not as a sovereign. Id. at 1005. Considering the second presumption, the court found that there was a sharp disalignment between the city and the potential intervenors: the original parties (who had entered a consent decree) sought to correct and compensate for allegedly discriminatory promotional practices, while the proposed intervenors argued that the City's practices had not been adequately shown to result in discrimination and that the City had failed to challenge the plaintiff's claims. Id.

In analyzing the timeliness prong, the court considers: (1) "[t]he length of time during which the would-be intervenor actually know [sic] or should have known of his interest in the case before he petitioned for leave to intervene;" (2) "[t]he extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest in the case;" (3) "[t]he extent of the prejudice that the would-be intervenor may suffer if his petition for leave to intervene is denied;" and (4) "The existence of unusual circumstances militating either for or against a determination that the application is timely." Stallworth v. Monsanto Co.,558 F.2d 257, 264-66 (5th Cir. 1977). "The analysis is contextual; absolute measures of timeliness should be ignored. The requirement of timeliness is not a tool of retribution to punish the tardy would-be intervenor, but rather a guard against prejudicing the original parties by the failure to apply sooner." Sierra Club v. Espy, 18 F.3d 1202, 1205 (5th Cir. 1994) (internal citation omitted).

2. *Permissive Intervention*

Even where someone is not entitled to intervene as of right, the court may nonetheless permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Id. R. 24(b)(3). Courts should also consider "whether the intervenors are adequately represented by other parties and whether they are likely to contribute significantly to the development of the underlying factual issues." League of United Latin Am. Citizens, Council No. 4434 v. Clements, 884 F.2d 185, 189 (5th Cir. 1989). "Permissive intervention 'is wholly discretionary with the [district] court . . . .'" New Orleans Pub. Serv., Inc. v. United Gas Pipe Line

Co., 732 F.2d 452, 470–71 (5th Cir. 1984) (quoting Wright & Miller, 7C Federal Practice and Procedure: Civil § 1913) (alteration in original).

3. *Analysis*

Here, the plaintiffs challenge the enforceability of the City's short term rental ordinances. The City argues they are constitutional. The parties to this litigation have filed cross motions for summary judgment. The Intervenors now seek to intervene, but they have not identified any particular way in which the interests of the City and the homeowners they represent are presently anything but entirely aligned. The Court finds that although Intervenors may very well have an interest in the transaction that forms the basis of this controversy that could warrant intervention, the Intervenors have not shown that their interests are inadequately represented by that of the City It is clear that City and the Intervenors have the same objective—a finding by this Court that the ordinances are constitutional. Adequate representation is, therefore, presumed. See Edwards, 78 F.3d at 1005. Importantly, nothing suggests the existence of adversity of interest, collusion, or nonfeasance by the City. The Intervenors point to none. They suggest only that they have key factual insight regarding the negative impacts short term rentals would have on their historic neighborhood. But they do not claim that the City has refused to consider or incorporate any of this insight in support of its position that the ordinances are constitutional. The Court finds that the Intervenors' interests are adequately represented by the City.

Moreover, the request to intervene is untimely. As plaintiffs point out, VCPORA has been aware of this case since March 2020 and its counsel has been receiving notices of filings since that time. Yet Intervenors waited to attempt intervention until after the original deadline to brief the cross motions for summary judgment. Supplemental briefing on those motions is now due in five days and the hearing on the motions is just one week away. At present, the City has been restrained

from enforcing the regulations at issue pending the resolution of the motions. Although Intervenors say they do not seek to delay the proceedings, their intervention might require further extensions of the briefing schedule and hearing date. To the extent Intervenors would not seek to file supplemental briefing, it further supports the Court's conclusion that their interests are adequately represented by the City.

Because the Court finds that the Intervenors' interests are adequately represented by the City and because the Court further finds the attempted intervention is untimely given the posture of this case, the Court finds that Intervenors are not entitled to intervene under Rule 24(a)(2). Further, in light of the Court's finding that the Intervenors' interests are adequately represented, the Court declines to exercise its discretion to allow their permissive intervention under Rule 24(b).

## Conclusion

For the foregoing reasons, the Court finds that Intervenors' interests are adequately represented by the existing defendant and that their motion is untimely. Accordingly, their Motion to Intervene (Rec. Doc. 186) is DENIED.

New Orleans, Louisiana, this 6th day of September, 2023.

_Janis van Meerveld_
Janis van Meerveld
United States Magistrate Judge