UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MELISSA HIGNELL, | / | |
| WHITE SPIDER RENTAL | / | CIV. ACTION NO. 19-cv-13773 |
| CONCIERGE, LLC., | / | 22-cv-2991. 23-cv-5000 |
| GARETT MAJOUE, | / | SECTION B (1) |
| RUSSELL FRANK, | / | |
| SAMANTHA and BOB MCRANEY, | / | JUDGE:  Ivan L. R. Lemelle |
| and JIMMIE TAYLOR | / | |
|     Plaintiffs | / | MAG:  Janis Van Meerveld |
| | / | |
| versus | / | |
| | / | |
| THE CITY OF NEW ORLEANS | / | |
|     Defendant | / | |
| | / | |
| c/w | / | |
| | / | |
| TINA MARQUARDT | / | |
|     Plaintiff | / | |
| Versus | / | |
| | / | |
| THE CITY OF NEW ORLEANS | / | |
|     Defendant | / | |

**************************************

## CITY'S OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION

NOW INTO COURT, comes the City of New Orleans, for the limited purpose of filing this opposition to Plaintiff's request for preliminary hearing in the *Tina Marquardt v. City of New Orleans* matter and do so pursuant to this Court's order of September 13, 2023.[1] The City's does not appear for any other purpose and will timely file appropriate responsive pleadings to the complaint.  While the City recognizes that this Court has issued a temporary restraining ordinance in the *Hignell* matter, the City responds to arguments raised in the *Marquardt* complaint as follows.

---

[1] *See* Rec. Doc. 219.

## THE LEGAL STANDARD

To obtain a temporary restraining order the moving party, must establish four elements:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat that the movant will suffer irreparable injury if the temporary restraining order is denied;

(3) that the threatened injury outweighs any damage that the temporary restraining order might cause the defendant; and

(4) that the temporary restraining order will not disserve the public interest.[2]

A temporary restraining order is an extraordinary remedy which should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements.[3]

### A. The Plaintiffs Cannot Succeed Are Not Substantially Likely to Succeed on the Merits.

Plaintiff will not succeed on the merits.

### 1. Short Term Rental Permits Do Not Convey Property Rights.

The City submits that Plaintiff's claims of a purported property right to a short term rental permit ("STR") has already been decided. As this Court is only too aware, the Fifth Circuit has recognized that a STR permit is not a property right.[4] Permit holders do not have a property right to STR permits. That is the settled law of this case. Further, the decision was issued prior to Plaintiff receiving her permit. Ultimately, the City chose to codify the holding in *Hignell,* specifically stating that STR permits are privileges and not rights.[5] In fact, this was also recognized

---

[2] *Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 452 (5th Cir. 2014) (quoting *Hoover v. Morales*, 164 F.3d 221, 224 (5th Cir. 1998)); *PCI Transp., Inc. v. Fort Worth & W. R.R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005).
[3] *Id.*
[4] *Hignell-Stark v. City of New Orleans*, 46 F.4th 317, 323-325 (5thCir. 2022).
[5] City Code Sec. 26-615.

by the Plaintiffs in *Hignell*.[6]   Assuming, *arguendo,* that this issue had not been foreclosed, Plaintiff's assertions still fail.

### 2. Nonconforming Use Under the CZO Does Not Require the Issuance of a Permit.

In denying the temporary restraining order herein, the court made specific reference to the fact that the Comprehensive Zoning Ordinances specifically prohibit "grandfathering" or nonconforming use status for previously issued STR permits.[7]  Further, the CZO is clear that non-conforming use provisions do not authorize the continued use of any property as an STR if the City chose to limit or prohibit the issuance of a short term rental permit.  The City has done just that.  Even if nonconformity was established pursuant to CZO Article 25 which governs nonconformities, there is not a corresponding section of the City Code which would allow for the issuance of a permit under such circumstances.

### 3. Plaintiff's Due Process Claim Is Without Merit.

Plaintiff appears to assert that the City violated her due process rights when the new STR ordinances were enacted.  Again, an STR permit is not a property right.  As noted above, Plaintiff did not acquire a nonconforming use to engage in STR activity.  However, as the Court is aware, the new ordinances affecting STRs in New Orleans were enacted pursuant to this Court's order and only after numerous public meetings at which there were hours of public comment.  The City is well within its rights to amend or abolish its laws.  The public was properly given notice of its intent to do so and the public was given an opportunity to be heard.  Plaintiff's due process claim is without merit.

### B.   The Plaintiffs Cannot Demonstrate Irreparable Injury.

---

[6] *See* 19-cv-13773-ILRL-JVM Document 218
[7] *See* Case. No. 23-cv-0500, Rec. Doc 12, p. 2, CZO 21.8.C.18(m)

In denying the temporary restraining order, the court correctly held that Plaintiff has failed to assert any specific deprivation of constitutional rights.[8] The court further noted that all purported harms had "an adequate remedy at law—monetary damages. Nothing has changed. The Plaintiffs have failed to demonstrate irreparable harm.

C.  The Threatened Injury Does Not Outweigh the Damage to the City.

This case has been in active litigation for a considerable period of time. The City, following recommendations of the Court of Appeal for the Fifth Circuit, has rewritten its ordinances to cure constitutional deficiencies. This process involved the detailed study of STRs by the City Planning Commission, numerous public meetings, and hours of public comment. The City has done so balancing the interest of residential home owners wishing to engage in STR activity with impact such activity has on our community. To allow unfettered and unregulated activity is a disservice to both.

## CONCLUSION

Plaintiffs have failed to establish that there is a substantial threat that will cause immediate and irreparable injury in this matter. They have failed to establish the elements necessary to obtain relief. For this reason, the Court should deny Plaintiff's requested relief.

Respectfully submitted,

/s/ *Mark D. Macnamara*
**MARK DANIEL MACNAMARA, LSB# 24532**
ASSISTANT CITY ATTORNEY
**DONESIA D. TURNER, LSB #23338**
CITY ATTORNEY
1300 PERDIDO ST., STE. 5E-03
NEW ORLEANS, LA 70112
TELEPHONE: (504) 658-9802
FACSIMILE: (504) 658-9868

---

[8] *See* Case. No. 23-cv-0500, Rec. Doc 12, p. 4.

*Counsel for the City of New Orleans*