## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MELISSA HIGNELL,** | / | |
| **WHITE SPIDER RENTAL** | / | **CIV. ACTION NO. 19-cv-13773** |
| **CONCIERGE, LLC.,** | / | **22-cv-2991. 23-cv-5000** |
| **GARETT MAJOUE,** | / | **SECTION B (1)** |
| **RUSSELL FRANK,** | / | |
| **SAMANTHA and BOB MCRANEY,** | / | **JUDGE:  Ivan L. R. Lemelle** |
| **and JIMMIE TAYLOR** | / | |
| Petitioners | / | **MAG:  Janis Van Meerveld** |
| | / | |
| versus | / | |
| | / | |
| **THE CITY OF NEW ORLEANS** | / | |
| Defendant | / | |
| | / | |
| c/w | / | |
| | / | |
| **TINA MARQUARDT** | / | |
| Petitioner | / | |
| Versus | / | |
| | / | |
| **THE CITY OF NEW ORLEANS** | / | |
| Defendant | / | |

## CITY'S RESPONSE TO MOTION FOR ATTORNEY'S FEES

NOW INTO COURT, comes the City of New Orleans (hereinafter "City"), who in compliance with this Court's order of July 26, 2024, submits the following response to respectfully oppose the Motion for Attorney's Fees and Costs filed by Tina Marquardt.  Subsequent to the order, counsel for Marquardt submit a third memorandum in support on January 29, 2024, less than twenty-four hours before the City's response was due.  For the following reasons, Plaintiff's request should be significantly reduced.

1

**INTRODUCTION**

As the Court is aware, Plaintiff's counsel initially sought to recover $62,406.00[1] for hours he purportedly expended in the prosecution of this matter.  The City was shocked by what it views as an inflated and inappropriate request. As noted by the Court, owing to plaintiffs "prevailing on some of their substantive claims. . . they may be entitled to *limited* damages, attorney fees, costs and possibly other awards."[2]   This Court also reminded counsel of their obligations to meet and confer prior to filing any motions.  No such meet and confer obligation occurred.  On May 22, 2024, the Court ordered the City to file a response to Marquardt's motion.  The Court further ordered that the parties were to meet and confer regarding "stipulations and/or lists of witnesses and exhibits reasonably anticipated for use at the hearing on the motion for attorneys' fees" no later than Friday June 7, 2024.[3]   Counsel for Marquardt participated in the meet and confer, but counsel for Marquardt refused to engage in any meaningful discussions regarding stipulations. On June 3, 2024, the City filed its opposition to the Marquardt's motion.[4]

On June 10, 2024, the Court held a status conference with the parties.  The Court instructed counsel for Marquardt that an award for attorney's fees would only be based on work performed on the issues for which Marquardt prevailed.  Further the Court "encouraged to confer in good faith on discovery issues and, moreover, on good faith consideration of possible amicable resolution of the instant Motion for Attorneys' Fees - reserving all rights of appeal on entitlement

---

[1] Rec. Docs. 258, 258-1, 258-2, and 258-3
[2] Rec. Doc. 251, emphasis added.
[3] Rec. Doc. 281.
[4] Rec. Doc. 283.

issues."[5]  Despite requests from counsel for the City, Marquardt's counsel refused to engage in such discussions.

On June 16, 2017, counsel for Marquardt filed a reply memorandum in response to the City's opposition.[6]  In the memorandum, counsel claimed that the amount of work performed was 138.84 hours for a total of $59,103.00, a sum $3,303 less than the initial request.[7]  Of this amount, counsel claims that 69.51 hours (for a total of $31,207.50) were expended on the issue upon which Marquardt prevailed.[8]

On January 29, 2024, less than twenty-four hours before the City's replay was due, counsel for Marquart filed "Supplemental Memorandum in Support of First Supplemental Motion for Attorney [sic] Fees".[9]  In this memorandum, counsel for Marquardt submits a ***third*** figure purporting to be the total number of hours expended.[10]  Now Marquart claims that it was 57.64 hours expended for a total of $25,938.00.[11]  In the same memorandum, counsel now seeks an additional $7,029.00 for purported expenses related to discovery.

