UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SAMANTHA HIGNELL-STARK, ET AL. | CIVIL ACTION |
| versus | NO. 19-13773<br>C/W: 22-2991; 23-5000<br>RELATED TO: ALL CASES |
| THE CITY OF NEW ORLEANS | SECTION "B" (1) |

## RESPONSE TO INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

**General Objections:**

INTRODUCTORY PARAGRAPH:

Pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this Court (together, the "Rules"), the City of New Orleans serves the following Interrogatories and Request for Production of Documents upon plaintiff, Tina Marquardt, and her counsel of record, Mr. Edward Washington.

**The discovery requests do not identify upon who the discovery is being propounded. Defendant serves one set of discovery request on two people.**

**The discovery requests are not directed to a party in violation of FRCP Rule 33 ("a party may serve on any other party"). The one discovery request is directed to multiple persons – Edward Washington and Tina Marquardt. Therefore, the discovery requests are ambiguous, noncompliant, and it is not clear on who discovery is propounded on and which individual each Interrogatory or each Request for Production is being propounded on.**

Page **1** of **11**

DEFINITIONS NO. 2:

2. "You," "Your," and "Defendant" shall include the plaintiff, Tina Marquardt, and her attorney, Edward Washington.

> **The Definition of " 'You,' 'Your,' and 'Defendant' " is ambiguous and impermissibly Overbroad. It describes the singular you as two persons -- Edward Washington and Tina Marquardt. In addition, it is unknown who " 'Defendant' " applies to.**

INSTRUCTION NO. 3:

3. Unless otherwise specified in any of the interrogatories below, these interrogatories cover the time period from the first interaction between Edward Washington and Tina Marquardt through the time of the filing of the motion for attorney's fees filed herein.

> **"[T]hese interrogatories cover the time period from the first interaction between Edward Washington and Tina Marquardt" is overbroad as the first interaction occurred more than 10 years ago when undersigned counsel assisted Tina Marquardt with a**

RESPONSE TO INTERROGATORIES

"INTERROGATORY NO. 1: Identify all persons answering or supplying information used in answering these Interrogatories."

> **Tina Marquardt and Edward Washington.**

"INTERROGATORY NO. 2: State the name, address, and business telephone number of each person who has, claims to have, or who you believe may have knowledge, documents, and/or information relating to any fact alleged in the pleadings filed in this action, or any fact underlying the subject matter of this action."

**Tina Marquardt, 5219 Hawthorne Street, New Orleans, Louisiana.**

**Edward Washington, 7130 East Renaissance Ct, New Orleans, Louisiana.**

INTERROGATORY NO. 3: Describe in detail the nature and substance of the knowledge, documents, and/or information that you believe the person(s) identified in response to Interrogatory No. 2 may have.

> **Objection: Interrogatory Contains Subparts, or is Compound, Conjunctive, Disjunctive, overbroad, and most of all incomprehensible. Subject to the objection, the persons identified in No. 2 have an average, reasonable or normal person's "nature and substance of the knowledge, documents, and/or information."**

INTERROGATORY NO. 4: Please explain in detail the billing increment methodology you used in creating the billing record you filed in this matter.

> **Simple multiplication and division mathematics. Minutes divided by 60 minutes per hour times number of minutes times hourly rate.**

INTERROGATORY NO. 5: What was the fee agreement between you and Tina Marquardt to represent her in this matter including the scope of the representation and the basis or rate of the fee and expenses for which Tina Marquardt would be responsible?

> **See Fee agreement.**

INTERROGATORY NO. 6: Please identify how the fee agreement in Interrogatory No. 5 was communicated to Tina Marquardt.

> **In person.**

INTERROGATORY NO. 7: Please identify any document that indicates the scope of the representation and the basis or rate of the fee and expenses for how your services would be billed to Tina Marquardt.

*See* **Fee Agreement.**

INTERROGATORY NO. 8: Please identify any prior instance in which you represented Tina Marquardt. For each instance, please identify the fee agreement between you and Ms. Marquardt.

