UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MELISSA HIGNELL ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-13773**<br>**C/W: 22-2991; 23-5000**<br>**RELATED TO: 23-5000** |
| **THE CITY OF NEW ORLEANS** | **SECTION "B"(1)** |

## ORDER AND REASONS

Before the Court are plaintiff Tina Marquardt's ("Marquardt") motions for attorney's fees (Rec. Docs. 258 and 299), defendant City of New Orleans' (the "City") oppositions (Rec. Docs. 283 and 303), Marquardt's reply (Rec. Doc. 285), and Marquardt's supplemental pleading (Rec. Doc. 305). For oral reasons given during hearing on October 30, 2024 and for the following,

**IT IS HEREBY ORDERED** that plaintiff's motions (Rec. Docs. 258 and 299) are **GRANTED IN PART. Defendant City of New Orleans is hereby ordered to pay plaintiff $26,770.30 in reasonable attorney's fees.**

## FACTS AND PROCEDURAL HISTORY

Plaintiff Marquardt and the City sought summary judgment against each other relative to Marquardt's claim that her short-term rental ("STR") permit was revoked in violation of property rights under the Due Process Clause of the Fourteenth Amendment. *See* Rec. Doc. 251 at 7. Essentially, Marquardt argued the City effectively cancelled her permit prior to its expiration date when the City awarded an exclusive permit to another STR applicant via its newly instituted "lottery" system. *Id.* The City contended it was operating under a "sunset provision" pursuant to a new permitting scheme and, that, it "[had] not taken any action against [Marquardt] to prevent [her] from operating." *Id.*; *see also* Rec. Doc. 241 at 10 ll. 9–16; *see also* Rec. Doc. 225-2.

1

After hearing oral argument, the Court granted plaintiff Marquardt's motion for summary judgment insofar as she showed a Takings Clause violation of a fundamental right to retain her STR permits until their expressed expiration dates and denied her motion in all other respects. *See* Rec. Doc. 251 at 47-53; 53-55. We further found that because plaintiff Marquardt prevailed on part of her substantive claim, she may be entitled to *limited* damages, attorney's fees, costs, and possibly other awards. *Id.* at 55. Accordingly, the Court ordered plaintiff to file the appropriate motions and notice same for hearings in accordance with the federal and local rules, including the requirement to meet and confer with opposing counsel prior to filing any motions. *Id.*

Thereafter, plaintiff filed the instant motions (Rec. Docs. 258 and 299) pursuant to 42 U.S.C. § 1988 and Federal Rule of Civil Procedure 54(d)(2), as the "prevailing party" for an award of attorney's fees and costs. Plaintiff requests this Court to order defendant to pay $25,938.00 in attorney's fees relative to plaintiff's motion for summary judgment (Rec. Doc. 228) and $7,029.00 in attorney's fees incurred relative to plaintiff's motions for attorney's fees and related discovery works (Rec. Docs. 258 and 299). *See* Rec. Doc. 305 at 10.  The sum of those figures equals $32,967.00 less a voluntary "Ten Percent 'Margin of Error' Reduction" of $3,296.70, for a "Revised Total" of $29,670.30, representing the fee amount at issue.

## LAW AND ANALYSIS

### I. Attorney's Fees Under 42 U.S.C. § 1988

Under the "American Rule," litigants generally pay their own attorney's fees, and the prevailing party is not entitled to collect attorney's fees from the loser. *See Veasey v. Abbott*, 13 F.4th 362, 367–68 (5th Cir. 2021) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975)).  However, Congress has created statutory exceptions to this rule.  *See id.* at 368. "One such exception is 42 U.S.C. § 1988(b), which provides that 'the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the

costs' for private actions brought under 42 U.S.C. § 1983 and other civil rights statutes." *Veasey*, 13 F.4th at 368 (citing 42 U.S.C. § 1988(b)). "The Supreme Court has recognized that the *Newman* rule applies to prevailing plaintiffs seeking attorney's fees under [§ 1988]," which requires the court to grant attorney's fees to the prevailing party "unless special circumstances would render such an award unjust." *See Kirchberg v. Feenstra*, 708 F.2d 991, 995–96 (5th Cir. 1983) (emphasis in original); *see Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402 (1968); *see also Sanchez v. City of Austin*, 774 F.3d 873, 879–80 (5th Cir. 2014) ("[I]n the absence of special circumstances a district court may not merely 'may' but *must* award fees to the prevailing plaintiff.") (alterations adopted) (citations and internal quotations omitted)). Accordingly, if the Court determines that Marquardt is a prevailing plaintiff within the meaning of § 1988(b), the "*Newman* rule" applies, rather than the "American Rule." *See Kirchberg v. Feenstra*, 708 F.2d at 995–96. "When moving for attorney's fees, 'the fee applicant bears the burden of establishing entitlement to an award[.]' " *Petteway v. Henry*, 738 F.3d 132, 137 (5th Cir. 2013) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). Although there is interplay between the prevailing-plaintiff inquiry and the special circumstances inquiry under the *Newman* rule, the two inquiries "are distinct." *See Sanchez v. City of Austin*, 774 F.3d 873, 881 (5th Cir. 2014) (citations omitted). Accordingly, the Court will first determine whether Marquardt is a prevailing plaintiff within the meaning of 42 U.S.C. § 1988(b).

