UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MELISSA HIGNELL ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-13773**<br>**C/W: 22-2991; 23-5000**<br>**RELATED TO: ALL** |
| **THE CITY OF NEW ORLEANS** | **SECTION "B"(1)** |

## ORDER AND REASONS

Before the Court are defendant City of New Orleans' ("City") motion to stay pending appeal (Rec. Doc. 320), plaintiff Tina Marquardt's ("Marquardt") opposition (Rec. Doc. 321), plaintiff Marquardt's motion to enforce judgment, for authority to issue writs of execution and mandamus, and supplemental attorney fees (Rec. Doc. 323) and the City's opposition (Rec. Doc. 327), For the following reasons,

**IT IS ORDERED** that defendant City of New Orleans' motion to stay proceedings before this Court pending appeal (Rec. Doc. 320) is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff Marquardt's motion to enforce judgment (Rec. Doc. 323) is **DISMISSED without prejudice to re-urge if she is successful on appeal.**

## FACTS AND PROCEDURAL HISTORY

On November 25, 2024, this Court issued judgment in favor of plaintiff Marquardt, and against the City of New Orleans, (1) partially granting plaintiff's motion for summary judgment, finding that she had shown a Takings Clause violation of a fundamental right to retain her short-term rental permits until their expressed expiration date, and (2) partially granting plaintiff's motions for attorney fees, requiring the City to pay $26,770.30 in attorney's fees plus court costs to plaintiff. Rec. Doc. 314. Thereafter, on December 23, 2024, plaintiff Marquardt filed a notice of appeal. Rec. Doc. 315. The City filed its notice of appeal on January 6, 2025. Rec. Doc. 319.

1

That same day, the City filed the instant motion to stay this Court's November 25, 2024, judgment pending appeal. Rec. Doc. 320. The City requests a stay pending appeal be made "without requiring a bond be posted or other security given due to the City's good credit rating and its status as a governmental entity." Rec. Doc. 320 at 1. Alternatively, the City requests that an appeal bond be set in a nominal amount. *Id.* Plaintiff Marquardt does not oppose a stay of the entire judgment "if it is the only option." Rec. Doc. 321 at 1-2. Alternatively, plaintiff joins in the request to stay relative to her Takings Clause claim and opposes a stay as to the award of attorney's fees. *See id.* at 2. While the City's motion to stay (Rec. Doc. 320) was still pending, plaintiff Marquardt filed a motion to enforce judgment, for authority to issue writ of mandamus, and for supplemental attorney's fees. *See* Rec. Doc. 323. The City opposes that motion. Rec. Doc. 327.

## LAW AND ANALYSIS

### A. Jurisdiction

As a preliminary matter, "[a]fter the filing of a notice of appeal, the trial court retains jurisdiction to . . . act with regard to appeal and supersedeas bonds, and to aid execution of a judgment that has not been superseded." *United States v. Dunbar*, 611 F.2d 985, 989 (5th Cir. 1980) (citation omitted). Moreover, "[d]istrict courts retain jurisdiction to issue a stay while an appeal is pending, even where a notice of appeal has been filed prior to the request for a stay." *United States v. Tellez*, Civ. A. No. EP–08–CV–303–KC, 2012 WL 12951152, at *1 (W.D. Tex. Feb. 22, 2012) (citing *In re Miranne*, 852 F.2d 805, 806 (5th Cir. 1988)). Although notices of appeal have been filed prior to the City's request to stay and to waive and/or reduce posting of appeals bond (Rec. Doc. 320), and plaintiff Marquardt's motion to enforcement judgment (Rec. Doc. 323), this Court nevertheless maintains jurisdiction on a limited basis to address the instant motions.

### B. Approval of Waiver or Reduction of Appeal Bond

After judgment is entered, Federal Rule of Civil Procedure 62(b) allows a party to obtain a stay of judgment pending appeal by providing a bond or other security. *See* Fed. R. Civ. Pr. 62(b). "The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." *Id.* Local Rule 62.2 of the Eastern District of Louisiana further specifies that "[a] bond or other security staying execution of a money judgment must be in the amount of the judgment plus 20% of that amount to cover interest, costs, and any damages award, unless the court directs otherwise." In limited circumstances, however, the district court may waive or reduce an appeal bond. *See Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1109-91 (5th Cir. 1979) (discussing former Rule 62(d)); *Enserch Corp. v. Shand Morahan & Co., Inc.*, 918 F.2d 462, 464 (5th Cir. 1990). "The purpose of an appeal bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal." *Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979). The Fifth Circuit has "recognized an exception to this general rule for situations in which the losing party 'objectively demonstrates a present financial ability to facilely respond to a money judgment and presents to the court a financially secure plan for maintaining the same degree of solvency during the period of the appeal.' " *Enserch Corp. v. Shand Morahan & Co., Inc.*, 918 F.2d 462, 464 (5th Cir. 1990) (quoting *Poplar Grove Planting and Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979)). The moving party has the burden to "objectively demonstrate" that a departure from the usual requirement of full security supersedeas bond is appropriate under the circumstances. *See Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979) (describing waiver or reduction of supersedeas bond as a privilege). "The judgment creditor does

not have to initiate contrary proof." *Id.*; *see also Wykle v. City of New Orleans*, 1997 WL 266615, at *3 (E.D. La. May 20, 1997).