## **LAW AND ARGUMENT**

Counsel's latest filing has again moved the target with respect to his claim for attorney's fees.  This third iteration of counsel's memorandum in support, entries have been modified and are no longer consistent with prior iterations.  As counsel does not use any tracking software for billables, the table provided calls into serious question the methodology and accuracy of the bills. Such "flexibility" introduces impermissible ambiguity and underscores why discovery was necessary.  While each downward departure is appreciated, it only supports the City's very

---

[5] Rec. Doc. 284.
[6] Rec. 285.
[7] Id.
[8] Id.
[9] Rec. Doc. 301-2.
[10] Id.
[11] Id.

legitimate concerns over the accuracy and contemporaneous of the entries. This is especially so given that specific entries have been altered or deleted.

Despite the efforts of counsel for the City, counsel for Marquardt has steadfastly refused to engage in informal discovery and settlement discussions. Counsel for the City tried to engage in an amicable resolution on the amount of attorney's fees, but the efforts were not met with any real interest towards resolution.

The limited discovery responses did reveal additional details supporting the City's concerns. Counsel's fee agreement in pertinent part is as follows:

Deferred Hourly Fee --With Advance Deposit ___X___ Yes _____ No
I agree to pay Attorney's Fees at the rate of **$450.00** per hour. I agree that time is billed in increments a minimum of 10 minutes. It is understood and agreed that I shall pay my Attorney an initial Advance Deposit of **$3,000.00** due upon

The paragraph continues:

Attorney's acceptance of this agreement, which deposit shall be applied toward t0he payment of Attorney's Fees and costs and expenses. This deposit shall be deposited into Attorney's trust account and Attorney is authorized to pay Attorney's Fees and costs and expenses out of the existing deposit, at least on a monthly basis. Attorney shall defer the requirement to replenish the Advanced Deposit of attorney fees and costs until this matter is settled, or until this matter is resolved by a final judgment issued a Court. Afterwards, if I neglect to pay Attorney's Fees, costs or expenses outstanding within thirty (30) days of Attorney's request, I agree that, pursuant to this agreement, Attorney shall have, in addition to other rights, the right to withdraw as my Attorney based on my failure substantially to fulfill an obligation to Attorney.

In discovery, the City inquired as to whether counsel for Marquardt submitted any monthly statements, invoices, or bills to his client.

REQUEST FOR PRODUCTION NO. 3:

Please produce copies of all monthly statements, invoices or bills submitted to Tina Marquardt for the legal services rendered by Edward Washington, III in this matter.

**None exist.**

Per the documents submitted in discovery, counsel for Marquardt never submitted any statement, invoices, or bills. This includes any for services which were paid out of the "Advanced

Deposit" paid by Marquardt. To date, it only appears that Marquardt has only paid this initial deposit and nothing more.

> INTERROGATORY NO. 19: Please indicate how much Tina Marquardt has paid you for the legal services you provided in this matter.
>
> **$3000.00**

Counsel for Marquardt also provided what appears to be a Hancock Whitney "Free Business Checking" bank statement indicating a "Record of Deposit" being made in the amount of $3,000 on August 30, 2023. The City is unaware if the account is one that complies with *Louisiana Rules of Professional Conduct Rule 1.15. Safekeeping Property.*

## CONCLUSION

Counsel's "billing records" submitted by Marquardt are so grossly inadequate and inflated that this Court is placed in the position of having to guess as to what a proper award should be. Edward Washington has submitted a moving target memorandum in support of his ever-varying fees based on unreliable accounting. While the City realizes its obligation to pay Marquardt's reasonable attorney's fees, counsels actions have made it near impossible to determine what those should be.

Respectfully submitted,

___s/ Mark D. Macnamara_____
**MARK DANIEL MACNAMARA, LSB # 24532**
DMACNAMARA@NOLA.GOV
**DONESIA TURNER, LSB # 23338**
CITY ATTORNEY
1300 PERDIDO STREET
CITY HALL - ROOM 5E03
NEW ORLEANS, LOUISIANA 70112
TELEPHONE:  (504) 658-9800