**Objection:**

**Undersigned counsel represented Tina Marquardt three or four times over the past ten years ago. Given the extensive time period, the interrogatory in overbroad and overburdensome.**

**Undersigned counsel's prior representations of Tina Marquardt as far back as ten years ago are not relevant to defendants defense and proportional to the needs of opposing Plaintiff's unremarkable request for attorney fees.**

**While the issue at stake is important, it is not the case in chief.**

**The amount in controversy is not extraordinary, but within the range this court evaluates on a regular basis.**

**Discovery relative to representation of Plaintiff over the past 10 years is not important in resolving the issue of attorney fees in the instant matter.**

**There is likely no likely benefit to be gained from consideration of undersigned counsel's prior representation of Plaintiff in matters unrelated to the instant matter and therefore the balance of the burden or expense of the proposed discovery outweighs its likely benefit.**

>Any nonprivileged matter defendant seeks is irrelevant to defendant's defense and proportionately not needed for opposing the instant motion for attorney fees.
>
>**Subject to the Objection:**
>
>*See* **Consent Judgment resolving the HUD housing discrimination complaint and investigation against the City of New Orleans (***Marquardt v. City of New Orleans***, CDC No. 2015-392,** *Marquardt v. City of New Orleans***, HUD Case No. 06-15-0731-8 (See Attached Consent Judgment).**
>
>**Undersigned counsel no longer has a copy of that fee agreement relative to these two matters. Subsequent representations of Tina Marquardt other than the instant one, e.g. attorney letters, were de minimis to such an extent that fee agreements were not executed.**

INTERROGATORY NO. 9: Please identify which of the entries in the billing record you submitted in this matter were necessary to obtain the relief ordered by the Court.

>*See* **Rec Doc. 285.**

INTERROGATORY NO. 10: Please identify the carrier and all telephone numbers, for both you and Marquardt, that were used when communicating between each other.

>**Objection:**
>
>**The carrier for undersigned counsel and Tina Marquardt is not relevant to any party's claim or defense and proportional to the needs of the case.**
>
>**Subject to the objection: Edward Washington, (504) 258-0808. Tina Marquardt, (504) 628-2751.**

INTERROGATORY NO. 12: Please identify the name of the software that you use to track time for which you bill your clients.

**Microsoft Word.**

INTERROGATORY NO. 13: Please identify what documents you intend to introduce in support of your motion for attorney's fees.

**Objection: The interrogatory requiring undersigned counsel to identify which documents it intends to select in prosecuting his case violates the *Shelton* attorney-work product privilege test.**

**Subject to the objection, undersigned counsel has not determined what documents he intends to introduce. Undersigned counsel may introduce any documents filled with Plaintiff's Motion for Attorney Fees. Undersigned counsel may introduce any documents filed in the record of this matter.**

INTERROGATORY NO. 14: Please identify the relevant pleadings that you downloaded on 8/16 as indicated in your billing record.

**Objection:**

**Undersigned counsel's research constitutes "documents and tangible things that are prepared in anticipation of litigation or for trial." Federal Rule of Civil Procedure 26 (b) (3) (A). These documents are relevant to the case in chief, and are not relevant to a motion for attorney fees. Defendant cannot show that it has substantial need for these unrelated research materials downloaded on 8/16, in order to prepare its opposition to the instant motion for attorney fees.**

INTERROGATORY NO. 15: What evidence do you have that supports your assertion that you filed any document on February 1st as indicated in your billing record?

>The document was actually finalized on February 1, 2024 and filed on February 2, 2024. *See* Doc Rec. 248.

INTERROGATORY NO. 16. Please provide all evidence supporting your contention that you "substantially litigated" the matter of McMahon v. CNO as indicated in the affidavit you submit to the Court. Include any billing records you have for this matter.

>Objection:
>
>Defendant is able to locate and to identify and review the record on the McMahon case as readily as the responding party can.
>
>Subject to the objection, Plaintiff directs Defendant to the record of the *McMahon v. City*, CDC No. 2010-02196, which he can review for himself and which contains substantial evidence that the matter was substantially litigated by undersigned counsel. The records are readily available to Defendant in the Clerk's Offices of Civil District Court, the La. 4th Circuit, and the La. Supreme Court. The request for billing records is improper and irrelevant.