    A. **"Prevailing Party" Status Under § 1988(b)**

Section 1988(b)'s term "prevailing party" is a legal term of art. *See Davis v. Abbott*, 781 F.3d 207, 213 (5th Cir. 2015) (citing *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001)). While not defined by the statute itself, the Supreme Court set forth the requirements for earning status as a prevailing party in *Buckhannon Board and*

3

*Care Home, Inc. v. West Virginia Department of Health and Human Resources*. *See* 532 U.S. 598 (2001). In *Buckhannon*, "[t]he Court held that to achieve prevailing party status, a party must achieve some judicially sanctioned relief that either creates or materially alters a legal relationship between the parties." *Petteway v. Henry*, 738 F.3d 132, 137 (5th Cir. 2013) (citing *Buckhannon*, 532 U.S. at 604). Following *Buckhannon*, the Fifth Circuit established a tripartite test that "must be satisfied for a plaintiff to demonstrate prevailing party status: (1) the plaintiff must achieve judicially sanctioned relief, (2) the relief must materially alter the legal relationship between the parties, and (3) the relief must modify the defendant's behavior in a way that directly benefits the plaintiff at the time the relief is entered." *Petteway*, 738 F.3d at 137 (citing *Dearmore v. City of Garland*, 519 F.3d 517, 521 (5th Cir. 2008).

Under the Fifth Circuit's tripartite test, "a plaintiff need not receive final judgment in its favor, but if the plaintiff's success on a claim is purely technical or de minimis, it is not a prevailing party." *Id.* (first citing *Jenevein v. Willing*, 605 F.3d 268, 271 (5th Cir. 2010); then citing *Dearmore*, 519 F.3d at 521. "A plaintiff's success, however, need not address the central claim of the case; instead, a party may attain prevailing status by succeeding on 'any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.' " *Id.* (quoting *Tex. State Teachers Ass'n v. Garland Indep. School Dist.*, 489 U.S. 782, 789 (1989)). Here, this Court concluded that the City's August 28, 2023 directive to Marquardt to cancel bookings after August 31, 2023 constituted a violation of the Takings Clause, and permitted plaintiff to retain her STR permits until their expressed expiration dates. *See* Rec. Doc. 251 at 51-53. The record supports finding plaintiff as a prevailing party within the meaning of § 1988(b) relative to some claims.

**Special-Circumstances Under the *Newman* Rule**

4

Having concluded that Marquardt is a prevailing plaintiff, the next issue is whether, under the *Newman* rule, "special circumstances" render an attorney's fee award "unjust." *Kirchberg*, 708 F.2d at 995–96. Further, "[§ 1988] requires an extremely strong showing of special circumstances to justify a denial of fees." *See id.* at 998 (citation omitted). Here, the City does not argue special circumstances that would render an award of attorney's fees unjust. *See generally* Rec. Docs. 283 and 303. Nor does the Court find any special circumstances justifying the denial of fees. Therefore, this Court must award fees to Marquardt.

## II.   Calculation of Attorney's Fee Award

To determine a reasonable attorney's fee award, the Court must first calculate the "lodestar" by determining the "reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating lawyers . . . [and] multiply[ing] the reasonable hours by the reasonable hourly rates." *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995) (per curiam) (citations omitted); *see, e.g.*, *In re Fender*, 12 F.3d 480, 487 (5th Cir. 1994) ("The lodestar is computed by multiplying the number of hours reasonably expended by the prevailing hourly rate in the community for similar work.") (citing *Shipes v. Trinity Indus.*, 987 F.2d 311, 319–20 (5th Cir. 1993))); *see also Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983) (stating "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate" is "[t]he most useful starting point for determining the amount of a reasonable fee").  The "lodestar" is presumed reasonable and should be modified only in exceptional cases, *see, e.g.*, *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993), once the lodestar is calculated, the court may adjust it upward or downward based upon the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *See, e.g.*, *In re Fender*, 12 F.3d at 487.  "The twelve *Johnson* factors are:

5

> (1) time and labor required, (2) novelty and difficulty of the issues, (3) skill required to perform the legal services properly, (4) preclusion of other employment, (5) customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by client or circumstances, (8) amount involved and results obtained, (9) experience, reputation and ability of the attorneys, (10) undesirability of the case, (11) nature and length of the professional relationship with the client, and (12) award in similar cases."