Specifically, the City points to objective material about its A2 bond rating according to Moody's and its BBB+ bond rating according to Fitch. That material demonstrates that the City would not default on an obligation to plaintiff if she prevailed on appeal. Rec. Doc. 320-1 at 3. Additionally, the City avers that it has "been in existence since 1718." *Id.* The City does not explicitly state that it is entitled to stay of judgment without posting appeal bond pursuant to Federal Rule of Civil Procedure 62(f), although defendant's argument that it is not required to post appeals bond due to its status a government entity may lie within Rule 62(f). The foregoing material and the nominal amount of the award here objectively demonstrate the City's ability to satisfy the instant judgment.

While questioned, there is "room for argument regarding whether the Court's material findings that a Taking Clause violation occurred was in error." *See* Rec. Doc. 320-1 at 2. "The Fifth Circuit has explained that a dispute may involve a serious legal question if 'the results of th[e] dispute' have 'far-reaching effects,' or if the dispute presents 'public concerns to anyone' besides the parties involved." *In re Royal Street Bistro*, No. 21-2285 2022 WL 326636, at *4 (E.D. La. Feb. 3, 2022) (citing *Wildmon v. Berwick Universal Pictures*, 983 F.2d 21, 24 (5th Cir. 1992). Here, serious constitutional questions have been presented that could potentially influence cases brought in the future. Balancing equities here, granting of the requested stay is appropriate.

1. <u>Irreparable harm</u>

Generally, "[a]n injury is 'irreparable' only if it cannot be undone through monetary remedies." *Deerfield Med. Ctr. v. City of Deerfield Beach*, 661 F.2d 328, 338 (5th Cir. 1981). Thus, "[m]ere litigation expense, even substantial and un-recoupable cost, does not constitute

irreparable injury." *Plaquemines Parish v. Chevron USA, Incorporated*, 84 F.4th 362, 375 (5th Cir. 2023) (potential un-recoupable state court litigation costs incurred during pendency of federal appeal insufficient to demonstrate irreparable harm) (quoting *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974), *quoted with approval in Coinbase, Inc. v. Bielski*, 599 U.S. 736, 746 (2023) (discussing discretionary stays). Moreover, "[t]he possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Id.* (citing *Sampson v. Murray*, 415 U.S. 61, 90 (1974). Here, the City's contention of irreparable harm relative to the potential of un-recoupable attorney's fees is questioned. As found above, this is a substantial case on the merits involving a serious legal question, with potential far-reaching impact involving other similar cases, albeit with distinguishing factual and legal grounds from the Marquart matter.

## C. Plaintiff Marquardt's Motion to Enforce Judgment

Plaintiff Marquardt also filed a motion to enforce judgment, for authority to issue writs of mandamus, and for an additional $4,162.50 in attorney's fees incurred in bringing the motion. *See* Rec. Doc. 323. The City opposes. *See* Rec. Doc. 327. In support, plaintiff principally relies on Federal Rules of Civil Procedure 69(a)(1) and 70(d). Rule 69(a)(1) provides:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. Pr. 69(a)(1). Rule 70(d) requires the clerk to issue a writ of execution upon application of a party who obtains a judgment. *See* Fed. R. Civ. Pr. 70(d). Because this Court is situated in the Eastern District of Louisiana, Louisiana state law governs the procedure of writ of execution against a municipality, such as defendant City of New Orleans. "The Louisiana Constitution provides the proper course of action: funds are to be appropriated by the state legislature or by the subdivision of the state that is the judgment debtor." *Parkcrest Builders, LLC v. Housing Authority*

5

*of New Orleans*, No. 15-1533, 2018 WL 626728, at *2 (E.D. La. Nov. 30, 2018) (citing La. Const. Ann. art. XII, § 10(C)). That same provision provides: "No judgment against the state, a state agency, or a political subdivision shall be exigible, payable, or paid except from funds appropriated therefor by the legislature or by the political subdivision against which the judgment is rendered." *See id.* Further, "the property and funds held by the City of New Orleans are public property under Louisiana law." *Freeman Decorating Co. v. Encuentro Las Americas Trade Corp.*, 352 Fed. Appx. 921, 923 (5th Cir. 2009) (citing La. Civ. Code art. 450). Here, there is no indication that the City of New Orleans nor the state legislature have appropriated funds to satisfy this Court's November 25, 2024 Judgment. "Under Louisiana's anti-seizure law, the City's property may not be seized." *Id.* Thus, it would appear that at this juncture that plaintiff Marquardt may not execute on her judgment against the City.