INTERROGATORY NO. 16. Please explain how and why in each instance of billing that was greater than one hour was rounded to the hour or half hour.?

>Objection:
>
>The interrogatory assumes facts (each instance of billing that was greater than one hour was rounded to the hour or half hour) not in evidence, without basis, and denied. Therefore, undersigned counsel cannot reply to this interrogatory.

INTERROGATORY NO. 17. Please indicate the name of any financial institution at which you maintain operational, trust, and IOLTA accounts in compliance with the Louisiana Rules of Professional Conduct.

**Objection:**

**This Interrogatory is irrelevant to defendant's defense of the motion for attorney fees.**

INTERROGATORY NO. 18: How did you communicate to your client the scope of the representation and the basis or rate of the fee and expenses for which you bill?

*See* **Fee Agreement.**

**Orally in person.**

INTERROGATORY NO.18: Please indicate why Tina Marquardt was billed for the on the job training you needed to file documents via the Court's ECF system.

**Objection:**

**The Interrogatory is propounded for the purpose of harassment.**

**The interrogatory assumes facts ("was billed for the on the job training") not in evidence. Undersigned counsel did not bill for "on the job training" and Therefore undersigned counsel is not able to answer the interrogatory.**

*See* **Fee Agreement.**

INTERROGATORY NO. 19: Please indicate how much Tina Marquardt has paid you for the legal services you provided in this matter.

**$3000.00**

## RESPONSE TO REQUESTS FOR PRODUCTION

REQUEST FOR PRODUCTION NO. 1: Please produce a copy of any fee agreements executed between Tina Marquardt and Edward Washington, III.

*See* **Fee Agreement.**

REQUEST FOR PRODUCTION NO. 2:

Please produce a copy of all documents evidencing payment for any legal services rendered by Edward Washington, III on behalf of Tina Marquardt.

**Objection:**

**This request is overbroad as undersigned counsel has represented Tina Marquardt in legal matters for over a 10 year period.**

**Subject to the Objection, See attached bank record.**

REQUEST FOR PRODUCTION NO. 3:

Please produce copies of all monthly statements, invoices or bills submitted to Tina Marquardt for the legal services rendered by Edward Washington, III in this matter.

**None exist.**

REQUEST FOR PRODUCTION NO. 4:

All Documents which support or relate to any of your responses to any of City of New Orleans' Interrogatories propounded above in this case, including all non-privileged Documents reviewed in connection with preparation of your responses.

*Objection:*

**The request is vague and overbroad.**

**The Responses to Interrogatories enables Defendant to locate and to identify, as readily as the responding party can, the documents he seeks to obtain.**

**Subject to the Objection, see the documents attached in response this discovery response, and see Court record in the instant matter.**

REQUEST FOR PRODUCTION NO. 5:

All documents which support the billing entries that you included in your motion for attorney's fees.

Objection. The Request is vague and overbroad.

**Subject to the Objection, See Fee Agreement. See the Court record in the instant matter.**

REQUEST FOR PRODUCTION NO. 6 All documents which support the assertions made in your affidavit that you filed in support of the motion for attorney's fees.

**Objection:**

**The Request is Vague and overbroad.**

**Generally, as opposed to defendant, the assertions made in all of Plaintiff's filings contains citations and cited references which enables Defendant to locate, identify and ascertain, as readily as the responding party can, the documents he seeks to obtain.**

**Undersigned counsel's "documents which support" his work constitutes "documents and tangible things that are prepared in anticipation of litigation or for trial." Federal Rule of Civil Procedure 26 (b) (3) (A).**

**Subject to the Objection, undersigned counsel has no documents "which support the assertions made in your affidavit that you filed in support of the motion for attorney's fees."**

Undersigned counsel did not file an "affidavit in support of the motion for attorney's fees.

Respectfully submitted,

/s/ Edward R. Washington, III
EDWARD R. WASHINGTON, III
Trial Counsel
La. Bar No. 21135
The Washington Law Group, LLC
7130 East Renaissance Court
New Orleans, Louisiana 70128
Office | (504) 258-0808
Email | erwashington@gmail.com
*Attorneys Tina Marquardt*

/s/ Tina Marquardt
TINA MARQUARDT

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of July, 2024, I served a copy of the foregoing Motion on all known counsel of record via email.