*Id.* at 487 n. 10. The "court must be careful, however, not to double count a *Johnson* factor already considered in calculating the lodestar when it determines the necessary adjustments." *Shipes*, 987 F.2d at 320 (citing *Von Clark*, 916 F.2d at 258); *see also In re Fender*, 12 F.3d at 487 ("The lodestar may be adjusted according to a *Johnson* factor only if that factor is not already taken into account by the lodestar." (citations omitted)).

### A. Calculation of Lodestar

#### 1. Reasonable Hourly Rate

In determining what a "reasonable" hourly rate is, the Fifth Circuit looks to the "relevant market . . . [in] the community in which the district court sits[.]" *Scham v. District Courts Trying Criminal Cases*, 148 F.3d 554, 558 (5th Cir. 1998) (citation omitted); *see also Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) (citation omitted) ("Generally, the reasonable hourly rate for a particular community is established through affidavits of other attorneys practicing there."). If the nonmoving party does not oppose the hourly rate, it is presumed that the rate is reasonable. *Islamic Ctr. of Mississippi v. City of Starkville*, 876 F.2d 465, 469 (5th Cir. 1989) ("When [a] rate is not contested, it is *prima facie* reasonable."). Here, counsel for plaintiff submits an hourly rate of $450/hour. *See* Rec. Doc. 258 at 2. Based on counsel's credentials, experience, familiarity with the subject matter, and the relevant market in New Orleans, the hourly rate of $450/hour charged to plaintiff Marquardt is reasonable. However, the Court finds several issues with the billing entries submitted by counsel for plaintiff. *See* Rec. Docs. 258-3, 299, and 305.

6

2. <u>Reasonable Hours Expended</u>

The district court has broad discretion in determining "whether the time expended by [movant's] counsel was reasonable." *Haygood v. Morrison*, 116 F.4th 439, 447 (5th Cir. 2024) (quoting *Riverside v. Rivera*, 477 U.S. 561, 573 n.6 (1986)). Hours are considered reasonable if they are not excessive, duplicative, or inadequately documented. *Watkins*, 7 F.3d at 457 (first citing *Hensley*, 461 U.S. at 432-34; then citing *Von Clark*, 916 F.2d at 259). A billing record is adequately documented where the records show "the date, the number of hours spent (calculated to a tenth of an hour), and a "short but thorough description of the services rendered." *League of United Latin Am. Citizens # 4554 v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1233 (5th Cir. 1997). Further, counsel for the moving party must show that they exercised "billing judgment" by making a good faith effort to exclude from fee requests "hours that are excessive, redundant, or otherwise unnecessary[.]" *Hensley*, 461 U.S. at 434. "The proper remedy when there is no evidence of billing judgment is to reduce the hours awarded by a percentage intended to substitute for the exercise of billing judgment." *Walker v. U.S. Dept. of Hous. and Urb. Dev.*, 99 F.3d 761, 770 (5th Cir. 1996) (citation omitted).

The Court acknowledges counsel's challenges in drafting pleadings and the nuance of the work needed to litigate the instant matter. In light of counsel's expertise in the subject-matter and other "*Johnson*" factors, we find the number of hours counsel reportedly expended were for the most part reasonable, but in some instances to a lesser degree unreasonable. Plaintiff's counsel is seeking payment for 57.64 hours expended on plaintiff's motion for summary judgment and 15.62 hours expended for work performed related to discovery on plaintiff's motion for attorney's fees. *See* Rec. Doc. 305 at 6; 10. We have no reason to doubt counsel's veracity and accept those calculations as represented here. We only consider the reasonableness for same as required by precedent.

7

"[T]o the extent block billing limits the court's ability to accurately assess the reasonableness of the fee petition, courts can reduce the award by a percentage." *Nelson v. Constant*, No. 17-14581, 2021 WL 76407, at *7 (E.D. La. Jan. 8, 2021) (citations omitted). Here, counsel has submitted "block-billed" time entries that describe multiple tasks in a single time entry.

| Date | Work Related to Matters on Which Plaintiff Prevailed | Time | Rate ($450/hr) | Amount |
|---|---|---|---|---|
| 08-25-2023 | Draft Complaint, Memorandum, TRO, Proposed Order, and related pleadings | 2.00 | 450 | $ 900.00 |
| 08-26-2023 | Draft Complaint, Memorandum, TRO, Proposed Order, and related pleadings | 2.00 | 450 | $ 900.00 |
| 08-27-2023 | Review corrections to Draft pleadings and make revisions | 0.50 | 450 | $ 225.00 |
| 08-30-2023 | Final Review and revisions to Complaint &TRO | 3.00 | 450 | $1,350.00 |

*See* Rec. Doc. 305 at 2. We are able to discern at most four (4) hours of time as reasonable for the above-noted tasks. Counsel has also submitted entries for tasks that are inadequately documented.

| 09-13-2023 | Review City's Corrected Expedited Motion to Continue and Proposed Order | 0.17 | 450 | $ 76.50 |
|---|---|---|---|---|
| 09-13-2023 | Review Order Continuing and re-scheduling hearings, and setting briefing deadlines | 0.17 | 450 | $ 76.50 |
| 09-13-2023 | Review second Order Continuing and re-scheduling hearings | 0.17 | 450 | $ 76.50 |

*See* Rec. Doc. 305 at 4. Here, although counsel has block-billed and not adequately documented those tasks, it would appear the entries are, nevertheless, compensable at reduced levels.