However, Rule 69(a)(1) also provides an exception to general rule. *See Parkcrest Builders*, 2018 WL 6267285, at *2. "[W]hen there is a federal interest in the remedy," a federal court "may trump a state's anti-seizure provision and enforce a money judgment against a public entity." *See Parkcrest Builders*, 2018 WL 6267285, at *2 (quoting *Benson v. Regl. Transit Auth.*, No. 05-2777, 2015 WL 5321685, at *2 (E.D. La. Sept. 10, 2015) (quoting *Freeman*, 352 F. App'x. at 923). In "an action to enforce civil rights, a federal interest is obvious." *Parkcrest Builders*, 2018 WL 6267285, at *2 (citing *Bowman v. City of New Orleans*, 914 F.2d 711 (5th Cir. 1990)). Here, plaintiff Marquardt's Takings violation claim and the subsequent award of attorney's fees arise under federal law, namely 42 U.S.C. §§ 1983 and 1988. Nevertheless, the Fifth Circuit has "only found a sufficient federal interest in the remedy when the governmental entity's behavior indicates an obstinance to ever satisfying the judgment." *Freeman Decorating Co. v. Encuentro Las Americas Trade Corp.*, 352 Fed. Appx. 921, 925 (5th Cir. 2009). Plaintiff Marquardt characterizes

the City's litigation strategy as a series of delay tactics to evade paying attorney's fees. *See* Rec. Doc. 323-1 at 4-5. For example, plaintiff characterizes the City's request to stay pending appeal (Rec. Doc. 320); its opposition to the *Hignell* plaintiffs' request for certification, stay, and continued injunction, and plaintiff Marquardt's motion to alter and amend order (Rec. Doc. 261); the City's motion for extension of time to respond to Marquardt's motion for attorney's fees (Rec. Doc. 270); its motion for clarification and to continue submission date on Marquardt's motion for attorney's fees (Rec. Doc. 279); and the City's failed discovery requests directed to counsel for Marquardt (Rec. Docs. 286 and 294) as attempts to evade paying the awarded attorney's fees. *See id.* However, at this stage in the litigation and considering the pending appeals process, the Court declines to characterize the City's actions rising to the level of recalcitrance to justify a writ of mandamus. Moreover, should plaintiff Marquardt prevail on appeals, the City has acknowledged that it will pay the judgment. *See* Rec. Doc. 327 at 3; *see also* Rec. Doc. 320-1 at 3.

Plaintiff Marquardt further contends that this Court should order the City to pay the judgment at issue in light of *Freeman* and *Gates v. Collier*. Rec. Doc. 323-1 at 4. Specifically, plaintiff avers "the Fifth Circuit has made it abundantly clear that the federal courts will act when it has become apparent that the district court's judgments are being ignored by the political subdivisions." *Id.* However, "the writ of mandamus is an extraordinary remedy, to be reserved for extraordinary situations." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citing *Kerr v. United States District Court*, 426 U.S. 394, 402 (1976)). Moreover, a writ of mandamus may only issue if three criteria are met: (1) the party seeking issuance of the writ [must] have no other adequate means to attain the relief he desires, a condition designed to ensure that the writ will not be used as a substitute for the regular appeals process, (2) the petitioner must satisfy the burden of showing that [his] right to issuance of the writ is clear and indisputable, and

7

(3) even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances. *See In re Rolls Royce Corp.*, 775 F.3d 671, 675 (5th Cir. 2014) (citing *Cheney v. U.S. Dist. Ct. for Dist. of Columbia*, 542 U.S. 367, 380–81, (2004) (alterations in original) (citations and internal quotation marks omitted). "These hurdles, however demanding, are not insuperable." *Id.* (citing *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir.2008) (en banc) (quoting *Cheney*, 542 U.S. at 381)).

Plaintiff must show that mandamus is her "exclusive vehicle to seek relief." *In re Rolls Royce Corp.*, 775 F.3d at 675. Parties have appealed this Court's November 25, 2024 Judgment to the Fifth Circuit, which suffices as "other adequate means" to attain relief. *See* Rec. Docs. 315 and 319. The Fifth Circuit makes it clear that a writ of mandamus is no substitute for the appeals process. *See e.g, In re Depuy Orthopaedics, Inc.*, 870 F.3d 345, 352-53 (5th Cir. 2017) (first citing *Lloyd's Register North America*, 780 F.3d 283, 288 (5th Cir. 2015); then citing *In re Avantel, S.A.*, 343 F.3d 311, 317 (5th Cir. 2003) ("The appeals process provides an adequate remedy in almost all cases, even where [parties] face the prospect of an expensive trial. Mandamus is appropriate only where an error is truly 'irremediable on ordinary appeal.' ") Until the Fifth Circuit resolves plaintiff Marquardt and the City's issues relative to this Court's November 25, 2024, Judgment, this Court declines at this time to issue a writ of mandamus against the City. If plaintiff prevails on appeals and the City does not timely pay the judgment, plaintiff may reurge her motion.

New Orleans, Louisiana this 26th day of February, 2025

_____
SENIOR UNITED STATES DISTRICT JUDGE