/s/ Edward R. Washington, III
EDWARD R. WASHINGTON, III

THE WASHINGTON LAW GROUP, LLC
7130 E Renaissance Ct., Ste. 100.
NEW ORLEANS, LOUISIANA 70128
TELEPHONE (504) 258-0808
ERWASHINGTON@GMAIL.COM

# FEE AGREEMENT AND AUTHORITY TO REPRESENT

I, the undersigned client (hereinafter referred to as "I", "me" or the "Client"), do hereby retain and employ **Edward R. Washington, III,** and his law firm (hereinafter referred to as "Attorney"), as my Attorney to represent me in connection with the following matter:

Representation to file suit against the City of New Orleans to retain and/or obtain the clients short-rental license and use of the property as a short-term rental.

**1. ATTORNEY'S FEES.** As compensation for legal services, I agree to pay my Attorney as follows:

**Contingency** _____ Yes _____ No
(Attorney shall receive the following percentage of the amount recovered before the deduction of costs and expenses as set forth in Section 2 herein)

_____% if settled without suit
_____% in the event suit is filed
_____% in the event a trial actually starts
_____% in the event an appeal is filed by any party

It is understood and agreed that this employment is upon a contingency fee basis, and if no recovery is made, I will not be indebted to my Attorney for any sum whatsoever as Attorney's Fees. (However, I agree to pay all costs and expenses as set forth in Section 2 herein, regardless of whether there is any recovery in this matter. In the event of recovery, costs and expenses shall be paid out of my share of the recovery.)

**Hourly Fee -- No Advance Deposit** _____ Yes _____ No
I agree to pay Attorney's Fees at the rate of $ ___ per hour and paralegal fees at the rate of $ _____ per hour. I agree that time is billed in increments a minimum of <u>10</u> minutes. Attorney shall provide me with itemized Statements for Professional services Rendered (including costs and expenses), and I agree to promptly pay each Statement. If I fail to pay each Statement within ten (10) days of Attorney's request, Attorney shall have, in addition to other rights, the right to withdraw as my Attorney based on my failure substantially to fulfill an obligation to Attorney.

**Hourly Fee --With Advance Deposit** _____ Yes _____ No
I agree to pay Attorney's Fees at the rate of $_____ per hour. I agree that time is billed in increments a minimum of 10 minutes. It is understood and agreed that I shall pay my Attorney an initial Advance Deposit of $_____ due upon Attorney's acceptance of this agreement, which deposit shall be applied toward t0he payment of Attorney's Fees and costs and expenses. This deposit shall be deposited into Attorney's trust account and Attorney is authorized to pay Attorney's Fees and costs and expenses out of the existing deposit, at least on a monthly basis. Periodically Attorney shall provide me with itemized Statements for Professional Services Rendered (including costs and expenses). Should the work performed by my Attorney exceed the amount held in trust, I agree to replenish the Advance Deposit upon Attorney's request. If I fail to replenish the Advance Deposit each time it is exhausted within ten (10) days of Attorney's request, or if I neglect to pay Attorney's Fees, costs or expenses outstanding within ten (10) days of Attorney's request, I agree that, pursuant to this agreement, Attorney shall have, in addition to other rights, the right to withdraw as my Attorney based on my failure substantially to fulfill an obligation to Attorney.

**Deferred Hourly Fee --With Advance Deposit** ___X___ Yes _____ No
I agree to pay Attorney's Fees at the rate of **$450.00** per hour. I agree that time is billed in increments a minimum of 10 minutes. It is understood and agreed that I shall pay my Attorney an initial Advance Deposit of **$3,000.00** due upon

Attorney's acceptance of this agreement, which deposit shall be applied toward t0he payment of Attorney's Fees and costs and expenses. This deposit shall be deposited into Attorney's trust account and Attorney is authorized to pay Attorney's Fees and costs and expenses out of the existing deposit, at least on a monthly basis. Attorney shall defer the requirement to replenish the Advanced Deposit of attorney fees and costs until this matter is settled, or until this matter is resolved by a final judgment issued a Court. Afterwards, if I neglect to pay Attorney's Fees, costs or expenses outstanding within thirty (30) days of Attorney's request, I agree that, pursuant to this agreement, Attorney shall have, in addition to other rights, the right to withdraw as my Attorney based on my failure substantially to fulfill an obligation to Attorney.