Counsel for plaintiff also contends that those billing entries relative to his denial of nonconforming use constituting irreparable harm arguments were "immediately necessary until on the eve of oral argument that was to be heard by the [Magistrate Judge]," prior to the instant case being transferred to undersigned. *See* Rec. Doc. 285 at 4-5. In our Opinion (Rec. Doc. 251), this

8

Court held that "irrespective of classification as a conforming or nonconforming use of her property, the City's August 28, 2023 directive to Marquart to cancel bookings after August 31, 2023 was a violation of the Takings Clause." *Id.* In *Hensley v. Eckerhart*, the Court held that "[l]itigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee." 461 U.S. at 435. Although, counsel's entries relative to nonconforming use and irreparable harm were not necessary to her Takings Clause claim, it would appear that *Hensley* supports an award of fees for counsel's work relative to conforming or nonconforming use and irreparable harm to some extent contributory to the former claim. *See generally* Rec. Doc. 250 (Supplemental Memorandum in Support of Plaintiff's Motion for Summary Judgment).

| 09-01-2023 | Research Irreparable Harm identified by Milazo Order as lacking | 2.00 | 450 | $ 900.00 |
| 09-02-2023 | More research on Irreparable Harm | 2.00 | 450 | $ 900.00 |
| 09-02-2023 | Draft Memo in Support of Preliminary Injunction with heavy supplementation of irreparable harm argument | 2.00 | 450 | $ 900.00 |

*See* Rec. Doc. 305 at 3. Further, for the above-noted tasks, we find two (2) hours of time reasonable.

| 09-05-2023 | Draft Memo in support Preliminary Injunction/irreparable harm | 2.00 | 450 | $ 900.00 |
| 09-06-2023 | Revise citation form and substance, Memorandum in Support Preliminary Injunction/ irreparable harm | 1.00 | 450 | $ 450.00 |
| 09-06-2023 | Revise Memorandum in Support Preliminary Injunction as per client's comments | 0.50 | 450 | $ 225.00 |
| 09-07-2023 | Revise, proof Memo in support Preliminary Injunction/irreparable harm | 2.00 | 450 | $ 900.00 |

9

*See* Rec. Doc. 305 at 3. For the above tasks, we find that four (4) hours of time expended to be reasonable.

Counsel for plaintiff also seeks attorney's fees for 15.62 hours spent on discovery for the instant motions for attorney's fees, totaling $7,029.00. *See* Rec. Doc. 305 at 6-10. Defendant so opposes. *See* Rec. Doc. 303 at 3. The instant fee motions should not have been difficult or complex to research, write, and present. Movant's counsel is commended for recognizing that, in part, by his voluntary discounting of time for error. Id. However, the 15.62 spent on two motions for attorney's fees on and other work is excessive. As earlier noted, counsel for plaintiff has presented in large measure reasonable judgment. However, as noted above, some billing judgment was lacking relative to time expended on summary judgment and discovery tasks.

Accordingly, the Court applies a $2,900 reduction in addition to the ten percent (10%) "margin of error" reduction applied by counsel, resulting in an award of $26,770.30 ($29,670.30 - $2,900.00).[1]

In reaching the foregoing result, the full record and the twelve factors outlined in *Johnson v. Georgia Highway Express, Inc.* 488 F.2d 714 (5th Cir. 1974) have been considered. "The factors are:

> (1)the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases."

*Migis v. Pearle Vision*, 135 F.3d 1041, 1047 (5th Cir. 1998) (citing *Johnson*, 488 F.2d 714, 717

---

[1] The $2,900.00 reduction represents a little less than a 10% reduction in the requested award amount of $29,670.30.

10

719 (5th Cir. 1974)). We also exercised due caution to avoid "double counting" a *Johnson* factor that has already been included in the lodestar calculation. *Butler*, 916 F.2d at 258. Further, a reasonably specific explanation for all aspects of a fee determination have been shown above. *Jimenez*, 621 F.3d at 380. Given the slight reductions already made here, we find no need to make more.

    Judgment will be duly and separately issued on claims and fees awarded.

    New Orleans, Louisiana this 4th day of November, 2024

                                                          Senior United States District Judge