Flat Fee _____ Yes _____ No

I agree to pay a flat fee of $_____

**2. COSTS AND EXPENSES.** In addition to paying Attorney's Fees, I agree to pay all costs and expenses in connection with Attorney's handling of this matter. Costs and expenses shall be billed to me as they are incurred, and I hereby agree to promptly reimburse Attorney. If an advance deposit is being held by Attorney, I agree to promptly reimburse Attorney for any amount in excess of what is being held in trust. These costs may include (but are not limited to) the following: long distance telephone charges, photocopying ($.25 per page), postage, facsimile costs, Federal Express charges, deposition fees, expert fees, subpoena costs, court costs, sheriff's and service fees, travel expenses and investigation fees.

Advance required _____ Yes _____ No

I agree to advance $_____ for costs and expenses, which amount shall be deposited in Attorney's trust account and shall be applied to costs and expenses as they accrue. Should this advance be exhausted, I agree to replenish the advance promptly upon Attorney's request. If I fail to replenish the advance within ten (10) days of Attorney's request, Attorney shall have, in addition to other rights, the right to withdraw as my Attorney.

**3. INTEREST; ATTORNEY'S FEE FOR ENFORCEMENT.** If any Attorney's fees or costs and expenses are not paid within ten (10) days of Attorney's mailing of statement to me, I agree to pay interest thereafter on any balance due at the rate of twelve percent (12%) per annum. I further agree to pay the reasonable attorney's fee of any attorney employed by Attorney to seek enforcement of this agreement.

**4. NO GUARANTEE.** I acknowledge that my Attorney has made no promise or guarantee regarding the outcome of my legal matter. In fact, Attorney has advised me that litigation in general is risky, can take a long time, can be very costly, and can be very frustrating. I further acknowledge that my Attorney shall have the right to cancel this agreement and withdraw from this matter if, in Attorney's professional opinion, the matter does not have merit, I do not have a reasonably good possibility of recovery, and/or I refuse to follow the recommendations of Attorney, and/or I fail to abide by the terms of this agreement, and/or if Attorney's continued representation would result in a violation of the Rules of Professional Conduct.

**5. STATUTORY ATTORNEY'S FEES.** In the event of recovery under the provisions of the Longshore and Harbor Workers' Compensation Act, or under Louisiana Worker's Compensation laws, or under any other laws which specify attorney's fees to be paid, then the Attorney's Fees shall be paid in accordance with the maximum allowed by law.

**6. CONSENT TO SETTLEMENT.** Neither Attorney nor Client may, without the prior written consent of the other, settle, compromise, release, discontinue or otherwise dispose of this matter, claim or lawsuit.

**7. PRIVILEGE.** I agree and understand that this contract is intended to and does hereby assign, transfer, set over and deliver unto Attorney as his/her fee for representation of me in this matter an interest in the claim(s), the proceeds, or any recovery therefrom under the terms and conditions aforesaid, in accordance with the provisions of Louisiana Revised Statute 37:218, and that Attorney shall have the privilege afforded by Louisiana Revised Statute 9:5001.

**8. ALTERNATIVE DISPUTE RESOLUTION.** In the event of any dispute or disagreement concerning this agreement, I agree to submit to arbitration by the Louisiana State Bar Association Lawyer Dispute Resolution Program. I further agree that any award by the arbitrator shall include the costs and expenses of arbitration, including

attorney's fees actually incurred (if Attorney represents himself/herself, he/she shall record his/her fees and charges as they would otherwise accrue in the representation of a third party). In the event that I do not comply with the arbitrator's decision and satisfy an award within thirty (30) days of the rendering of a decision and Attorney resorts to judicial enforcement of the award, Attorney shall be entitled to recover as well ten percent (10%) of the whole amount awarded (plus costs, expenses and attorney's fees) as a penalty in accordance with Louisiana Civil Code Article 3106.

**9. ADDITIONAL TERMS.** Attorney and Client agree to the following additional terms:

_____
_____
_____

**10. ENTIRE AGREEMENT.** I have read this agreement in its entirety and I agree to and understand the terms and conditions set forth herein. I acknowledge that there are no other terms or oral agreements existing between Attorney and Client. This agreement may not be amended or modified in any way without the prior written consent of Attorney and Client.

This agreement is executed by me, the undersigned Client, on ___8/16/23___.

CLIENT:

_____*Tina Marquardt*_____
Tina Marquardt

The foregoing agreement is hereby accepted on ___8/16/23___.

ATTORNEY:

_____[signature]_____
Edward R. Washington, III

Civil District Court for the Parish of Orleans
STATE OF LOUISIANA

Section: 15 - A

No. 2015 - 00392

MARQUARDT, TINA
versus
THE CITY OF NEW ORLEANS BOARD OF ZONING ADJUSTMENTS ET AL

Date Case Filed: 1/14/2015

NOTICE OF SIGNING OF JUDGMENT

TO:

Edward R Washington Esq                  21135
7420 Crowder Boulevard, Suite 300-C
New Orleans            LA 70127

Adam J Swensek Esq                       30751
1300 Perdido Street, Room 5E03
New Orleans            LA 70112

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2015-392　　　　　　　DIVISION "A"　　　　　　　SECTION NO. 15

TINA MARQUARDT

VERSUS

THE CITY OF NEW ORLEANS BOARD OF ZONING ADJUSTMENTS AND THE CITY OF NEW ORLEANS

FILED:_____　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　DEPUTY CLERK

## JOINT MOTION FOR CONSENT JUDGMENT

Upon being informed that the parties have agreed to resolve their disputes through a Consent Judgment in this matter in accordance with the terms set forth below;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the City of New Orleans, upon application by plaintiff and upon finding that all permitting requirements in the Code of Ordinances relative to single-family dwellings have been satisfied, shall issue such building permits as may be reasonably necessary to enable 5219 Hawthorne Place and 5221 Hawthorne Place to be used as separate single-family dwellings on a single lot of record;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the City of New Orleans, upon an application by plaintiff and upon finding that all building requirements in the Code of Ordinances relative to single-family dwellings have been satisfied, shall issue such certificates of occupancy as may be necessary to permit 5219 Hawthorne Place and 5221 Hawthorne Place to be used as separate single-family dwellings on a single lot of record;

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Plaintiff shall voluntarily dismiss with prejudice her housing discrimination complaint captioned *Marquardt v. City of New Orleans*, HUD Case No. 06-15-0731-8 (the "Discrimination Complaint") within three days of the issuance of this Consent Judgment.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the obligations

asserted by plaintiff in this matter be and hereby are **DISMISSED WITH PREJUDICE**, each party to bear its own cost.

New Orleans, Louisiana, this 5th day of June 2015.

TIFFANY G. CHASE
JUDGE, CIVIL DISTRICT COURT

Edward R. Washington, La. Bar No. 21135
7240 Crowder Blvd, Suite 300
New Orleans, Louisiana 70127
*Counsel for Plaintiff*

Adam J. Swensek, La. Bar No. 30751
Deputy City Attorney
1300 Perdido Street, Room 5E03
New Orleans, Louisiana 70112
*Counsel for Defendant*

A TRUE COPY
DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA.

COST PAID
Deputy Clerk



# HANCOCK WHITNEY

## Transactions Details

**Free Business Checking**
\*\*\*\*

| | |
|---|---|
| Available Balance: | as of 06/18/2024 |
| Current Balance: | as of 06/18/2024 |

| | |
|---|---|
| Posting Date | 08/30/2023 |
| Transaction Date | 08/30/2023 |
| Description | MOBILE CHECK DEPOSIT |
| Transaction Type | Credit |
| T/C | 0116 |
| Amount | $3,000.00 |
| Balance | |

Front  Back



```
Record Of Deposit

Institution: Hancock Whitney Bank
Date: 8/30/2023 11:59:34 AMPT
Receipt Number:
Deposit Account Number:
Total Transaction Amount: $3000.00
Deposit Channel: Mobile
```